## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

KEITH HUMPHREY

     Plaintiff,

v.                                              Case No. 4:20-cv-1158-JM

ALICE FULK, individually,
CRISTINA PLUMMER, individually,               *JURY TRIAL DEMANDED*
HAYWARD FINKS, individually,
DUANE FINKS, individually,
REGINALD PARKS, individually,
LITTLE ROCK FRATERNAL ORDER OF
POLICE, LODGE #17, a non-profit corporation,
RONNIE MORGAN, individually,
ERIK TEMPLE, individually,
KEVIN SIMPSON, individually,
KENNETH HAMBY, individually,
STEVE DODGE, individually,
MICHAEL MCVAY, individually,
CHRIS RINGGOLD, individually,
KYLE HENSON, individually,
TRAVIS CUMMING, individually,
MARK ISON, individually,
JOHN GILCHRIST, individually,
KEVIN SEXSON, individually,
CHARLES STARKS, individually,
SHELLA ATLAS-EVANS, individually,
MATT MURSKI,
MOTOROLA SOLUTIONS d/b/a
WATCHGUARD, and
RUSS RACOP,

     Defendants.

## MOTION TO DISMISS

     COME NOW Separate Defendants Alice Fulk, Cristina Plummer, Hayward Finks, Duane

Finks, Reginald Parks, and Kevin Sexson by and through their attorneys Chris Burks and Degen

Clow of WH Law, PLLC, and for their Motion to Dismiss, they do state and allege as follows:

1.      Plaintiff's Complaint must be dismissed against these Separate Defendants pursuant to Rule 12(b)(4) and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

2.      Plaintiff's complaint must be dismissed because it has failed to plead facts demonstrating claims for abuse of process and civil rights conspiracy against these Separate Defendant police officers, and also because the complaint has not been properly served.

3.      Exactly as in Gardner v. City of St. Louis, 2020 U.S. Dist. LEXIS 179891 (E.D. MO., September 30th, 2020) Plaintiff has sued police officers and a police union for abuse of process and civil rights conspiracy, concluding that they engaged in a widespread conspiracy to deny Plaintiff his civil rights.

4.      However, precisely as was the problem in Gardner v. City of St. Louis, Plaintiff "presents no specific material facts, circumstantial or otherwise, to show that Defendants acted with each other for the purpose of depriving [him] — or anyone else — of a constitutional right to equal protection."  Instead, Plaintiff's allegations "represent the type of conclusory or formulaic recitations of the elements of a cause of action prohibited by the Rule 12(b)(6) pleading standard." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585 at 592 (8th Cir. 2009), (quoting Ashcroft v. Iqbal, 556 U.S. 662 at 677 (2009)).

5.      Further, exactly as in Gardner v. City of St. Louis, Plaintiff alleges Separate Defendants have filed lawsuits to distress and embarrass Plaintiff.  However, as explained by the Court in Gardner v. City of St. Louis, such allegations fail to state a claim under 12(b)(6) as a matter of law because "these alleged ends are neither unlawful nor collateral" and "there is no abuse even if the plaintiff had an ulterior motive in bringing the action, or if he knowingly brought suit upon an unfounded claim."

6.     Separate Defendants have "done nothing more than purse [their] lawsuit to its authorized conclusion," and therefore Plaintiff has failed to state a claim under Arkansas law for abuse of process.

7.     Lastly, Plaintiff has failed to properly serve Separate Defendants as required under Fed. R. Civ. P. Rule 4 and the complaint must thus be dismissed under Rule 12(b)(4). Exactly as in Gardner v. City of St. Louis, Plaintiff did a press conference denigrating Separate Defendants prior to filing the lawsuit, but having made the media point he wanted to, Plaintiff did not bother lawfully serving Separate Defendants with the lawsuit.  Instead, paper copies of the lawsuit and summons were merely left at their addresses.  This motion and appearance are only made for the purpose of dismissing the complaint and are not consent to jurisdiction in this Court.

8.     Therefore, for all of the reason set forth above, Plaintiff's Complaint should be dismissed.

9.     Separate Defendants hereby incorporate their Brief in Support, filed contemporaneously with this Motion, as if set out word for word herein.

WHEREFORE, premises considered, Separate Defendants Alice Fulk, Cristina Plummer, Hayward Finks, Duane Finks, Reginald Parks, and Kevin Sexson pray that their Motion to Dismiss be granted; that the Complaint be dismissed; for all costs and a reasonable attorney's fee; and for all other just and proper relief to which they may be entitled, whether or not specifically prayed for herein.

Respectfully submitted,

**ALICE FULK, CRISTINA PLUMMER, HAYWARD FINKS, DUANE FINKS, REGINALD PARKS, and KEVIN SEXSON, SEPARATE DEFENDANTS**

WH LAW, PLLC
1 Riverfront Pl. – Suite 745
North Little Rock, AR 72114
(501) 891–6000

By:    Chris W. Burks
       (ABN: 2010207)
       chris@whlawoffices.com

       Degen D. Clow (ABN: 2014038)
       degen@wh.law