IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

KEITH HUMPHREY

    Plaintiff,

v.

ALICE FULK, individually,
CRISTINA PLUMMER, individually,
HAYWARD FINKS, individually,
DUANE FINKS, individually,
REGINALD PARKS, individually,
LITTLE ROCK FRATERNAL ORDER OF
POLICE, LODGE #17, a non-profit corporation,
RONNIE MORGAN, individually,
ERIK TEMPLE, individually,
KEVIN SIMPSON, individually,
KENNETH HAMBY, individually,
STEVE DODGE, individually,
MICHAEL MCVAY, individually,
CHRIS RINGGOLD, individually,
KYLE HENSON, individually,
TRAVIS CUMMING, individually,
MARK ISON, individually,
JOHN GILCHRIST, individually,
KEVIN SEXSON, individually,
CHARLES STARKS, individually,
SHELLA ATLAS-EVANS, individually,
MATT MURSKI,
MOTOROLA SOLUTIONS d/b/a
WATCHGUARD, and
RUSS RACOP,

    Defendants.

Case No. 4:20-cv-1158-JM

***JURY TRIAL DEMANDED***

## MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

COME NOW Separate Defendants Alice Fulk, Cristina Plummer, Hayward Finks, Duane Finks, Reginald Parks, and Kevin Sexson by and through their attorneys Chris Burks and Degen

Clow of WH Law, PLLC, and for their Motion to Dismiss Plaintiff's Amended Complaint, they do state and allege as follows:

1. Plaintiff's Amended Complaint must be dismissed against these Separate Defendants pursuant to Rule 12(b)(4) and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

2. Plaintiff's Amended Complaint must be dismissed because it has failed to plead facts demonstrating claims for first amendment violations, equal protections violations, abuse of process, and civil rights conspiracy against these Separate Defendant police officers, and also because the complaint has not been properly served.

3. Plaintiff's Amended Complaint attempts to make claims that by Plaintiff's admission only occurred pre-Plaintiff's employment, but Plaintiff has failed to make claims for these alleged violations of his First and Fourteenth Amendment because the First and Fourteenth Amendments "restrain[]only official conduct," and require state action.  No facts of state action to suppress Plaintiff's speech or deny him equal protection are alleged to have occurred pre-employment.

4. Further, Exactly as in _Gardner v. City of St. Louis,_ 2020 U.S. Dist. LEXIS 179891 (E.D. MO., September 30th, 2020) Plaintiff has sued police officers and a police union for abuse of process and civil rights conspiracy, concluding that they engaged in a widespread conspiracy to deny Plaintiff his civil rights.

5. However, precisely as was the problem in _Gardner v. City of St. Louis_, Plaintiff "presents no specific material facts, circumstantial or otherwise, to show that Defendants acted with each other for the purpose of depriving [him] — or anyone else — of a constitutional right to equal protection."  Instead, Plaintiff's allegations "represent the type of conclusory or formulaic

recitations of the elements of a cause of action prohibited by the Rule 12(b)(6) pleading standard. *Braden,* 588 F.3d at 592 (quoting *Iqbal*, 556 U.S. at 677).

6. Further, exactly as in <u>Gardner v. City of St. Louis</u>, Plaintiff alleges Separate Defendants have filed lawsuits to distress and embarrass Plaintiff. However, as explained by the Court in <u>Gardner v. City of St. Louis</u>, such allegations fail to state a claim under 12(b)(6) as a matter of law because "these alleged ends are neither unlawful nor collateral" and "there is no abuse even if the plaintiff had an ulterior motive in bringing the action, or if he knowingly brought suit upon an unfounded claim."

7. Separate Defendants have "done nothing more than purse [their] lawsuit to its authorized conclusion," and therefore Plaintiff has failed to state a claim under Arkansas law for abuse of process. In fact, in one of the very lawsuits brought against him that Plaintiff claims as frivolous, a judgment has already been issued against Plaintiff Keith Humphrey by Judge Wendell Griffen in 60CV-20-2847.

8. Lastly, Plaintiff has failed to properly serve Separate Defendants and the amended complaint must thus be dismissed under Rule 12(b)(4). Exactly as in <u>Gardner v. City of St. Louis</u>, Plaintiff did a press conference denigrating Separate Defendants prior to filing the lawsuit, but having made the media point he wanted to, Plaintiff did not bother lawfully serving Separate Defendants with the lawsuit or amended complaint. Instead, paper copies of the lawsuit and summons were merely left at their addresses.

9. Therefore, for all of the reason set forth above, Plaintiff's Amended Complaint should be dismissed.

10. Separate Defendants hereby incorporate their Brief in Support, filed

contemporaneously with this Motion, as if set out word for word herein.

WHEREFORE, premises considered, Separate Defendants Alice Fulk, Cristina Plummer, Hayward Finks, Duane Finks, Reginald Parks, and Kevin Sexson pray that their Motion to Dismiss be granted; that the Amended Complaint be dismissed; for all costs and a reasonable attorney's fee; and for all other just and proper relief to which they may be entitled, whether or not specifically prayed for herein.

Respectfully submitted,

**ALICE FULK, CRISTINA PLUMMER, HAYWARD FINKS, DUANE FINKS, REGINALD PARKS, and KEVIN SEXSON, SEPARATE DEFENDANTS**

WH LAW, PLLC
1 Riverfront Pl. – Suite 745
North Little Rock, AR 72114
(501) 891–6000

By:   Chris W. Burks
      (ABN: 2010207)
      chris@whlawoffices.com

      Degen D. Clow
      (ABN: 2014038)
      degen@wh.law