IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| KEITH HUMPHREY, | } |
| Plaintiff, | } |
| v. | } Case No. 4:20-cv-1158-JM |
| ALICE FULK, et al., | } |
| Defendants. | } |

**BRIEF IN SUPPORT OF SEPARATE DEFENDANT
RUSS RACOP'S MOTION TO DISMISS AMENDED COMPLAINT**

As it related to separate defendant Russ Racop, Plaintiff Keith Humphrey's Amended Complaint violates the Arkansas Citizen Participation in Government Act ("ACPGA") both by failing to verify the Amended Complaint as required by the statute and by bringing an action based on "privileged communications" as that term is defined in the act, and the Amended Complaint is subject to dismissal based on Plaintiff's failure to properly verify the complaint within the time constraints of the ACPGA. Furthermore, Plaintiff's Complaint fails to state a claim upon which relief can be granted, and Plaintiff's service of the Complaint and summons upon Racop was not done in accordance with the applicable service rules. For any or all of these reasons, as explained more fully herein, Plaintiff's Amended Complaint should be dismissed vis-à-vis Racop.

## Background

Plaintiff's Amended Complaint brings multiple causes of action against twenty-three (23) separate defendants, both individuals and entities. As is relevant to the instant motion, Plaintiff alleges a claim of defamation (libel) against Racop and also includes Racop among the "All Defendants" against whom a civil rights conspiracy claim is asserted. Throughout the Amended Complaint, Plaintiff bases his alleged causes of action against Racop solely on blog posts written by Racop regarding Plaintiff.

## Violation of the Citizen Participation in Government Act—Failure to Verify

Inasmuch as there is no federal defamation/libel statute, Plaintiff's asserted claim of defamation by Racop must be brought pursuant to Arkansas law through this Court's supplemental jurisdiction under 28 U.S.C. § 1367(a). Similarly, while Plaintiff includes Racop in a claim for "Civil Rights Conspiracy," Racop's alleged actions as they relate to that claim are never specified in any meaningful way in the Amended Complaint; it stands to reason, however, that Racop's actions must be limited to the same alleged publication of blog posts regarding Plaintff, as those are the only actions of which Racop is accused in the Amended Complaint.

It is well-settled law that, where a state-law claim is heard by a federal court pursuant to supplemental jurisdiction, the federal court shall apply the substantive state law, whether declared by the state legislature or the state's highest court. *See, e.g.*, *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). Here, as is relevant to this case, the Arkansas General Assembly has enacted the ACPGA, which provides substantive limitations and procedural rules for when and how a person may bring suit against another based on the second party's exercise of his First Amendment rights and/or his comments on matters of public concern. *See* Ark. Code Ann. §§ 16-63-501 through -508.

The ACPGA is unequivocal in its requirement that a complaint that would otherwise appear to violate the act must be verified by the plaintiff and her attorney in a specific format. *See* Ark. Code Ann. § 16-63-505. "For any claim asserted against a person or entity arising from possible privileged communication or an act by that person or entity that could reasonably be construed as an act in furtherance of the right of free speech…under the United States Constitution or the Arkansas Constitution in connection with an issue of public interest or concern, *the party asserting the claim and the party's attorney of record, if any, shall be required to file contemporaneously with the pleading containing the claim a written verification under oath*." *Id*. (emphasis added). The statute also provides the specific verification through which a plaintiff and her attorney must certify: (1) that the party and his attorney have read the claim; (2) to the best of their knowledge, information, and belief, formed after reasonable inquiry of the party or his attorney, the claim is well grounded in fact and warranted by existing law; (3) the act forming the basis for the claim is not a privileged communication; and (4) the claim is not asserted for an improper purpose such as suppression of free speech, harassment, or unnecessary delay. *See id*. at -505(1)-(4).

It is inarguable that Plaintiff and his attorney failed to execute the required verification when filing Plaintiff's Complaint and Amended Complaint, as no ACPGA verification of any kind appears in either pleading. The ACPGA is unequivocal that, if Plaintiff does not properly verify his complaint within ten (10) days of being notified of his failure to properly verify, his suit is subject to dismissal. *See* Ark. Code Ann. § 16-63-506(a). Plaintiff was served with Racop's prior motion to dismiss (Dkt. No. 11) and brief in support thereof (Dkt. No. 12) on October 30, 2020. That motion and brief specifically noted that Plaintiff's Complaint had not been verified in accordance with the

ACPGA. *See* Motion (Dkt. No. 11), at ¶ 3(a); Brief (Dkt. No. 12), at 2-4. At no point since being notified of his lack of verification has Plaintiff amended to add the required verification; rather, he chose to file an Amended Complaint that *still* fails to include the verification required by Ark. Code Ann. § 16-63-505, and more than ten (10) days have elapsed since the filing of the Amended Complaint, despite Plaintiff's actual notice of the required verification.

Just as importantly, as shown *infra*, Plaintiff has not and cannot show that Racop's blog posts were false, let alone that the posts were made with knowing or reckless disregard of the falsity thereof; accordingly, Racop's blog posts are "privileged communications" or acts done "in furtherance" of Racop's First Amendment rights within the meaning of the ACPGA. *See* Ark. Code Ann. § 16-63-503(2)(B). As such, Plaintiff and his attorney *cannot* verify the Amended Complaint as it is currently written, because doing so would require them to falsely swear under oath that the "act forming the basis for the claim is not a privileged communication." Ark. Code Ann. § 16-63-505(3).

If the Amended Complaint is verified in violation of subsection 505, this Court, "upon motion or on its own initiative, shall impose upon the persons who signed the verification, a represented party, or both, an appropriate sanction, which may include dismissal of the claim and an order to pay to the other party…the amount of reasonable expenses incurred because of the filing of the claim, including a reasonable attorney's fee." Ark. Code Ann. § 16-63-506(b)(1). Further, if Plaintiff and counsel subsequently verify the Complaint in this matter, despite knowing that the blog posts were privileged communications under the ACPGA, Racop reserves the right to demonstrate to this Court that Plaintiff's claims were "commenced or continued for the purpose of harassing, intimidating, punishing, or maliciously inhibiting a person or entity from making a

privileged communication or performing an act in furtherance of the right of free speech," and to seek compensatory damages. Ark. Code Ann. § 16-63-506(b)(2).

Because Plaintiff and his attorney have failed to verify the Amended Complaint as required under Arkansas Code Annotated § 16-63-505, and because any verification at this point would be done with knowledge that the verification was false, in violation of Arkansas Code Annotated § 16-63-506(b)(1), Plaintiff's Amended Complaint as it relates to allegations against Racop should be dismissed.

**Violation of the Citizen Participation in Government Act—Immunity from Liability**

The Arkansas General Assembly enacted the ACPGA in 2005, and it specifically found, "It is in the public interest to encourage participation by the citizens of the State of Arkansas in matters of public significance through the exercise of their constitutional rights of freedom of speech and the right to petition government for a redress of grievances." Ark. Code Ann. § 16-63-502(1). According to the Arkansas General Assembly, "The valid exercise of the constitutional rights of freedom of speech and the right to petition government for a redress of grievances should not be chilled through abuse of the judicial process." Ark. Code Ann. 16-63-502(2). Importantly, the General Assembly expressly stated, "Strategic lawsuits against political participation can effectively punish concerned citizens for exercising the constitutional right to speak and petition the government for a redress of grievances." Ark. Code Ann. § 16-63-502(4).

To the extent he has written anything about Plaintiff, Racop's blog posts are (1) acts "in furtherance of the right of free speech," as Racop is speaking or opining about a public official (the chief law enforcement officer of the city of Little Rock) on matters of public interest or concern, and/or (2) "privileged communications" within the meaning of the CPGA, as those posts are

"expressions of opinion or criticisms in regard to any…proceeding authorized by a state…or municipal government" or "criticisms of the official acts of any and all public officers." Ark. Code Ann. § 16-63-503(2)(B). Importantly, and contrary to anything that Plaintiff has asserted thus far in either his original or Amended Complaint, Racop's blog posts were based on documents, statements, and/or observations regarding Plaintiff, and nothing in those posts was written with any knowledge or reckless disregard of the falsity thereof, as Racop had corroboration for every assertion made. *See* Ark. Code Ann. § 16-63-502(2)(C). As such, Racop's posts are inarguably an exercise of his right to free speech under both the Arkansas and United States Constitutions.

Under the ACPGA

> Any person making a privileged communication or performing an act in furtherance of the right of free speech or the right to petition government for a redress of grievances under the United States Constitution or the Arkansas Constitution in connection with an issue of public interest or concern shall be immune from civil liability, unless a statement or report was made with knowledge that it was false or with reckless disregard of whether it was false.

Ark. Code Ann. § 16-63-504. Nothing in Plaintiff's Amended Complaint, beyond Plaintiff's bare, unsupported conclusions, supports the idea that Racop made any of the statements in his alleged blog posts with knowledge or reckless disregard of falsity. Indeed, nothing in Plaintiff's Amended Complaint even asserts what statements Racop specifically was alleged to have *made*, let alone establishes that any of those statements were actually false. Plaintiff's Amended Complaint simply lumps Racop, Charles Starks, and the Little Rock Fraternal Order of Police together in "Count IV," accuses them collectively of defaming Plaintiff through "their respective websites and blogs" (while acknowledging that Starks and Racop publish different, unaffiliated blogs), and does not point to a single, specific statement attributable to Racop that is even arguably false.

Plaintiff's allegations in paragraph 105 of his Amended Complaint represent the sum total of his defamation allegations,[1] which are his allegations that Racop, Starks, and the LRFOP published "incendiary and knowingly false statements on their respective websites and blogs, including false accusations that PLAINTIFF was having an extramarital affair, spying on Little Rock citizens, engaging in dangerous high[-]speed chases[,] or other impermissible acts."[2] Because Plaintiff offers only bare, unsupported allegations, which do not even link Racop to a specific statement, it is axiomatic that Plaintiff has not established (or even attempted to demonstrate) that any of Racop's alleged statements were made with knowing or reckless disregard of the falsity thereof. *See* Ark. Code Ann. § 16-63-504.

Similarly, while Racop is included in the "All Defendants" claim for "Civil Rights Conspiracy," Plaintiff does not actually specify any *actions* that Racop took that would be part of any such conspiracy. To the extent the Complaint is read to assume that Racop's blog postings amount to Racop's part in Plaintiff's claimed conspiracy, however, those blog posting are still protected by the ACPGA, as that act applies to "*any* claim asserted against a person or entity arising from possible privileged communication or an act by that person or entity that could reasonably be construed as an act in furtherance of the right of free speech." Ark. Code Ann. § 16-63-505 (emphasis added).

---

[1] Racop is aware that Plaintiff included something that he titled "Complaint Addendum" when he filed his Amended Complaint. However, the Amended Complaint is the 29-page document that begins with the caption and ends with Mr. Laux's signature block. It is the Amended Complaint that must comply with the Court's rules for pleading, and relying on an "addendum" that is not marked as an exhibit and is not cited in support of any claim against Racop is insufficient.

[2] Plaintiff's Amended Complaint seems to have only broken these allegations into individual subparagraphs and changed a more specific "otherwise engaging in improper or illegal acts" to a less meaningful "other impermissible acts."

Accordingly, to the extent it asserts claims against Racop, Plaintiff's Amended Complaint violates the plain language and intent of the ACPGA, and it should be dismissed, as Racop is immune from liability under Arkansas law regarding the allegations as currently pleaded.

### 12(b)(6)—Failure to Properly Plead Elements of Claim

In his Amended Complaint, Plaintiff correctly notes the elements of a defamation claim under Arkansas law, which are: (1) the defamatory nature of the statement of fact; (2) the statement's identification of or reference to the plaintiff; (3) publication of the statement by the defendant; (4) the defendant's fault in the publication; (5) the statement's falsity; and (6) the damages suffered by the plaintiff. Despite laying out the requisite elements, however, Plaintiff's defamation/libel claim against Racop falls short of properly pleading *any* of those elements.

As an initial matter, Racop reiterates that Plaintiff's Amended Complaint does not specify a single, actual statement made by Racop (or anyone else), stating only broadly that one or more unspecified defendants published "incendiary and knowingly false statements on their respective websites and blogs, including false accusations that PLAINTIFF was having an extramarital affair, spying on Little Rock citizens, engaging in dangerous high[-]speed chases[,] or otherwise impermissible acts [sic]." By definition, if Plaintiff does not specify an actual statement of fact that Racop allegedly made, Plaintiff has failed to plead "the defamatory nature *of a statement of fact*," which Plaintiff himself acknowledges is the first element of a defamation claim. Similarly, without specifying what statement(s) of fact Racop allegedly made, Plaintiff has not properly pleaded "the statement's identification of or reference to the plaintiff," which he acknowledges is the second element of his defamation claim.

Plaintiff's failure to specify any actual statement made by Racop further means that Plaintiff has not pleaded in any meaningful way that Racop actually published a defamatory statement about Plaintiff, despite Plaintiff's own acknowledgment that "publication of the statement by the defendant" is the third element of his defamation claim. Nor has Plaintiff pleaded "the defendant's fault in the publication," beyond a broad assertion that some unspecified post contained unspecified false statement, which was the fault of Racop. This is woefully insufficient to properly plead the fourth element of Plaintiff's defamation claim.

Plaintiff does say in his Amended Complaint that certain defendants made "knowingly false statements" and "false accusations" about Plaintiff. Yet, due to his earlier failure to point to a single statement allegedly made by Racop, Plaintiff has nevertheless failed to plead "the statement's falsity," as we cannot say from a reading of the Amended Complaint what the statement even *is*, let alone see where Plaintiff pleaded that a specific statement by Racop was actually false. Thus, Plaintiff has failed to plead the fifth element of his claim. Along those same lines, Plaintiff's Amended Complaint says nothing about how any particular, specific statement allegedly made by Racop caused any damage to Plaintiff, despite Plaintiff's acknowledgement that pleading "the damages suffered by the plaintiff" is a necessary element of a defamation claim under Arkansas law.

Plaintiff's "Civil Rights Conspiracy" claim fares no better under a 12(b)(6) analysis, even though he again begins the claim with a recitation of the elements required, this time under 42 U.S.C. § 1985(3): (1) the defendants conspired; (2) with the intent to deprive Plaintiff, either directly or indirectly, of equal protection of the laws, or equal privileges and immunities under the

laws; (3) an act in furtherance of the conspiracy; and (4) Plaintiff was deprived of exercising any right or privilege of a citizen of the United States.

Plaintiff's pleading regarding the defendants' alleged conspiracy is limited to an allegation that the defendants "have engaged in various overt acts establishing the basis of a widespread conspiracy," such as filing abusive lawsuits to chill Plaintiff's First Amendment rights, "coercing Plaintiff to quit his job," threatening to publish false information about Plaintiff if he does not quit his job, "attempting to intimidate PLAINTIFF with threats of embarrassment and improperly assisting co-conspirators with technical expertise so as to leak information to the press." Nowhere in that allegation does Plaintiff say what *Racop* allegedly did that would establish that he was part of a conspiracy with other defendants. After all, Racop has not filed an "abusive lawsuit" against Plaintiff, has not coerced Plaintiff to quit his job,[3] has not threatened to publish false information about Plaintiff if he does not quit his job, and has not attempted to intimidate Plaintiff with threats of embarrassment. Plaintiff's broad hand-wave at "all defendants" without any specificity about who did what falls short of meeting the relevant pleading standards.

Plaintiff's Amended Complaint also contains no actual allegation that Racop engaged in a conspiracy "with the intent to deprive" Plaintiff of any rights, and it strains credulity to pretend like Racop, a private citizen, would have the ability to deprive Plaintff, the chief of police, of equal protection, privileges, or immunities under the law. Plaintiff has simply failed to plead anything to support this element.

---

[3] Indeed, Plaintiff has not quit his job, so it is unclear how any claim that he was coerced to quit his job makes even the slightest bit of logical sense, let alone plausibly supports a claim for relief.

Plaintiff also fails to plead the third element of this claim, as his Amended Complaint lacks any reference to an "overt act in furtherance of the conspiracy" that is in any way attributable to Racop. Such a bland recitation of the elements and an untethered claim that Racop is somehow involved in unspecified acts is not sufficient by any stretch. Moreover, perhaps most fatal to this claim overall, Plaintiff does not establish or plead in any way, shape, or form that he was actually deprived of exercising any right or privilege that was guaranteed to any other United States citizen, despite being fully aware that he has to show such a deprivation as an element of his claim.

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This standard "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. at 678. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do," [nor] does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*. As the Eighth Circuit has explained, "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face, [and a] "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Meiners v. Wells Fargo & Co.*, 898 F.3d 820, 821-22 (8th Cir. 2018).

In addressing a state-law defamation claim in light of a 12(b)(6) motion, the Eighth Circuit has looked to see if each element of the claim was properly and sufficiently pleaded under state law. *See Stockley v. Joyce*, 963 F.3d 809 (8th Cir. Mar. 11, 2020) (affirming dismissal for failure to state a claim where a plaintiff failed to plead facts to support a specific element of defamation under

Missouri law). Under Arkansas law, a plaintiff must plead sufficient facts to demonstrate each of the elements of defamation. *See Robertson v. Daniel*, 2013 Ark. App. 160. Failure to plead sufficient facts regarding even one of the elements subjects a defamation claim to dismissal. *See id.* For instance, where a plaintiff "alleged that he suffered damage by 'being cast as untruthful and not being trusted to serve,'" and asked for damages "for injury to his reputation in the community and in his profession, for mental distress, and for embarrassment publicly on live television and in the newspaper caused by" the defamation, that was insufficient to survive a 12(b)(6) motion. *See id.*, at *6. Similarly, a complaint that alleges that a defendant said that a plaintiff was "incompetent and unable to function in his position" does not survive a 12(b)(6) motion where the plaintiff fails to plead the defamatory nature of the statement and demonstrate that the statement implies an assertion of an objectively verifiable fact. *See Brown v. Tucker*, 330 Ark. 435, 954 S.W.2d 262 (1997).

Unlike the plaintiffs in *Robertson* and *Brown*, however, Plaintiff in the instant action has failed to even plead what any particular defamatory statement alleged was, failed to plead the defamatory nature of any alleged statement of fact (or demonstrated that any statement of fact was made), failed to plead that Racop published any specific statement regarding Plaintiff, and has absolutely failed to plead actual damages. The failure to plead facts to demonstrate actual damage to Plaintiff's reputation is, in and of itself, sufficient to warrant dismissal of Plaintiff's defamation claims. *See Robertson*, 2013 Ark. App. 160.

Plaintiff's conspiracy claims against Racop fall woefully short of the *Iqbal* standard as well, as Plaintiff's Amended Complaint is a textbook example of "a formulaic recitation of the elements" and is "devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678. Plaintiff could and should have pleaded facts sufficient to state a plausible claim to relief, including specifying

what defamatory statement(s) Racop allegedly made, facts that established any conspiracy or intent by Racop to deprive Plaintiff of his rights, and facts to support the other various elements that Plaintiff recited as part of his claim. Instead, Plaintiff chose to plead a vast, 23-person conspiracy to violate his civil rights in only four paragraphs, without ever saying what any particular defendant allegedly did and without coming close to meeting the elements of that claim, just as Plaintiff opted to plead a defamation claim without ever specifying a single defamatory statement by Racop. *Iqbal* makes clear that such "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" are insufficient to survive a motion to dismiss under Rule 12(b)(6).

Because Plaintiff's claims against Racop fail to meet the *Iqbal* standard, they fail to state a claim upon which relief can be granted, and they should be dismissed accordingly.

## 12(b)(5)—Insufficiency of Service of Process

Pursuant to Rule 4, as is relevant here, service of a complaint and summons can be done by (1) having a non-party over the age of 18 deliver a copy of the complaint and summons to the individual personally, (2) having a non-party over the age of 18 leave a copy at the individual's dwelling with someone of suitable age and discretion, or (3) by following state law for serving a summons in state court. *See* FRCP 4(e). Under Arkansas's rules, service of a summons and complaint by mail may be made only by the plaintiff or an attorney of record for the plaintiff. *See* Ark. R. Civ. P. 4(c)(2)(D). In the instant case, the summons and original Complaint were mailed to Racop's residence by a Jennifer Lind, who is neither the Plaintiff nor an attorney of record for the Plaintiff.

The Arkansas Supreme Court has repeatedly stated that "service rules, being in derogation of common-law rights, must be strictly construed and compliance with them must be exact." *Wine*

*v. Chandler*, 2020 Ark. App. 412, *10. "Our service rules place an extremely heavy burden on the *plaintiff* to demonstrate that compliance with our rules has been had." *Id.* (emphasis in original).

Where, as here, service by mail was done by someone other than Plaintiff or Plaintiff's attorney, Ark. R. Civ. P. 4(c)(2)(D) was not complied with, and service was therefore not properly completed under "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." FRCP 4(e)(1). Where service of the original Complaint is insufficient under Arkansas law, electronic service of an Amended Complaint does not fix the problem, and the action remains subject to dismissal. *See Wine*, 2020 Ark. App. 412, *13 ("Despite ineffective service of process of the *original* complaint, Wine argues that he successfully served the *amended* complaint upon the State appellees by utilizing the new eFlex filing system, which he claims cured any defect in the service of process of the original complaint. He is incorrect." (emphasis in original)). As Plaintiff's service of the original Complaint and summons upon Racop were insufficient and incomplete, this matter should be dismissed with respect to the claims against Racop in the Amended Complaint.

## Conclusion

Based on any or all of the foregoing reasons, Plaintiff's Complaint should be dismissed with respect to all claims against separate defendant Russ Racop. Racop reserves the right to plead further, and he specifically reserves all other defenses available, including defenses under FRCP 12, FRCP 8, affirmative defenses under federal or state law, and any other defense that may be available to him in this matter. Racop asks that this Court impose reasonable attorney's fees and costs pursuant to the Arkansas Citizen Participation in Government Act in the event that the claims against Racop are dismissed pursuant to that act.

WHEREFORE the separate defendant Russ Racop prays that this Court will dismiss Plaintiff's action as it relates to all claims against Racop, will award Racop all reasonable fees and costs to which he is entitled, and will grant Racop any other relief to which he may be entitled in law or in equity.

Respectfully submitted,

Matthew D. Campbell
Ark. Bar No. 2009032
Pinnacle Law Firm, PLLC
104 Winnwood Rd.
Little Rock, AR 72207
P: (501) 396-9246
matt@pinnaclelawfirm.com
*Attorney for Russ Racop*

## CERTIFICATE OF SERVICE

I, Matthew Campbell, hereby certify that a true-and-correct copy of the foregoing has been served on all necessary parties via this Court's CM/ECF system as of the date of filing by the Clerk of this Court.

Matthew D. Campbell
