IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**KEITH HUMPHREY**                                                                               **PLAINTIFF**

V.                                  **Case NO. 4:20-CV-1158-JM**

**ALICE FULK, individually,**
**CRISTINA PLUMMER, individually,**
**HAYWARD FINKS, individually,**
**DUANE FINKS, individually,**
**REGINALD PARKS, individually,**
**LITTLE ROCK FRATERNAL ORDER**
**OF POLICE, LODGE #17, a non-profit corporation,**
**RONNIE MORGAN, individually,**
**ERIK TEMPLE, individually,**
**KEVIN SIMPSON, individually,**
**KENNETH HAMBY, individually,**
**STEVE DODGE, individually,**
**MICHAEL MCVAY, individually,**
**CHRIS RINGGOLD, individually,**
**KYLE HENSON, individually,**
**TRAVIS CUMMING, individually,**
**MARK ISON, individually,**
**JOHN GILCHRIST, individually,**
**KEVIN SEXSON, individually,**
**CHARLES STARKS, individually,**
**SHELLA ATLAS-EVANS, individually,**
**MATT MURSKI,**
**MOTOROLA SOLUTIONS d/b/a WATCHGUARD, and**
**RUSS RACOP**                                                     **DEFENDANTS**

## SEPARATE DEFENDANT, DR. SHELLA ATLAS-EVANS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

COMES NOW Separate Defendant, Dr. Shella Atlas-Evans, by and through her attorneys, Thomas M. Carpenter, City Attorney, and Rick D. Hogan, Deputy City Attorney, and for its Motion to Dismiss Plaintiff's Amended Complaint:

1. Plaintiff's Amended Complaint must be dismissed against Separate Defendant Atlas-Evans pursuant to Rule 12(b)(4) and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

*Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585 at 592 (8th Cir. 2009), (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 at 677 (2009)) in that it fails to allege any constitutional harm caused by Separate Defendant.

2. Plaintiff has failed to properly serve Separate Defendant as required under Fed. R. Civ. P. Rule 4 and the Complaint and Amended Complaint must be dismissed under Rule 12(b)(4) and Local Rule 4.1. *Gardner v. City of St. Louis*, 2020 U.S. Dist. LEXIS 179891 (E.D. MO., September 30th, 2020). Plaintiff failed to serve Separate Defendant. Atlas-Evans with the lawsuit. Instead, paper copies of the lawsuit and summons were merely left at her address. Furthermore, Amended Complaint was not served on Separate Defendant. This motion and appearance are only made for the purpose of dismissing the Complaint and Amended Complaint and are not consent to jurisdiction in this Court or waiver of Service of Process.

3. Separate Defendant, Atlas-Evans objects to the Complaint and Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) for its lack of subject-matter jurisdiction because the federal claims cannot be upheld as a matter of law, 12(b)(3) as the venue is improper because the federal claims cannot be upheld as a matter of law; 12(b)(5) as service has not been perfected on Separate Defendant Shella Atlas-Evans. Instead, paper copies of the lawsuit and summons were merely left at her address. This motion and appearance are only made for the purpose of dismissing the Complaint and Amended Complaint are not consent to jurisdiction in this Court. Separate Defendant asserts Fed. R. Civ. P. 4 and Local Rule 4.1; and 12(b)(6) as Plaintiff's complaint fails to allege facts that state a claim upon which relief can be granted in that the Complaint or Amended Complaint and fails to assert any actual constitution harm or adverse job action caused by the actions or conduct of Separate Defendant Shella Atlas-Evans.

4.	Plaintiff pleads that jurisdiction and venue of this Court are invoked pursuant to 28 U.S.C. §§ 1331, 1343, 1391 and 42 U.S.C. § 1983. Diversity jurisdiction pursuant to 28 U.S.C. § 1332 does not exist.

5.	Separate Defendant Atlas-Evans hereby incorporates her Brief in Support of this Motion to Dismiss, filed contemporaneously with this Motion, as if set out word for word herein.

WHEREFORE, premises considered, Separate Defendant Atlas-Evans prays that her Motion to Dismiss be granted; that the Complaint and Amended Complaint be dismissed; for all costs and a reasonable attorney's fee; and for all other just and proper relief to which she may be entitled, whether or not specifically prayed for herein.

Respectfully submitted,

Thomas M. Carpenter
City Attorney

By:	Rick D. Hogan Bar #83084
	Deputy City Attorney
	Office of the City Attorney
	500 West Markham, Suite 310
	Little Rock, Arkansas 72201
	(501) 371-4527
	rhogan@littlerock.gov