**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**KEITH HUMPHREY,**
**Plaintiff**

**V.**

**ALICE FULK, individually,**
**CRISTINA PLUMMER, individually,**
**HAYWARD FINKS, individually,**
**DUANE FINKS, individually,**
**REGINALD PARKS, individually,**
**LITTLE ROCK FRATERNAL ORDER**
**OF POLICE, LODGE #17, a non-profit**
**corporation, RONNIE MORGAN,**
**individually, ERIK TEMPLE, individually,**
**KEVIN SIMPSON, individually,**
**KENNETH HAMBY, individually,**
**STEVE DODGE, individually,**
**MICHAEL MCVAY, individually,**
**CHRIS RINGGOLD, individually,**
**KYLE HENSON, individually,**
**TRAVIS CUMMING, individually,**
**MARK ISON, individually,**
**JOHN GILCHRIST, individually,**
**KEVIN SEXSON, individually,**
**CHARLES STARKS, individually,**
**SHELLA ATLAS-EVANS, individually,**
**MATT MURSKI,**
**MOTOROLA SOLUTIONS d/b/a**
**WATCHGUARD, and**
**RUSS RACOP,**
**Defendants.**

**Case No. 4:20-cv-1158-JM**

_**JURY TRIAL DEMANDED**_

**BRIEF IN SUPPORT OF MOTION TO DISMISS AND MOTION TO STRIKE**
**AMENDED COMPLAINT ON BEHALF OF DEFENDANTS LITTLE ROCK**
**FRATERNAL ORDER OF POLICE, LODGE #17, RONNIE MORGAN, ERIK TEMPLE,**
**KEVIN SIMPSON, KENNETH HAMBY, STEVE DODGE, MICHAEL MCVAY, CHRIS**
**RINGGOLD, KYLE HENSON, TRAVIS CUMMING, MARK ISON,**
**AND JOHN GILCHRIST**

Come now Defendants, LITTLE ROCK FRATERNAL ORDER OF POLICE, LODGE #17 ("LRFOP), a non-profit corporation; RONNIE MORGAN, individually; ERIK TEMPLE, individually; KEVIN SIMPSON, individually; KENNETH HAMBY, individually; STEVE DODGE, individually; MICHAEL MCVAY, individually; CHRIS RINGGOLD, individually; KYLE HENSON, individually; TRAVIS CUMMING, individually; MARK ISON, individually; and JOHN GILCHRIST, individually; (herein after collectively "LRFOP, Board and Committee Members"), appearing by and through their counsel specifically for the purpose of this motion and for none other, and for their Brief in Support of their Motion to Strike and Motion to Dismiss Amended Complaint state:

## FACTUAL SUMMARY

On September 30, 2020, Plaintiff filed this lawsuit naming twenty-three defendants, who constitute a mix of individuals, a publicly traded corporation, and a not for profit fraternal organization. The Amended Complaint consists of seventy-nine paragraphs alleging a plethora of digressions including violations of federal constitutional rights, abuse of process under Arkansas law, defamation and liable, and conspiracy set out in five "counts." Attached to the Amended Complaint, Plaintiff filed a seventy-four-page document labeled Ex. 1 and entitled, "HUMPHREY V. FINKS, ET AL.-AMENDED COMPLAINT ADDENDUM. (hereinafter "Addendum").

LRFOP is an Arkansas 501(c)(8) nonprofit corporation with its principal place of business at 1700 E. 2nd St., Arkansas 72201 and with the purpose of labor advocacy. *See* LRFOP Corporate Documents attached as **Ex. A**. Membership in the LRFOP is voluntary, but the men and women who comprise its membership make up approximately 94% of the officers in the Little Rock Police Department. LRFOP's advocacy includes negotiation with the City of Little Rock on behalf of all officers (whether they are LRFOP members or not) for an annual contract; seeking input with the

2

Chief of Police and command staff regarding policies and procedures; and providing legal support to officers in disciplinary matters or regarding unfair or illegal treatment by the Chief of Police or the City.

Ronnie Morgan ("Morgan"), Erik Temple ("Temple"), Kevin Simpson ("Simpson"), Kenneth Hamby ("Hamby"), Steve Dodge ("Dodge"), Michael McVay ("McVay"), Chris Ringgold ("Ringgold"), Kyle Henson ("Henson"), Travis Cumming ("Cumming"), Mark Ison ("Ison"), and John Gilchrist ("Gilchrist") are board or committee members of LRFOP residing within the state of Arkansas and in a county in the Central Division of the Eastern District of Arkansas Federal District Court. Allegations against the Board and Committee Members in the Amended Complaint by Humphrey were made against them in their individual capacities, not in their official capacities as officers in the LRPD, and for their actions on behalf of LRFOP.

The Board and Committee Members were not served via any of the means set forth in Fed. R. Civ. P. 4 and Local Rule 4.1. These Defendants do not admit that they have been properly served. Plaintiff's efforts to perfect service have been varied and inconsistent. The Board and Committee Members ask that this Court take judicial notice of the absence of proof of service on them in its records.

Keith Humphrey ("Plaintiff" or "Humphrey") is Chief of Police of the Little Rock Police Department (LRPD) and resides within the state of Arkansas. Plaintiff brought this lawsuit against LRFOP, Board and Committee Members for: (i) First Amendment Retaliation pursuant to 42 U.S.C. § 1983; (ii) Equal Protection under the Fifth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983; (iii) Defamation/Libel; and (iv) Civil Rights Conspiracy pursuant to 42 U.S.C. § 1985. Plaintiff pled that jurisdiction and venue of this Court existed pursuant to 28 U.S.C. §§ 1331 (federal question), 1343 (civil rights), 1391 (federal venue) and 42 U.S.C. § 1983 (actions against

government and its employees acting under the color of state law).  Diversity jurisdiction pursuant to 28 U.S.C. § 1332 was not pled.

Pursuant to Rule 12 (f) of the Federal Rules of Civil Procedure, these Defendants move to strike "redundant, immaterial, impertinent, or scandalous matter(s)" contained in the pleadings filed by the Plaintiff in this case, including but not limited to the Addendum. As discussed herein, these matters are interposed for improper purposes, violate the basic pleadings requirements of the Federal Rules of Civil Procedure, and Plaintiff should be ordered to recast his pleadings absent those matters. Further, this material is inadmissible pursuant to Fed. R. Evid. 401, 402, 403, 802, 901, 1002, and 1006, and Defendants object to the material on the basis of these rules.

The Amended Complaint should be dismissed for the following five reasons.  1. Plaintiff failed to effectuate proper service as to the Board and Committee Members. 2. All the federal causes of action fail as a matter of law for reasons discussed herein. 3. LRFOP, Board and Committee Members are all entitled to nonprofit immunity. 4. Plaintiff fails to allege essential elements of defamation/libel. 5. Federal court jurisdiction and venue are improper without the federal causes of action.

## ARGUMENT

### I.    The Amended Complaint Addendum and portions of the Amended Complaint should be stricken pursuant to Rule 12 (f) of the Federal Rules of Civil Procedure.

As distinguished from the motion to dismiss, the motion to strike is intended to address the pure abuse of civil process that is evident in Plaintiff's filings.  ("A motion to strike is intended to clean up the pleadings, removing irrelevant or otherwise confusing materials. *See* *700 *Liberty Media Holdings, LLC v. Wintice Group, Inc.,* No. 6:10–cv–44–Orl–19GJK, 2010 WL 2367227, (M.D.Fla. June 14, 2010) (noting that motions to strike are used to avoid unnecessary forays into

immaterial matters). However, motions to strike are not an appropriate form of dismissal of a complaint. *Williams v. Delray Auto Mall, Inc.*, 289 F.R.D. 697, 699–700 (S.D. Fla. 2013)).

Rule 12 (f) of the Federal Rules of Civil Procedure reads as follows:

The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
**(1)** on its own; or
**(2)** on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Again, Defendants do not admit that they were properly served. The entire Addendum should be stricken from these pleadings.  Further, this Court should also strike numerous sections of the Amended Complaint.

**A.      The Addendum Is Immaterial, Impertinent Matters and is Filled with Scandalous Matters Interposed for Improper Purposes**

The Addendum consists of seventy-four pages of material loosely divided into three-hundred-fifty-one paragraphs. Paragraph one reads as follows:

The following paragraphs of this addendum are a chronological recitation of many distinct-but interrelated and overlapping-events. This event may be read front-to-back or by citation reference as a companion document to Plaintiff's Amended Complaint.

The remaining three-hundred-fifty paragraphs consist of a hotchpotch of unsupported statements, references to news articles, claimed quotes from testimony from various sources, pictures of newspaper articles, purported sections of government documents, and other ramblings. The entire exhibit is more akin to the rantings of a political blogger than a pleading of any sort.

The Addendum contains statements of intent and allegations of impropriety ranging from acts of official misfeasance to unethical conduct to acts of sexual promiscuity all of which are not only

unsupported, but wholly irrelevant to the issues at bar raised through the Amended Complaint. As

illustrative examples only, these Defendants respectfully include these three examples:

> Paragraph 49. Social scientists call "reverse racism" a myth because it attempts to ignore the fundamental question of who holds more power or privilege between the individuals/ groups involved; the myth of reverse racism assumes that racism occurs on a so-called level playing field.

> Paragraph 116. On November 29, 2018, John Brummett of the ADG wrote an opinion piece about the Little Rock mayoral race entitled "*The Gloves come off.*" The Article concerned a recent "push poll" conducted in Little Rock which included a suggestion that Frank Scott was opposed to same-sex marriages-a classic "wedge" issue.

> Paragraph 120. By December 4, 2018, the voters of Little Rock were presented with a well-defined choice for their next mayor: a reform-minded candidate Frank Scott, or an avowed *status quo* candidate, Kurrus.

These statements are but a small sample of the inane, disjointed, jumble of purported information

that was filed for the sole purpose of scandalizing these proceedings and providing fodder for

journalists, political opponents, bloggers and gadflies. There can be no legal justification for the

inclusion of this Addendum which is not even referenced in the Amended Complaint.

Further, LRFOP, Board and Committee Members object to the Addendum pursuant to Fed.

R. of Evid. 401, 402, 403, 404, 802, 901, 1002, and 1006.  The Addendum contains material that is

obviously irrelevant in violation of Fed. R. Evid. 401 and 402, as exemplified by the paragraphs

referenced herein.  It is prejudicial in violation of Fed. R. Civ. P. 403, as it contains inaccuracies and

fodder for gossips, as described in the examples herein.  It contains inadmissible character evidence

in violation of Fed. R. Evid. 404.  It is hearsay in violation of Fed. R. Evid. 802 and appears to be the

testimony of counsel.  It lacks authentication in violation of Fed. R. Evid. 901 and violates the best

evidence rule in violation of Fed. R. Evid. 1002, as it paraphrases and summarizes a great deal of

material from the news media.  Finally, it is summary evidence without having made originals

available pursuant to Fed. R. Evid. 1006.  As it would be inadmissible as evidence and is not structured as a proper pleading, it should certainly be stricken from the record.

For these reasons, this Court should Strike the Addendum in its entirety.

**B.     The Amended Complaint Contains Immaterial, Impertinent Matters Which Have No Purpose in These Proceedings.**

The Amended Complaint is littered with statements, conclusions, and other matters that serve no purpose other than to unnecessarily complicate the response to said Amended Complaint and the seek a response from these Defendants that would be wholly irrelevant to these proceedings.

Perhaps the best example of the improper matters found in the Amended Complaint is in the section entitled, "INTRODUCTION-A HOUSE DIVIDED." This thirty-six-line, 535-word, full-page diatribe comparing the instant lawsuit to President Lincoln's efforts to save the United States from civil war. However, the histrionics seem to only gain momentum from this point.

These Defendants respectfully call this Court's attention to Paragraph 34 of the Amended Complaint which reads as follows:

> Throughout 2018, there was a mayoral race afoot in Little Rock and the candidates who qualified for a December 2018 run-off election were Frank Scott and Baker Kurrus. During their Months-long campaigns, Frank Scott and Baker Kurrus distinguished themselves Considerably and generally presented to the Little Rock citizens visions of significant reform and promises of *status quo*, respectively.

Further, the use of words like "race-tinged smear attempt on Frank Scott" in Paragraph 36 and numerous other references to attacks by these Defendants on Frank Scott, who is not a party to this action are wholly irrelevant to these proceedings.

The purpose of a Motion to Strike is to make the trial of the action less complicated or otherwise streamline the ultimate resolution of the action. *General Cas. Ins. Co. of Wisconsin v. Penn-Co Constr., Inc.*, D.C. Iowa 2005, 2005 WL 1843462. "A motion to strike should not be

granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation. The function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that might arise from litigating spurious issues by dispensing with those issues prior to trial." *Sanchez v. J.C. Penney Properties, Inc.*, D.C. Cal.2007, 2007 WL 2221043. "Rule 12(f) allows the court to ensure that spurious issues will not pollute the trial." *U.S. v. 0.28 Acre of Land, More or Less, Situate in Washington County, Penn.*, 2009 WL 4408194, *2 (W.D. Pa. 2009).

As has been shown through this motion, the Addendum and the matters contained in the Amended Complaint serve no legitimate purpose in the underlying litigation. By striking them, this Court will simplify the litigation, protect these Defendants from responding to unrelated and scurrilous allegations and baseless conclusory statements.

**II.     Plaintiff failed to perfect service on the Board and Committee Members.**

The Board and Committee Members have not been served via any of the means set forth in Fed. R. Civ. P. 4 and Local Rule 4.1.  Thus, this entry is specifically for the purpose of this motion and for none other. The Board and Committee Members ask that this Court take judicial notice of the absence of proof of service on them in its records.  The Board and Committee Members hereby enter their objection pursuant to Fed. R. Civ. P. 12(b)(5) and request that Plaintiff's claims against them be dismissed.

**III.     Plaintiff's Amended Complaint fails to state a claim against LRFOP, Board and Committee Members upon which relief can be granted.**

**A.     Standard for Fed. R. Civ. P. 12(b)(6)**

Plaintiff's Amended Complaint fails to allege facts that state a claim upon which relief can be granted.  Pursuant to Fed. R. Civ. P. 12(b)(6), the Court has authority to dismiss a suit for failure to state a claim upon which relief can be granted if the complaint does not state factual allegations

showing that the right to relief is plausible and above mere speculation. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994); Fed. R. Civ. P. 12(b)(6) (A complaint may be dismissed for "failure to state a claim upon which relief can be granted."). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

To withstand a motion to dismiss**,** a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "'[P]lausibility' in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). Accordingly, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).  A pleading that offers labels and

conclusions or a formulaic recitation of the elements of a cause of action will not do. *Id.* at 1949. Nor does a complaint suffice if it tenders "naked assertions devoid of further factual enhancement." *Id*.

**B.      Plaintiff's federal claims fail because LRFOP is not a state actor.**

LRFOP is not a state actor and cannot be held liable for claims of First Amendment Retaliation pursuant to 42 U.S.C. § 1983, Equal Protection under the Fifth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983, or 42 U.S.C. § 1985 as it cannot act under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008).   LRFOP is a not for profit, private, fraternal organization organized and functioning pursuant to Internal Revenue Code 501(c)(8). *Stodghill v. Serv. Employees Int'l Union, Local 50, AFL-CIO, CLC*, 192 F.3d 1159, 1162 (8th Cir. 1999)). *See* also generally *Nat'l Union v. Marlow*, 74 F. 775, 775 (8th Cir. 1896).

Plaintiff's allegations against LRFOP are contained in paragraphs 11, 30-33, 41-43, 47-50, 55,  68-81, 82-95, 103-110 and 111-114 of his Amended Complaint, along with Ex. 1 paragraphs referenced therein. In paragraph 11, Plaintiff states, "At all relevant times, LRFOP was a police union and non-profit organization. . ." Knowing that any claim under 42 U.S.C. § 1983 or 42 U.S.C. § 1985 must be against a state actor, Plaintiff attempts the appearance of a proper claim under these statutes by making the conclusory statement that LRFOP was the exclusive bargaining agent for the City of Little Rock.

Contrary to Plaintiff's assertions, the existence of a collective bargaining agreement between LRFOP and the City of Little Rock does not make LRFOP a state actor subject to an action pursuant to 42 U.S.C. § 1983.  *See Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811 (7th Cir. 2009). In paragraph 72 of the Amended Complaint, Plaintiff cites to *Chicago Teachers Union Local No. 1 v.* Hudson, 475 U.S. 292, 301, 106 S. Ct. 1066, 1073 (1986). First, this case does

not stand for the proposition stated in the Amended Complaint: "The LRFOP is the exclusive bargaining agent for the City of Little Rock. Therefore, the LRFOP is a state actor, endowed by the state with powers or functions governmental in nature." However, *Chicago Teachers Union* does not make such a legal conclusion. In *Chi. Teachers Union*, the plaintiffs were non-union member teachers who objected to the school district—a state actor—deducting from those non-union member teachers' salaries, compensation paid to the union for that union's negotiation of all teachers' contracts. *Chi. Teachers Union*, 475 U.S. at  297-98. The Supreme Court made no determination that the union's functions constituted state action in that case; it looked at the constitutionality of the agreement between the union and the state actor, the school district. Not only is the current Plaintiff's case distinct from those of the plaintiffs in *Chi. Teachers Union*, the law and the facts in that case are completely inapplicable. The Plaintiff is not a member of the LRFOP, nor does the LRFOP have any power over his contract, pay, or even job duties. The Plaintiff's argument that the LRFOP is a state actor therefore is not supported by law.  Further, as cited herein, well-established case law stands for precisely the opposite conclusion. The mere fact that the LRFOP represents police officers does not make the union itself a public actor. *See, e.g., Magee v. Trs. Of the Hamline Univ.*, 957 F. Supp.2d 1047 (Dist. Minn. 2012).

Any argument that the LRFOP is a state actor or is, as alleged in the Amended Complaint, "endowed by the state with powers or functions governmental in nature" is spurious. Amended Complaint Para. 48. By its very nature, an "exclusive bargaining agent" occupies a position in direct opposition to the City of Little Rock and performs a wholly private function that is protected by state statute. *See* Ark. Code Ann. § 11-3-301 ("Freedom of organized labor to bargain collectively and freedom of unorganized labor to bargain individually is declared to be the public policy of the state under Arkansas Constitution, Amendment 34.")

It is nonsensical to argue that an organization that stands on the opposite side of the bargaining table from a government entity is therefore performing a governmental function. This is further elucidated by the fact that any such negotiations are voluntary. *See City of Fort Smith v. Arkansas State Council No. 38, AFSCME AFL-CIO*, 245 Ark. 409, 412, 433 S.W.2d 153, 155 (1968)("a municipality or other political subdivision is under no duty (which we take to mean a legally enforceable duty) to bargain collectively with its employees about wages, hours, or working conditions.") This adversarial, nongovernmental function of unions is further confirmed in the right of the bargaining agent to bring suit for a violation of any agreement reached with the governmental unit in an adversarial proceeding.  "The *power and duty to enforce* this subchapter is *conferred upon and vested in the circuit court* of the county in which any person, group of persons, firm, corporation, unincorporated association, labor organization, or representatives thereof who violate this subchapter, or any part hereof, reside or have a place of business or may be found and served with process." *See* Ark. Code Ann. § 11-3-302. (Emphasis added). Finally, it is clear that the rights secured through the collective bargaining agreement under Arkansas law are private rights that can be enforced by the union or the individual as a third-party beneficiary of the private contract between the union and the employer who are, logically, opposed on issues central to the employment relationship. *See Andrews v. Victor Metal Prod. Corp.*, 239 Ark. 763, 764, 394 S.W.2d 123, 123 (1965).

Plaintiff makes an alternative argument that LRFOP was "a willful participant in joint action with the state—namely, FULK, H. FINKS, STARKS, and others." *See* Amended Complaint, paragraph 73. The Plaintiff then lists the following "joint actions."

    a)  Orchestrating frivolous lawsuits with BURKS*;*

    b)  Funding the frivolous lawsuits brought by BURKS;

c)  Making false media announcements and coordinating media campaigns against PLAINTIFF;

d)  Attempting to solicit individuals to make false claims of sexual harassment against PLAINTIFF; and

e)  Other conspiratorial acts. *Id.*

LRFOP, Board and Committee Members deny these allegations of "joint actions," but even if Plaintiff's description of these actions was accurate, his argument still does not support an allegation of joint actions between LRFOP, Board and Committee Members with the state. In the lawsuits filed on behalf of the co-defendants Fulk, Finks, Starks and others mentioned vaguely in (a) and (b) above are in their individual capacities. The LRFOP media announcements and media campaigns are not coordinated with the City of Little Rock but are attempts to speak to the City of Little Rock on behalf of LRFOP members. Any efforts by LRFOP to support its members who have or might have claims of sexual harassment against the Plaintiff are not joint actions with the City; the City would more likely be a co-defendant with the Plaintiff in such an action. Not only is there no state action by LRFOP or the Board and Committee Members in these "joint actions," there is no logic in the plaintiff's argument. Again, Plaintiff's claim of state action is not supported by law.

The law is clear that, absent state action, Plaintiff's claims brought pursuant to 42 U.S.C. §1983 must fail. As the U.S. Supreme Court set out in *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999):

> To state a claim for relief in an action brought under § 1983, respondents must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law. Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.

The LRFOP is not a government organization and does not perform a governmental function. Plaintiff's claims fail for lack of state action even in the most beneficial reading of the Amended Complaint. Because Plaintiff has failed to state a claim for which relief can be granted against LRFOP, the claims of First Amendment Retaliation pursuant to 42 U.S.C. § 1983, Equal Protection under the Fifth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983, or 42 U.S.C. § 1985 against LRFOP are subject to dismissal. *See* Fed. R. Civ. P. 12(b)(6).

**C.      Plaintiff's First Amendment retaliation claim also fails as a matter of law.**

As stated *infra*, the LRFOP is not a state actor. However, even if LRFOP had been a state actor, LRFOP had no ability to a effectuate any change in Plaintiff's employment.  In fact, its actions have not changed Plaintiff's employment.

Further, Plaintiff is the chief of police, commander and final policy maker for the City of Little Rock Police Department. Assuming *arguendo* that Plaintiff's "policing philosophy" constitutes speech under the First Amendment to the United States Constitution, which our clients categorically deny, Plaintiff made such statements in his capacity as the chief of police.  Plaintiff attempts to work around this weakness in his case by alleging that he made statements as a private citizen prior to his hire date with LRPD.  However, at the time of those statements by Plaintiff, Plaintiff was the chief of police in Norman, Oklahoma and thus, still not a private citizen. As a public policy maker with any police department, his statements about policing are not protected free speech. *See Garcetti v. Ceballos*, 547 U.S. 410 (2006).

**D.      Plaintiff's Equal Protection under the Fifth and Fourteenth Amendments via 42 U.S.C. § 1983 fails as a matter of law.**

In paragraph 57 of Plaintiff's Amended Complaint, he alleges that he is bringing an equal protection claim as a "class of one."  However, the U.S. Supreme Court held that a class-of-one

theory under the Equal Protection Clause of the 14th Amendment does not apply in the public employment context. *Engquist v. Oregon Dept. of Agriculture*, 553 U.S. 591 (2008).

The Plaintiff is the Chief of Police for the City of Little Rock, meaning he is a public employee. Because he is a public employee, he may not bring an Equal Protection claim as a "class of one." Therefore, Plaintiff's claims fail in this regard as well.

**E.     Plaintiff's Civil Rights Conspiracy pursuant to 42 U.S.C. § 1985 also fails as a matter of law.**

In a similar case, *Gardner v. City of St. Louis,* 2020 U.S. Dist. LEXIS 179891 (E.D. MO., September 30th, 2020) Gardner sued police officers and a police union for abuse of process and a supposed civil rights conspiracy to deny equal protection of the law.   As in *Gardner*, Plaintiff's Amended Complaint "presents no specific material facts, circumstantial or otherwise, to show that Defendants acted with each other for the purpose of depriving [him] — or anyone else — of a constitutional right to equal protection." Instead, Plaintiff's allegations "represent the type of conclusory or formulaic recitations of the elements of a cause of action prohibited by the Rule 12(b)(6) pleading standard. *Braden,* 588 F.3d at 592 (quoting *Iqbal*, 556 U.S. at 677)." Here, the Court should also dismiss Plaintiff's Amended Complaint that appears to be a political and media effort, instead of alleging facts that detail the elements of real claims.

**1.     Plaintiff's alleged facts fails to establish an understanding between Defendants.**

Plaintiff alleges a conspiracy to interfere with his civil rights under the "equal protection" provisions of 42 U.S.C. § 1985(3) against all Defendants. To state a claim for conspiracy under § 1985, a plaintiff must allege: (1) a conspiracy; (2) for the purpose of depriving another of his civil rights; (3) an act in furtherance of the conspiracy; and (4) an injury to a person or property, or the deprivation of a legal right. *McDonald v. City of Saint Paul*, 679 F.3d 698, 706 (8th Cir. 2012);

*Federer v. Gephardt*, 363 F.3d 754, 757-58 (8th Cir. 2004). The "purpose" element of the conspiracy requires the plaintiff prove a racial, or otherwise class based "invidiously discriminatory animus." *City of Omaha Employees Betterment Ass'n v. City of Omaha*, 883 F.2d 650, 652 (8th Cir. 1989) (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102, 102 n. 10 (1971)); *see also Harrison v. Springdale Water & Sewer Comm'n*, 780 F.2d 1422, 1430 (8th Cir. 1986). The relevant text of Section 1985(3) provides a cause of action if:

> two or more persons conspire for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws[.]

To survive a motion to dismiss aimed at a conspiracy claim under § 1985, a plaintiff must "allege with particularity and specifically demonstrate with material facts that the defendants reached an agreement." *Johnson v. Perdue*, 862 F.3d 712, 717-18 (8th Cir. 2017) (quotation omitted). This showing can be accomplished by pointing to facts suggesting that the defendants reached an understanding to violate the plaintiff's civil rights. *Marti v. City of Maplewood, Mo.,* 57 F.3d 680, 685 (8th Cir. 1995) (citation omitted); *Nelson v. City of McGehee*, 876 F.2d 56, 59 (8th Cir. 1989) (quotation omitted). Although an express agreement between the purported conspirators need not be alleged, there must be something more than the summary allegation of a conspiracy before such a claim can withstand a motion to dismiss; "a party may not cry 'conspiracy' and throw himself on the jury's mercy." *Mershon v. Beasely*, 994 F.2d 449, 451 (8th Cir. 1993). *See also Kelly v. City of Omaha*, 813 F.3d 1070, 1078 (8th Cir. 2016) (dismissing conspiracy claim when plaintiff failed to allege any facts showing how and when defendants came to an agreement to violate her rights).

Here, there are no allegations that LRFOP, Board and Committee Members, and other defendants reached an understanding with other defendants to violate Plaintiff's rights. The other

defendants appear to be persons who worked closely with or followed Plaintiff's actions closely and would have more knowledge about him. When various individuals and entities from throughout the community began to object to Plaintiff's actions, perhaps, Plaintiff should have examined his own actions instead of crying "conspiracy."

2.     **Plaintiff fails to allege actions by a state actor.**

Again, LRFOP is not a state actor. The allegations that the LRFOP and the Board Members participated in efforts by LRFOP members to speak out against Plaintiff, bring lawsuits to preserve and assert their rights, and supported those efforts are not evidence of misconduct in any sense. Such activities are part and parcel of the activities of every labor organization.

The United States Supreme Court has held that a civil action cannot be maintained against a union and its officials for actions that only a government can be responsible for. *Union Brotherhood of Carpenters & Joiners of America*, Local 610, AFL–CIO v. Scott, 463 U.S. 825 (1983).  In *Union Brotherhood*, the U.S. Supreme Court held that § 1985(3) could not remedy private conspiracies by a union and its employees under the First Amendment because the Amendment's protections were limited to government actors. *Id.* at 838.

Plaintiff's allegations of civil rights conspiracy pursuant to 42 U.S.C. § 1985 are contained in paragraphs 78-79, in which LRFOP, Board and Committee Members are included as "all Defendants."  Claims against Board and Committee Members are contained in paragraphs 12 through 22 of the Amended Complaint. Of each Board and Committee Member, Plaintiff states that he or she "was a private citizen, was also a police officer with the LRPD, and a director of the LRFOP."  Although Ison is not a director of LRFOP, he is a Committee Member.

Notably, no allegations were made that the Board or Committee Members acted outside their roles within LRFOP. No allegations were made against any of the Board and Committee Members in

their capacity as officers of the law.  The claims made against the Board and Committee Members are in their private and individual capacities per the Amended Complaint.  It is axiomatic that said individuals are not acting and cannot act in their official capacities as government officials when their roles are clearly defined, as alleged in the Amended Complaint, as a union and as board and committee members thereof.

Further, although the Amended Complaint does include allegations against Fulk and Finks in their official capacities, the mere inclusion of that denomination in the statement of the case does not cure this deficit in Plaintiff's Amended Complaint.  The allegations against Fulk and Finks appear to be based on their actions in bringing lawsuits against Humphrey, and Fulk and Finks were not acting in their official capacities in undertaking those actions, which is likely the reason that the original complaint made only allegations against them in their individual capacities.  Humphrey's hire date came after their times as interim chief, so none of their actions during those times impacted him. Still, no allegations are made against any defendant acting in the capacity as a state actor.  Plaintiff's 42 U.S.C. § 1985 claim fails because the charge can only be brought against state actors.

**3.      Plaintiff failed to allege injury.**

Plaintiff has failed to state any injury as a result of the conspiracy alleged.  To that point, neither LRFOP, Board and Committee Members nor any of other defendants have the ability to effectuate any change in Plaintiff's employment, which is highlighted by Plaintiff's remaining in his position as Chief of Police with LRPD.

**4.      Plaintiff's class-of-one theory fails as a matter of law.**

Again, the U.S. Supreme Court held that a class-of-one theory under the Equal Protection Clause of the 14th Amendment simply does not apply in the public employment context. *Engquist v. Oregon Dept. of Agriculture*, 553 U.S. 591 (2008).  As Plaintiff is a public employee, his claim fails

as a matter of law on this basis as well.

**IV.    Plaintiff's claims against LRFOP, Board and Committee Members fail because they are entitled to nonprofit immunity.**

Arkansas law provides protections to individuals acting on behalf of a nonprofit organization. Ark. Code Ann. § 4-33-830 provides that "A director is not liable to the corporation, any member, *or any other person* for any action taken or not taken as a director, if the director acted in compliance with this section." (*Emphasis added*.)

Plaintiff alleges intermittently in the Amended Complaint that the Board & Committee Members engaged in activities in their individual capacities as well as members of the board of directors of the LRFOP.  Again, LRFOP is an organization that is duly organized and operating as a not for profit entity in Arkansas. The actions by the LRFOP, Board Members and Committee Member described in the Amended Complaint are actions taken by those individuals in their roles within the LRFOP.

No actions alleged against LRFOP, Board or Committee Members were outside the nonprofit or their roles in the nonprofit. As such, there can be no dispute that the Board Members and Committee Member are entitled to immunity from civil suit for said activities.

**V.    Plaintiff failed to plead essential elements for his defamation/libel claim.**

The failure of Plaintiff's federal claims has been detailed above, and his state claim of defamation/libel also fails due to LRFOP, Board and Members' nonprofit immunity.  In addition, Plaintiff fails to allege essential elements of a defamation/libel claim, which include (a) that a false statement was made and (b) actual damages. *See Robertson v. Daniel*, 2013 Ark. App. 160 at 6.  A Plaintiff's failure to plead facts supporting actual damages warrants dismissal. *Id.*

**1.    Plaintiff fails to allege specific false statements made by specific defendants.**

Plaintiff's allegations of defamation/libel against LRFOP, Board and Committee Members are contained in paragraphs 70-74 of the Amended Complaint. However, the Amended Complaint fails to state with any specificity what false statements LRFOP, Board and Committee Members were allegedly made.

**2.      Plaintiff fails to allege actual damages.**

As discussed above, Plaintiff must allege actual damages for a defamation/libel claim. However, there is no allegation of actual damages in Plaintiff's Amended Complaint, and Plaintiff has retained his position of Chief of LRPD as pled in the Amended Complaint.  For these reasons, Plaintiff has failed to state a claim for which relief can be granted for any of his claims against LRFOP, Board and Members.

**3.      Statements made by LRFOP, Board and Committee Members are protected speech.**

Public statements by LRFOP, Board and Committee Members concerning the Plaintiff's activities were matters of public concern ie: allegations of improper or immoral conduct and misuse of city equipment. *Sexton v. Martin*, 210 F.3d 905, 910 (8th Cir. 2000) ("…speech concerning potential misconduct by public officers is a matter of public concern.") Therefore, any such statements are protected by the First Amendment to the United States Constitution.

Contrary to Plaintiff's position as the duly appointed chief of police of the City of Little Rock, the LRFOP, Board and Committee Members are private citizens. To the extent that Plaintiff seeks to silence or hamper their efforts to publicly and privately criticize his official actions and conduct, the Amended Complaint violates Ark. Code Ann. § 16-63-501, commonly known as the "Citizen Participation in Government Act." Any criticism of the Plaintiff, whether made publicly or privately, is protected under Arkansas law.

"Privileged communication" also includes:

20

> (i) All expressions of opinion or criticisms in regard to any legislative, executive, or judicial proceeding, or other proceeding authorized by a state, regional, county, or municipal government; and
> (ii) All criticisms of the official acts of any and all public officers.

Ark. Code Ann. § 16-63-503. As a public figure, a public official, the final policymaker, and the highest-ranking member of the City of Little Rock Police Department, Plaintiff's actions are subject to critique, criticism, objection, and even ridicule. Such speech is protected under Federal and Arkansas law as valid exercises of free speech. The Arkansas legislature, recognizing that litigation could be used to infringe upon those rights to free speech through intimidation, harassment, and expense, specifically set out to protect such speech from infringement through lawsuits by providing immunity from such civil actions. *See* Ark. Code Ann. § 16-63-504. Instead of stating viable claims, Plaintiff's Amended Complaint actually violates the protections afforded LRFOP, Board and Committee Members under that statute, and the Amended Complaint appears to have been brought against LRFOP, Board and Committee Members in retaliation for their lawful actions.

## VI. Without the federal claims, this Court lacks subject-matter jurisdiction and venue is improper.

As detailed above, Plaintiff's federal claims fail as a matter of law. Without the federal claims, this Court lacks subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), and venue is improper pursuant to Fed. R. Civ. P. 12(b)(3). For these reasons and other reasons discussed herein, the Court should dismiss this case.

## CONCLUSION

Pursuant to Rule 12 (f) of the Federal Rules of Civil Procedure, these Defendants move to strike "redundant, immaterial, impertinent, or scandalous matter(s)" contained in the pleadings filed by the Plaintiff in this case, including but not limited to the Addendum. As discussed herein, these

matters are interposed for improper purposes, violate the basic pleadings requirements of the Federal Rules of Civil Procedure, and Plaintiff should be ordered to recast his pleadings absent those matters. Further, this material is inadmissible pursuant to Fed. R. Evid. 401, 402, 403, 404, 802, 901, 1002, and 1006, and Defendants object to the material on the basis of these rules.

Plaintiff has failed to properly serve the Board and Committee members pursuant to Fed. R. Civ. P. 4 and Local Rule 4.1. Further, Plaintiff has failed to state a claim for which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) for First Amendment Retaliation pursuant to 42 U.S.C. § 1983, Equal Protection under the Fifth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983, or 42 U.S.C. § 1985 against LRFOP, Board and Committee Members, because LRFOP is not a state actor and the allegations against the Board and Committee Members, were made against them in their individual and private capacities. In addition, each of the federal claims fail as a matter of law. Moreover, LFROP, Board and Committee Members are endowed with nonprofit immunity for the action alleged, and Plaintiff fails to allege all the necessary elements of defamation/libel. For the above stated reasons, the Amended Complaint should be dismissed.

WHEREFORE, Defendants, LRFOP, Board and Committee Members pray that Amended Complaint Addendum should be stricken in its entirety, those sections of the Amended Complaint that serve no legitimate purpose should be stricken, and the Amended Complaint should be dismissed, for their costs, attorneys' fees, and for all other proper relief.

Respectfully,

Chad Cumming &
Debby Linton Ferguson
Gill Ragon Owen
425 West Capitol Ave. Ste. 3800
Little Rock, AR 72201
Phone: (501)376-3800
ferguson@gill-law.com

cumming@gill-law.com

Lance LoRusso
1827 Powers Ferry Rd. SE
Building 8 Ste. 200
Atlanta, GA 30339
Phone: (770) 664-2378
lance@lorussolawfirm.com


By:___/s/ Debby L. Ferguson_____
    Debby Linton Ferguson (Ark. Bar No. 2001146)
    Chad Cumming (Ark. Bar No. 2008028)
    Lance LoRusso (#2007040)
    Attorneys for Defendants LRFOP, Board and
    Committee Members


## CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2020, I electronically filed a true and correct copy of the foregoing Brief in Support of Motion to Dismiss and Motion to Strike Amended Complaint with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to all the registered users:

Michael J. Laux
Laux Law Group
400 W. Capitol Ave., Ste. 1700
Little Rock, AR 72201
501-242-0750
mlaux@lauxlawgroup.com
Attorney for Plaintiff


____/s/ Debby L. Ferguson_____
Debby Linton Ferguson