# EXHIBIT A



W. J. "Bill" McCuen
SECRETARY OF STATE
State Capitol
Little Rock, Arkansas 72201-1094

# STATE OF ARKANSAS

## SECRETARY OF STATE

**W. J. "Bill" McCuen**
Secretary of State

## CERTIFICATE OF INCORPORATION OF DOMESTIC NON-PROFIT CORPORATION

*I, Bill McCuen, Secretary of State of the State of Arkansas, do hereby certify that*

LITTLE ROCK FRATERNAL ORDER OF POLICE LODGE #17

*has filed in the office of the Secretary of State, a duly certified copy of its Articles of Association in compliance with the provisions of the law, with their petition for incorporation under the name or style of*

LITTLE ROCK FRATERNAL ORDER OF POLICE LODGE #17

*they are therefore hereby declared a body politic and corporate, by the name and style aforesaid, with all the powers, privileges and immunities granted in the law thereunto appertaining.*



*In Testimony Whereof, I have hereunto set my hand and affixed my official Seal. Done at office in the City of Little Rock, this* 13th *day of* April *19* 87

W. J. "BILL" McCUEN

*Secretary of State*

EXHIBIT A

FILED

87-03525    1987 APR 13 PM 2: 25

BY _____
JACQUETTA ALEXANDER
PULASKI CO. CIRCUIT CLERK
AND RECORDER

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS

IN RE:    ARTICLES OF INCORPORATION
          LITTLE ROCK FRATERNAL ORDER OF POLICE
          LODGE #17

ORDER

On this date the Articles of Incorporation of the Little Rock Fraternal Order of Police Lodge #17, a proposed nonprofit corporation, are presented to the Court.

WHEREFORE, the Court hereby approves the proposed Articles of Incorporation and directs the Secretary of State to file the same upon completion of the filing requirements by the incorporators.

_David B Bogard_
CIRCUIT JUDGE

DATE: APR 13 1987

PREPARED BY:

ROBERT A. NEWCOMB
Attorney at Law
620 W. Third Street, Suite 200
P.O. Box 2301
Little Rock, AR 72203-2301
(501) 372-5577

By _Robert A Newcomb_
    Robert A. Newcomb
Attorney for LR FOP Lodge #17

FILED

APR 10 1987

W. J. "BILL" McCUEN
SECRETARY OF STATE
BY _____

FILED

87-03525 '87 APR 10 AM 11: 30

JACQUETTA ALEXANDER
PULASKI CO. CIRCUIT CLERK
AND RECORDER

ARTICLES OF INCORPORATION

OF

LITTLE ROCK FRATERNAL ORDER OF POLICE LODGE #17

We, the undersigned residents of the State of Arkansas being twenty-one years or more of age, do hereby associate ourselves together for the purpose of forming a nonprofit corporation under the statutes of the State of Arkansas, specifically Act 176 of 1963, the Arkansas Non-profit Act.

ARTICLE ONE

NAME AND LOCATION

The name of the corporation shall be LITTLE ROCK FRA-TERNAL ORDER OF POLICE LODGE #17 and its location shall be 1700 E. 2nd, City of Little Rock, County of Pulaski, State of Arkansas.

ARTICLE TWO

DURATION

The period of duration of this nonprofit corporation shall be perpetual.

ARTICLE THREE

PURPOSE CLAUSE

The business and purpose of this corporation shall be to effect the association of individuals employed as law enforcement officers by the Little Rock Police Department or retired officers of the Little Rock Police Department for fraternal purposes, to promote professional law enforcement, and for their mutual benefit and social betterment; to effect the establishment and operation of facilities for the recreation and entertainment of the corporation and eligible guests; to purchase, lease, hold, sell, develop, erect, build, mortgage, deed in trust, convey, or otherwise acquire and dispose of real and personal property, and to maintain and operate the same for the use and enjoyment of all members of the corporation, subject to such rules, regulations,

and restrictions as are set forth in the bylaws of this corporation and as determined by action of the Board of Directors in regular meetings; to perform charitable acts in behalf of individuals within the community and specifically in behalf of children; to perform benevolent acts and deeds in behalf of individuals in the community; to do all and everything necessary, suitable and proper for the accomplishment of any of the purposes or attainment of any of the objects heretofore set out or mentioned, either alone or in association with other individuals, corporations, or partnerships, including but not limited to the County, State, Federal, and Municipal bodies and authorities; to do and perform such things and acts and transact such business in connection with the foregoing objects not inconsistent with the general laws of this land or the objects and aims of this corporation and specifically such acts as necessary to qualify as a charitable organization under the Internal Revenue Code of the United States.

ARTICLE FOUR

NONSTOCK CORPORATION

The corporation shall be nonstock, and no dividends or pecuniary profits shall be declared or paid to the members thereof.

ARTICLE FIVE

DIRECTORS

The number of directors constituting the initial board of directors of the corporation is five (5) and the names and addresses of the persons who are to serve as initial directors are as follows:

| Name | Address |
| --- | --- |
| Brad Furlow | 700 W. Markham, Little Rock, AR 72201 |

Allen Quattlebaum 700 W. Markham
Little Rock, AR 72201

Sylvia Sheppard 700 W. Markham
Little Rock, AR 72201

Marty Garrison 700 W. Markham
Little Rock, AR 72201

Floyd Van Horn 700 W. Markham
Little Rock, AR 72201

ARTICLE SIX

ELECTION OF DIRECTORS

The manner in which the directors are to be elected by the members is as follows: By a majority vote of all active members voting in the election and for a term of one year.

ARTICLE SEVEN

CORPORATE OFFICERS AND THEIR FUNCTIONS

The general officers of the corporation shall be president, vice-president, secretary, and treasurer.

The principal duties of the president shall be to preside at all meetings of the members of the board of directors and to have general supervision of the affairs of the corporation.

The principal duties of the vice-president shall be to discharge the duties of the president in the event of absence or disability, for any cause whatsoever, of the president.

The principal duties of the secretary shall be to countersign all deeds, leases, and conveyances executed by the corporation and to such other papers as shall be required or directed and to keep a record of the proceedings of the corporation and to safely and systematically keep all books, papers, records, and documents belonging to the corporation, or in any way pertaining to the business thereof, except the books and records incidental to the duties of the treasurer.

The principal duties of the treasurer shall be to keep an account of all monies, credits, and property of any and every nature of the corporation which shall come into his hands, and to keep an accurate account of all monies received and disbursed and of proper vouchers for monies disbursed, and to render such accounts, statements, and inventories of monies received and disbursed and of money and property on hand, and generally of all matters pertaining to his office as shall be required by the board of directors.

The officers shall perform such additional or different duties as shall from time to time be imposed or required by the members or as may be prescribed from time to time by the bylaws.

## ARTICLE EIGHT

### ELECTION OF OFFICERS

The officers shall be elected by a majority vote of the members of the corporation voting at the election for a term set by the bylaws.

## ARTICLE NINE

### MEMBERSHIP REQUIREMENTS

The method and conditions on which members shall be accepted and discharged or expelled shall be as follows:

The corporation is hereby authorized to have three classes of membership, that being active, associate, and honorary; the requirements for each class of membership shall be determined by the bylaws of the corporation; a member may not be discharged or expelled without notice to said member and a majority vote of the members after said member has had an opportunity to present the member's explanation for the member's conduct.

ARTICLE TEN

AMENDMENTS

These articles may be amended in the manner provided by statute at the time of amendment.

ARTICLE ELEVEN

Sylvia Sheppard of 700 W. Markham, Little Rock, AR 72201, is agent for service of process.

ARTICLE TWELVE

INCORPORATORS

The names and residences of the persons forming this corporation are as follows:

| Name | Address |
|------|---------|
| Brad Furlow | 700 W. Markham<br>Little Rock, AR 72201 |
| Allen Quattlebaum | 700 W. Markham<br>Little Rock, AR 72201 |
| Sylvia Sheppard | 700 W. Markham<br>Little Rock, AR 72201 |
| Marty Garrison | 700 W. Markham<br>Little Rock, AR 72201 |
| Floyd Van Horn | 700 W. Markham<br>Little Rock, AR 72201 |

# CONSTITUTION
# LITTLE ROCK FRATERNAL ORDER OF POLICE, LODGE #17

### **PREAMBLE**

We, the members of the Little Rock Police Department, do hereby associate together for the following purposes:

To support and defend the Constitutions of the United States and the State of Arkansas; to inculcate loyalty and allegiance to the United States of America; to promote and foster the impartial enforcement of law and order; to improve the individual proficiency of our members in the performance of their duties; to encourage social, charitable and educational activities among all law enforcement officers; to create tradition of esprit de corps insuring fidelity to duty under all conditions and circumstances; to cultivate a spirit of fraternalism and mutual helpfulness among our membership and the people we serve; and to increase the efficiency of the police profession and thus more firmly establish the confidence of the public in the service that is dedicated to the protection of life and property.

All terms used herein to denominate gender shall be generic and, whenever appropriate, the singular shall include the plural and the plural shall include the singular.

# ARTICLE 1 - NAME

**SECTION 1.** This organization shall be known as the Little Rock Fraternal Order of Police, Lodge #17.

**SECTION 2.** The right to authorize, control and restrict the use of the name and insignia of this Order shall be with the Board of Directors of the Little Rock Fraternal Order of Police, Lodge #17.

# ARTICLE 2 - CHARACTER

**SECTION 1.** The Little Rock Fraternal Order of Police, Lodge #17 is an organization consisting of sworn and retired officers of the Little Rock Police Department.

**SECTION 2.** The Little Rock Fraternal Order of Police, Lodge #17 is an organization dedicated to the advancement and protection of police officers, the promotion of improved law enforcement methods, and the teaching of respect for law and order.

**SECTION 3.** The Little Rock Fraternal Order of Police advocates Civil Service, or other protective tenure of office systems, wage and retirement issues for law enforcement officers, and will work for the establishment and improvement of these laws and systems. The membership of this organization shall not strike or by concerted action cause a cessation of the performance of police duties, or induce its members to do likewise.

**SECTION 4.** The Little Rock Fraternal Order of Police, Lodge #17, is an organization dedicated to the advancement and protection of police officers, the promotion of improved law enforcement methods, and the teaching of respect for law and order.

**SECTION 6.** The Little Rock Fraternal Order of Police, Lodge #17, is an organization of police officers sworn to enforce the law at all times and under all circumstances.

**SECTION 7.** This Constitution shall be the fundamental Law of the Order, and together with the By-Laws enacted in conformance therewith, shall govern the conduct of the Little Rock Fraternal Order of Police, Lodge #17.

# ARTICLE 3 - MEMBERSHIP

**SECTION 1.**  Any regularly appointed full-time Police Officer of the City Little Rock may be eligible for membership in this organization, subject to provisions of this Constitution and By-Laws.  No person shall be denied membership because of race, religion, color, creed, sex, age, or national origin.

**SECTION 2.**  The term "regularly appointed full-time officer" shall mean for the purposes hereof, any Little Rock Police Officer who meets the minimum standards, has received the training and education required by the State of Arkansas, the City of Little Rock, or the Little Rock Police Department by which they are appointed and granted arrest powers.

**SECTION 3.**  There shall be three (3) classes of membership:  Active, Active Retired and Honorary.

    A.    **<u>Active Membership</u>**

1. Shall include regularly appointed full-time law enforcement officers of the City of Little Rock.
2. All new members may be given membership after nomination by a current member in good standing.  The membership will then only be approved after nomination has been voted on and approved by a two-thirds (2/3rds) vote of the members present during any monthly meeting.

    **B.**    **<u>Active Retired Membership</u>**

1. Shall include regularly appointed law enforcement officers of the City of Little Rock who have retired from their law enforcement duties and who have remained in good standing with the Little Rock FOP.
2. Requires the member to have been in good standing for the last five (5) years prior to retirement.  The exception to this requirement would be members who receive medical retirements prior to acquiring fire (5) years of service.
3. Requires the member to pay lodge dues at an amount set forth in Article 14 of the Little Rock Fraternal Order of Police By-Laws.

    C.    **<u>Honorary Membership</u>**

1. May be comprised of Little Rock FOP members who are retired, regularly appointed law enforcement officers of the City of Little Rock who elect not to become Active Retired members upon retirement.

2. May also be comprised of individuals recognized by the Little Rock Fraternal Order of police for exceptional service or contribution to the City of Little Rock, the law enforcement community, or the Little Rock Fraternal Order of Police.
3. Any Active member, upon retiring, may be given an honorary membership after nomination by a current member in good standing.
4. Requires Active members to have been in good standing for the last five (5) years prior to retirement. The exception to this requirement would be Active members who receive medical retirements prior to acquiring five (5) years of service.
5. The Honorary membership will then only be approved after nomination has been voted on and approved by a two-thirds (2/3rds) vote of the members present during any monthly meeting.

**SECTION 4**. When an Active member's employment with the Little Rock Police Department is terminated, his membership in the State and National Fraternal Order of Police shall be changed to inactive. His membership in the Little Rock Fraternal Order of police will revert to an Honorary membership until his appeals related to his employment termination are exhausted. If the member does not appeal his termination or if all appeals are exhausted and his employment is not reinstated, his membership in the Little Rock Fraternal Order of Police shall be terminated.

**SECTION 5.** Only Active and Active Retired members, as herein defined, shall have voice and vote. Honorary members shall have voice but not voting privileges. Any matter that exclusively affects the members of the bargaining unit (i.e., Statement of Agreement ratification, grievance processing, etc.) shall only be voted on by Active LRFOP dues-paying members of the bargaining unit.

# ARTICLE 4 – ASSOCIATE LODGE

**SECTION 1.** The Little Rock Fraternal Order of Police, Lodge #17, may form an Associate Lodge to be known as the Little Rock Fraternal Order of Police, Lodge #17 - Associate Lodge. The membership of which shall be comprised of public-spirited citizens who are interested in the welfare of Police Officers. Membership in the Little Rock Fraternal Order of Police, Lodge #17-Associate Lodge must be approved by majority vote of the members of the Little Rock Fraternal Order of Police, Lodge #17.

**SECTION 2.** The membership of the Associate Lodge shall not have the right of voice or vote at the meetings of the Little Rock Fraternal Order of Police, Lodge #17.

**SECTION 3.** Upon the formation of an Associate Lodge, it shall adopt a Constitution and By-Laws for its government, subject to the approval of the Board of Directors of the Little Rock Fraternal Order of Police, Lodge #17.

**SECTION 4.** The Associate Lodge shall be under the control and supervision of the Little Rock Fraternal Order of Police, Lodge, #17, and shall be accountable to it for all actions, funds received and expended.

# ARTICLE 5 - AUXILIARY

**SECTION 1.** The Little Rock Fraternal Order of Police, Lodge #17, recognizes, acknowledges and validates an Auxiliary when one is formed. Said Auxiliary shall be known as Little Rock Fraternal Order of Police, Lodge #17-Auxiliary and shall be subject to the control and supervision of the Little Rock Fraternal Order of Police, Lodge #17. They shall conform to and be governed by a Constitution and By-Laws that they shall adopt and which at all times shall be subject to the approval of the Board of Directors of the sponsoring Lodge.

# ARTICLE 6 - ORGANIZATION

**SECTION 1.** The Little Rock Fraternal Order of Police, Lodge #17, shall be comprised of members who are in good standing.

**SECTION 2.** The Little Rock Fraternal Order of Police, Lodge #17, shall hold a regularly scheduled meeting at least once each month.

# ARTICLE 7 - OFFICERS

The Officers of the Little Rock Fraternal Order of Police, Lodge #17, shall consist of President, Vice-President, Secretary, Treasurer, 2nd Vice-President, Sergeant-At-Arms, State Trustee and two (2) Lodge Trustees.

# ARTICLE 8 - BOARD OF DIRECTORS

**SECTION 1.** The Board of Directors shall be comprised of the President, Vice President, Immediate Past President, Secretary, Treasurer, 2nd Vice-President, Sergeant-At-Arms, and the Trustees. In the event the Immediate Past President is deceased or for some other reason is unable to serve the next junior living Past President shall assume this position as a member of the board.

**SECTION 2.** The Board of Directors shall meet in session at least once a month and transact such business as may come before it. The Board of Directors shall keep records of the business transacted at every Board Meeting and present a report at the regular monthly meeting of the Little Rock Fraternal Order of Police, Lodge #17.

**SECTION 3.**  The President of the Little Rock Fraternal Order of Police, Lodge #17, shall have the power to call a "special meeting" of the Board of Directors, of the Little Rock Fraternal Order of Police, Lodge #17, as whole at any time.

**SECTION 4.**  Any officer shall have the right of resigning at any time.  He shall present his resignation in writing, and if his accounts are found correct, his resignation may be accepted, providing there are no charges pending against him.  An audit of the Treasurer's accounts shall be required before his resignation is accepted.

> A.  Should the President for any reason resign or be unable to continue in his office, his vacancy shall be filled by the Vice-President.

> B.  Should a vacancy occur in any other elected Board position, for any reason, the following procedures will be followed:

> > 1.  If the position becomes vacant, and there are 12 months or more remaining in the term, the President shall announce the vacancy and initiate election protocol as established in Article 11 of this Constitution.

> > 2.  If the position becomes vacant, and there are less than 12 months remaining in the term, the President shall nominate a member in good standing as a replacement.  After nomination, the President's selection will be reviewed by the Board and considered for ratification and the following procedures will be followed:

> > > a.  For the purposes of this section, ratification means an affirmative vote of 2/3rds of the current Little Rock Fraternal Order of Police Executive Board.  Upon ratification, the member will immediately assume the duties of the position.
> > > b.  Should the Executive Board fail to ratify the nominee, the President shall nominate another person and the process outlined in this section will start again.

**SECTION 5.**  If any member of the Board of Directors resigns his position in the Police Department he or she shall automatically forfeit his or her office on the Board of Directors.

**SECTION 6**.  The Board of Directors shall transact the business of this Lodge and exercise the administrative powers of the Lodge between membership meetings.

**SECTION 7.**  Executive Board Members of the Little Rock Fraternal Order of Police are expected to fulfill their duties by attending all scheduled monthly meetings.  Should an Executive Board Member fail to attend four (4) scheduled monthly membership meetings during a calendar year, the President of the Lodge will call for that Board member's removal from office at the next monthly meeting.  Said removal may be also be accomplished by the

resignation of the Board member who has missed the four (4) meetings.  If the President is the Board member who has been absent from four (4) scheduled monthly membership meetings during a calendar year, the Vice-President will assume the duties of the President as they relate to this Section.

A.  Should the Board member refuse to resign his position on the Executive Board, the President will call for a vote of the membership to take place at the next scheduled General Membership Meeting.  The removal of the Board member will occur if 2/3rds of the members present at the meeting vote for the Board member's removal.   The Board member in question will have an opportunity to explain his absences prior to the vote.  Should the Board member survive the vote, and not be removed from office, the President may continue to call for the Board member's removal for any additional absences in that calendar year, using the procedures outlined in this section.

B.  If the Board member is removed from office by resignation or by 2/3rds vote, his position will be filled according to the procedures outlined in the Little Rock Fraternal Order of Police Constitution and By-Laws.

# ARTICLE 9 - LODGE PRESIDENT

**SECTION 1.**  The President shall preside at all meetings of the Lodge and Board of Directors.

**SECTION 2.**  He shall execute any and all contracts that may be authorized by the Lodge or its Board of Directors.

**SECTION 3**.  He shall be ex-officio member of all Standing Committees and Special Committees.

**SECTION 4.**  He shall have power to appoint a majority of any committee or committees, to inquire into any affair or matter affecting or concerning the Lodge.

**SECTION 5.**  He shall have the power to call all meetings of the Lodge, giving reasonable notice thereof.

**SECTION 6**.  By the nature of his position, the President shall attend as a delegate from Lodge #17, any State Lodge and/or Grand Lodge Biennial Conference that occurs during his term of office.

**SECTION 7.**  He shall convey to his successor all unfinished business of the Lodge.

**SECTION 8.**  He shall be authorized to sign checks, should either the Secretary or Treasurer be unavailable to carry out this function.

**SECTION 9.**  His term of office shall be for two (2) years.

**SECTION 10.** He shall have power to spend up to five-hundred ($500.00) per month without prior approval of the Executive Board; keeping a list of all such expenditures which shall be presented at the next scheduled Executive Board and General Membership Meetings at which time the Executive Board or General Membership may, by a majority vote, suspend his powers under this section.

**SECTION 11.** The Lodge President shall receive an annual salary of $12,000.00, payable in equal monthly installments, during his term of office.  The payment of this salary to the Lodge President will be effective as of January 1, 2017.  If the Lodge President should vacate his position prior to the expiration of his term of office, the salary paid to him shall be discontinued immediately upon his departure.  The salary will then be paid to the Vice-President or any other Little Rock Fraternal Order of Police Board Member who assumes the responsibilities of the President, as outlined in these Constitution and By-Laws.

# ARTICLE 10 - VICE-PRESIDENT

**SECTION 1.**  The Vice-President shall assist the President in the performance of his duties and in the absence of the President, shall exercise the powers and duties of that office.

**SECTION 2.**  He shall assume the office of the President should the President leave office or for any other reason is unable to continue in office.

**SECTION 3.**  He shall have the power to appoint the minority of all Standing Committees and Special Committees except the Nominating Committee.

**SECTION 4.**  He shall perform such other duties that may be ordered by the Lodge President or the Board of Directors.

**SECTION 5.**  His term of office shall be two (2) years.

# ARTICLE 11 - OTHER LODGE OFFICERS

**SECTION 1.**  The Immediate Past President shall advise and assist the President and the Board of Directors in the performance of their duties and shall execute such assignments as may be ordered by them or either of them.

**SECTION 2**. The Secretary, Treasurer, 2nd Vice-President, Sergeant-At-Arms, and Trustees of the Little Rock Fraternal Order of Police, Lodge #17, shall perform the duties prescribed for their respective offices by the Lodge By-Laws.

**SECTION 3.** The terms of office for the other lodge officers shall be two (2) years.

# ARTICLE 12 - DISCIPLINE

**SECTION 1.** Any membership in the Little Rock Fraternal Order of Police, Lodge #17, may be canceled, suspended or revoked after notice of hearing by the Board of Directors of the Little Rock Fraternal Order of Police, Lodge #17, as prescribed in the Little Rock Fraternal Order of Police By-Laws.

**SECTION 2.** In the matter of discipline of a member of this Lodge, the decision of the Board of Directors shall be final, provided; however, that such decision may be appealed to the General Membership of Lodge #17.

**SECTION 3.** The decisions of discipline as voted on by the General Membership of Lodge #17 may be appealed to the AR State Lodge Fraternal Order of Police.

# ARTICLE 13 - PARLIAMENTARY PROCEDURES

Except as provided in the Constitution and By-Laws, "Robert's Rules of Order, Revised", shall govern the conduct and deliberations of the Little Rock Fraternal Order of Police, Lodge #17.

# ARTICLE 14 - SPECIAL CLAUSES UPON ADOPTION OF THIS CONSTITUTION

**SECTION 1.** Upon adoption of this constitution, the current elected Officers shall continue in office through calendar year 1985.

**SECTION 2.** The Board positions under the Little Rock Municipal Police Association, Inc. Constitution and By-Laws shall be equated to the new Constitution and By-Laws in the following manner:

| L.R.M.P.A. | F.O.P. LODGE #17 |
|---|---|
| PRESIDENT | PRESIDENT |
| VICE-PRESIDENT | VICE-PRESIDENT |
| SECRETARY | SECRETARY |
| TREASURER | TREASURER |
| BUDGET & FINANCE | 2nd VICE-PRESIDENT |
| RESOLUTION CHAIRMAN | SERGEANT-AT-ARMS |

| | |
|---|---|
| DIRECTOR POSITION #1 | TRUSTEE POSITION #1 |
| DIRECTOR POSITION #2 | TRUSTEE POSITION #2 |
| DIRECTOR POSITION #3 | STATE TRUSTEE |

# ARTICLE 15 - CONSTITUTIONAL AMENDMENTS

**SECTION 1.**  Upon adoption of these Constitution and By-Laws, they may not be amended except at a regular monthly meeting of the Lodge, said amendment having been proposed, in writing, at the previous regular monthly meeting.

**SECTION 2.**  Prior to voting on a proposed Constitution or By-Law amendment, an Election Committee made up of three (3) members not involved in submission of the proposed amendment(s) shall be appointed.  This committee shall distribute ballots, if applicable, and oversee the voting.  The amendment vote shall be by ballot, prepared and distributed to the membership, stating the proposed amendment under consideration.  The ballots can be made available to all members electronically via the Little Rock Fraternal Order of Police website.  Voting results from any electronic voting via the website will be displayed on the website and certified by the Election Committee.  If paper ballots are utilized, those ballots will be tabulated, certified, and reported by the Election Committee.

**SECTION 3.**  It shall require a two-thirds (2/3) affirmative vote of the ballots cast, for passage of the amendment.

# ARTICLE 16- OFFICIAL RITUAL

**SECTION 1.**  There shall be an official ritual of the Order which shall be known as the Fraternal Order of Police Ritual.

**SECTION 2.**  The Ritual of the Little Rock Fraternal Order of Police, Lodge #17, shall be the same as that used by the Grand Lodge Fraternal Order of Police.

# BY – LAWS
# LITTLE ROCK FRATERNAL ORDER OF POLICE, LODGE #17

## ARTICLE 1 - MEMBERSHIP OF F.O.P., LODGE #17

**Section 1.**　　A member in good standing is hereby defined to be a member who has paid all dues and assessments, due and payable to or for the Grand Lodge, State Lodge and Lodge #17, or who is not more than 30 days in arrears of such payment as of the date specified for the payment thereof.  Further, a member in good standing shall be defined as a member who has not been suspended for violating these Constitution and By-Laws or who has not otherwise relinquished his membership.

**Section 2.**　　Any member in good standing for a period of one year or more may be elected to any office, including the office of delegate to the Biennial conference of the Grand Lodge and State Lodge, providing he is otherwise eligible.  Any Member not so qualified shall be ineligible for election to any office.

**Section 3.**　　Any member in arrears of payment of dues or assessments more than 30 days and less than 90 days, shall be deemed to be delinquent and is not in good standing.

**Section 4.**　　Any member in arrears of payment of dues or assessments more than 90 days shall be and is hereby automatically suspended.

**Section 5.**　　Any member delinquent or suspended, as provided in Sections 3 and 4 of this article, may be re-instated and restored to good standing by the payment of all amounts due at the time of the re-instatement.

# ARTICLE 2 - SECRETARY

**Section 1.**    The Secretary shall have custody of the books, records, documents, Seal of the Lodge, and office paraphernalia and equipment, under the general authority and orders of the Lodge President and the Board of Directors.  He shall take a record and transcribe the minutes of the general meetings and meetings of the Board of Directors and shall submit the same for approval or rejection at the next succeeding meeting of the General Membership, as the case may be.

**Section 2.**    He shall conduct the general correspondence of the Lodge.  He shall provide to the President of the Lodge, a copy of minutes and post copies of the same in the Lodge building.  Together with the President or Treasurer, he shall attest to all warrants or vouchers for cash disbursements from any fund of the Lodge.  He shall attest, under the Seal of the Lodge, all duly authorized contracts of the Lodge.

**Section 3.**    He shall be the official custodian of the Constitution and By-Laws of the Lodge, which shall be authenticated by the Seal of the Lodge and the signatures of the President and the Secretary.  He shall keep a record of the official amendments adopted by the Lodge amending the Constitution and By-Laws, duly authenticated by the Seal of the Lodge and the signatures of the President and the Secretary, in a book to be known as the Book of Amendments to Constitution and By-Laws.

**Section 4.**    All incoming monies for the Lodge shall be delivered to the Secretary, who shall keep a record of same and then forward said monies to the Treasurer for deposit in the proper accounts of the Lodge.

**Section 5.**    It shall be the duty of the Secretary to file all necessary local, county, state and Federal documents and pay all assessments due to the filing of said documents.

**Section 6.**    At the expiration of his term of office and within fifteen (15) days thereafter, the Secretary shall deliver to his successor the official Seal of the Lodge and all books, documents, records, and office paraphernalia and equipment in his possession, and shall require and receive a receipt therefore.

**Section 7.**    The Secretary shall issue annual dues cards to all members in good standing in January.

**Section 8.**    The Secretary's term of office shall be two (2) years.

# ARTICLE 3 - TREASURER

**Section 1.** The Treasurer shall be the custodian of the funds of the Lodge. He shall sign all checks duly authorized by the President and forward the same to the Secretary for disbursement of funds. He shall keep an itemized record of all receipts and disbursements. He shall deposit all funds collected in the bank approved by the Board of Directors. He shall set up special accounts for special funds as directed by the Board of Directors, and allocate to each respectively, the amounts authorized or collected therefore. He shall make regular monthly reports to the Board of Directors and the General membership as to the condition of the various funds. He shall submit an annual Financial Report for the preceding year, in writing, to the General Membership and the Board of Directors at the first general meeting in January.

**Section 2.** At the expiration of his term of office and within fifteen (15) days thereafter, the Treasurer shall deliver to his successor all books, documents, records and equipment in his possession and shall require and receive a receipt therefore.

**Section 3.** The Treasurer's term of office shall be two (2) years.

# ARTICLE 4 - 2ND VICE-PRESIDENT

**Section 1.** The 2nd Vice-President shall examine the dues cards of members, ascertaining that all present at meetings are in good standing; taking up the password and shall make a report to the President. He shall be responsible for the collecting and returning to the Secretary the dues cards of any member not in good standing. He shall perform such other duties as prescribed by the President.

**Section 2.** The 2nd Vice-President's term of office shall be two (2) years.

# ARTICLE 5 - SERGEANT-AT-ARMS

**Section 1.** The Sergeant-At-Arms shall have charge and control of the meeting place. He shall permit only qualified persons to enter or remain. He shall assist the 2nd Vice-President in the execution of such duties as the President may order.

**Section 2.** The Sergeant-At-Arm's term of office shall be for two (2) years.

# ARTICLE 6 - BOARD OF TRUSTEES

**Section 1.**    The Board of Trustees shall consist of Lodge Trustee Position One (1), Lodge Trustee Position Two (2), and the State Lodge Trustee.

**Section 2.**    The Board of Trustees shall have charge of and be responsible for all property of Lodge #17.  The Board of Trustees shall:

    a.    Take charge of all physical property of Lodge #17.

    b.    Make a complete itemized inventory of such property.

    c.    During the month of January, file with the Board of Directors a certified copy of such inventory.

    d.    During the month of January, conduct an audit of all funds and financial books and records of the Lodge or cause such audit to be done and make a report hereon to the Board of Directors.

    e.    Ascertain that all monies received have been and are being allocated to the proper funds and are so deposited in the name and to the credit of Lodge #17

    f.    Upon order of the Lodge or Board of Directors, shall investigate investment potentials of surplus funds of the Lodge and make recommendations concerning the best capital outlay with regard to interest bearing bonds, U.S. Treasury Notes, Credit Unions, Time Deposit Certificates, etc.

    g.    Shall make a full and complete monthly report to the Lodge of all business transacted since the last regular meeting.

    h.    Shall perform such other duties as the President or Board of Directors may direct.

**Section 3.**    The State Lodge Trustee shall:

    a.    Attend all meetings of the State Lodge or State Executive Board and report such meeting to Lodge #17 at its regular monthly meeting.

    b.    Perform such duties as may be required by the State Lodge.

    c.    By nature of his position on the State Lodge Board, will attend as a delegate from Lodge #17, any Grand Lodge Biennial conference that occurs during his term of office.

**Section 4.**    The term of office for all Little Rock FOP Trustees shall be two (2) years.

# ARTICLE 7 - COMMITTEES

**Section 1.**       Standing Committees shall:

    a.    Consist of no less than three (3) members nor more than five (5), and be selected in accordance with the Little Rock Fraternal Order of Police, Lodge #17 Constitution.

    b.    Meet as needed by the call by the Chairman or by the call of two (2) members of the committee.

    c.    Report its activities at regular monthly meetings of Lodge #17, if business was conducted by the committee prior to that monthly meeting.

    d.    Consist of the following committees:

        1.    Building Committee
        2.    Catastrophic Incident Fund Committee
        3.    Constitution and By-Laws Committee
        4.    Entertainment Committee
        5.    Grievance and Legal Aid Committee
        6.    Legislative and Retirement Committee
        7.    Membership Committee
        8.    Memorial Committee
        9.    Minority Issues Committee
        10.    Negotiations Committee
        11.    Weight Room Committee

**Section 2.**       Select Committees shall:

    a.    Consist of no less than three (3) members or more than five (5), and be selected in accordance with the Little Rock Fraternal Order of Police, Lodge #17 Constitution.

    b.    Meet as needed by call of the Chairman or by the call of two (2) members of the Committee.

    c.    Report and make recommendations on its findings, as requested by the President or when it concludes its business.

**Section 3.**       All committee members are subject to removal from a committee, Should they be absent from more than three (3) consecutive committee meetings.

**Section 4.**       Should a committee member resign his position on a committee, the vacancy shall be filled with the appointment of another member by the official making the original appointment.

**Section 5.**       All committee members shall serve on their respective committees in accordance with Robert's Rules of Order.

# ARTICLE 8 - REPORTS

Reports of all Lodge Officers, standing committees, and select committees shall be submitted, in writing, at the time the report is given.

# ARTICLE 9 - MEETINGS

**Section 1.**  Regular meetings shall:

a.  Be held monthly at a day and time designated by a vote of the General Membership at its first meeting in the month of January.

b.  Be held at the Lodge Hall unless otherwise specified.  Such exception shall require the notice be posted at the Lodge Hall and in areas provided at Police Headquarters.

c.  As it relates to these Constitution and By-Laws, a quorum of the membership shall be defined as 10% of the current number of active and active-retired members of the Little Rock F.O.P.  If a quorum of the membership is not present at a meeting, the meeting will revert to an Executive Board of Directors meeting, and the members of the Executive Board shall have the authority to handle any business that comes before it, as long as there is a quorum of the Executive Board of Directors present.  A quorum of the Executive Board of Directors shall be defined as 50% plus one of the total Board positions.

**Section 2.**  Special meetings shall:

a.  Be held at a date, time and place so designated in the call for the meeting made by the President.

b.  Have notice posted a minimum of three (3) calendar days prior to the meeting time.  Such notice shall be posted at the Lodge Hall and in areas provided at Police Headquarters.

c.  Be restricted to only such business that appears in the call of the meeting, unless these words are included in the call:  "and such other business as may properly come before it".

**Section 3.**  Recording of Meetings

a.  Audio or video recording of any meeting by any member or any other person in attendance at the meeting shall be prohibited, unless the member or attendee has been given written permission that is signed by a quorum of the Little Rock Fraternal Order of Police, Lodge #17, Executive Board of Directors.

# ARTICLE 10 - OFFICIAL ORDER OF BUSINESS

**Section 1.**     The order of business at all lodge meetings shall be:

1.  Reading call for meeting.  (President)
2.  Roll call of Officers.  (Secretary)
3.  Report of 2nd Vice-President on credentials.  (2nd Vice-President)
4.  Reading of rough minutes of previous meeting.  (Secretary)
5.  Acceptance of new applications for membership
6.  Report of Board of Directors.
7.  Report of Board of Trustees.
8.  Report of Officers.
9.  Report of Committees.
10. Unfinished Business.
11. New Business.
12. Nomination of Officers.  (During Elections)
13. Election of Officers.  (During Elections)
14. Installation of Officers.  (During Elections)
15. Good of the Order.
16. Adjournment.

# ARTICLE 11 - NOMINATION AND ELECTION OF OFFICERS OF LODGE #17

**Section 1.**     In Accordance with the Little Rock Fraternal Order of Police, Lodge #17 Constitution:

a.  Nominations of candidates for election as Officers shall be made no later than the regular scheduled meeting held in the month of October.
b.  After being declared closed, nominations shall not be reopened.
c.  After the nominations for officers are closed, the members who are nominated for elected offices shall be granted the opportunity to present their qualifications and their program, if any, before the members of the Lodge.  The time allowed each candidate shall not exceed five (5) minutes

**Section 2.**     Nominations shall be made from the floor for any elected positions open for election, by and of members in good standing.

**Section 3.**

    a.    The Lodge Officers shall be elected by a plurality vote from the members of the Lodge. A printed ballot, listing the names of all qualified candidates, shall be furnished each member, who after indicating his choice thereon, shall deposit the ballot in a receptacle provided for that purpose.

    b.    The ballot box used in the election shall be returned to the Lodge after all votes are taken from the respective polling places. The ballot box will then remain at the Lodge until all votes are counted and the election is certified by the Election Committee. Should the Lodge ever convert to an electronic voting system via the Internet, the results from the electronic voting will be reported to the Little Rock FOP Executive Board by the website administrator and then certified by the Election Committee.

**Section 4.**

    a.    An election committee, made up of three (3) members, who are not Candidates for office, shall be appointed after the nominations for officers are closed, and they shall distribute the ballots and oversee the voting.

    b.    After the polls are closed, the Election Committee shall count the votes, determine how many have been cast for each candidate and present the results to the President and the Lodge membership.

    **Section 5.**    The Lodge, during its first regular meeting in the month of November, shall elect Lodge Officers as prescribed in this Article.

    **Section 6.**    The newly elected Officers shall be installed as the last order of business at the regular meeting of the Lodge in the month of December and at this time shall assume their respective duties.

# ARTICLE 12 - NOMINATIONS AND ELECTIONS OF DELEGATES TO STATE & NATIONAL CONFERENCES

**Section 1.**

    a.    The President and the State Trustee, by nature of their positions, shall be representatives of Lodge #17 at all State and National Biennial Conferences.

    b.    The additional Delegates and at least one (1) Alternate Delegate shall be nominated by the Little Rock Fraternal Order of Police, Lodge #17 Executive Board of Directors during the General Membership meeting or by any member present at that General

Membership Meeting. Any member nominated to serve as a Delegate or Alternate Delegate must be a member in good standing and must have attended at least four (4) of the past twelve (12) Little Rock Fraternal Order of Police, Lodge #17 General Membership Meetings preceding the meeting that the nomination is made. After all nominations have been made, a vote will take place, either by voice or ballot, and those members receiving the majority of votes for each Delegate and Alternate Delegate position will serve as Delegates and Alternate Delegates to the respective conference. If, after being elected to serve as a Delegate, a member cannot fulfill his obligation, he must immediately notify the Little Rock Fraternal Order of Police President. The President shall then designate an Alternate Delegate to be reclassified as a Delegate. In the event that no Alternate Delegates exist, and time constraints preclude holding another election, the President shall appoint a member in good standing to serve as a Delegate to the respective conference.

**Section 2.** The number of Delegate positions shall be determined by the National and State Constitution and By-Laws.

# ARTICLE 13 - RULES & PROCEDURES IN CASE OF DISCIPLINE, SUSPENSION, CANCELLATION OR REVOCATION OF MEMBERSHIP

**Section 1.** A member is considered not to be in good standing if he is in violation of any article of these Constitution and By-Laws.

**Section 2.** The membership of any member of this Lodge may be suspended, cancelled, or revoked for good and sufficient cause, after a hearing by the Board of Directors.

**Section 3.** In conducting any hearing or investigation of misconduct of any member, the Board of Directors shall:

a. Require that said complaint be made under Oath.
b. Serve upon the member personally, in writing, a copy of said complaint with such specifications of facts as shall enable the member to be placed fairly upon defense.
c. Allow a period of not less than thirty (30) days after service of a copy of the complaint before the hearing.
d. In the hearing, confine their consideration to the specific facts set forth in the copy of the complaint.
e. In the hearing, the order of procedure shall be as follows:

1. The complainant shall advise his evidence in support of the charges and specifications.
2. The accused member shall then have the right to produce such evidence as he may wish to offer in defense of such facts.
3. The complainant may offer evidence in rebuttal.
4. The production of evidence in the hearing and the determination and decision thereon, shall be governed in general, by the Rules of Evidence, proof and burden applied generally by the courts in civil cases. The complainant and the member against whom the complaint has been made may be represented by Counsel.
5. An affirmative vote of three-quarters (3/4) of the Board of Directors is necessary to discipline, suspend, cancel or revoke the membership of a member.

**Section 4.** In any matter of discipline, suspension, cancellation, or revocation of any member of this Lodge, the decision of the Board of Directors shall be final, provided however, that such decision may be appealed at the next regularly scheduled meeting to the General Membership of the Lodge, and further to the State Lodge Board of Directors.

**Section 5.** In the matter of discipline, suspension, cancellation or revocation of any member of this Lodge, upon appeal to the State Lodge Board of Directors, the decision of the Executive Board of the Arkansas State Lodge shall be final, provided that such decision may be appealed to the Grand Lodge Board of Directors.

**Section 6.** The Board of Directors may initiate discipline, suspension, cancellation or revocation procedures against a member for just cause without a formal complaint being filed; however, the same procedures as outlined in this Article shall apply.

# ARTICLE 14 - DUES AND ASSESSMENTS

**Section 1.**

a. Active members shall pay the Lodge's dues in the amount equal to one-percent (1%) of the entry level Patrolman's gross salary per month, or an amount set by vote of the Lodge members. Dues shall be paid by payroll deduction, unless that payment mechanism is not available.
b. Active Retired members no longer employed as regularly appointed law enforcement officers of the City of Little Rock shall pay Lodge dues in the amount equal to (1/2%) of the entry level Patrolman's salary, or an amount set by vote of the Lodge members. Those dues

shall be paid by automatic bank draft or personal check. It shall be the responsibility of each Active Retired member to remit all annual dues by October 1st of each year.

   c. Honorary members shall pay no dues.

**Section 2.**    A request for change in Lodge dues must be submitted at a regular monthly meeting of the Lodge. The request for change in Lodge dues will be placed on the agenda of the next meeting for discussion. Dates and a poll location will be set during this meeting to conduct the vote on the proposed dues amount being changed.

**Section 3.**    A vote to consider a change in dues shall be by ballot, on ballots prepared and available to all members in good standing. Ballots shall state the proposed dues change and date the increase shall take place. The ballots shall be returned to the Secretary prior to the beginning of the next regularly scheduled General Membership meeting. Ballots will be tabulated and the results announced at that General Membership meeting. If voting is conducted electronically via the Little Rock FOP Website, the dates and times for the vote will be announced to the membership and the results of the vote will be posted on the Website on or before the next regularly scheduled General Membership Meeting.

**Section 4.**    Dues paid by the membership shall be allocated as follows:

   a. 90% of said dues shall be for current operating expenses of the Lodge and will be deposited in the General Fund.

   b. 10% of said dues shall be for legal defense purposes and shall be deposited in a Legal Defense Fund. Provided, however, that whenever the monies in the Legal Defense Fund shall exceed the sum of $10,000.00, the Board of Directors may in its discretion discontinue the allocation to this fund, with the condition that a minimum balance of $10,000.00 shall be maintained at all times. Provided further that should the above mentioned fund allocations be discontinued, such monies shall be deposited in the General Fund and be re-allocated as needed to maintain such fund.

**Section 5.**    If the Board of Directors, by a two-thirds (2/3) vote in the Affirmative deems it necessary that an assessment is needed to increase the treasury of the Little Rock Lodge #17 to meet an emergency, they may assess to each member of the Lodge an appropriate amount of monies to cover the estimated expense of the emergency. Further, provided that if said assessment is over the actual amount of the expense, any excess monies will be deposited in the General Fund.

**Section 6.**    Lodge 17 shall pay to the State Lodge, the per capita tax and assessments provided for in the AR State FOP By-Laws prior to November 1st.

# ARTICLE 15 - EXPENSES AND CONPENSATION OF OFFICERS AND MEMBERS

Any Lodge 17 Officer or member, performing duties of, or service for Lodge 17 by order of the Board of Directors or Lodge 17 President, shall receive compensation for all monies spent by him in the regular course of Legislative or other duties. Such Officer or member shall submit a voucher to the Lodge Secretary itemizing expenses incurred, and paid by him in the performance of such duties or services and shall be reimbursed therefore by Lodge 17.

# ARTICLE 16 - LEGAL AID

**Section 1.** Any member subject to disciplinary or legal action as a result of the proper performance of police or F.O.P. duties or any law enforcement group which is subject to court action as a group, may submit a request for legal aid to Lodge 17 in the manner set out in the following sections.

      a. Any member who believes that they have not been dealt with in a fair fashion by the City of Little Rock, the Police Department, or any of their agents may seek legal aid from Lodge 17. These requests will go through the same approval process as outlined below.

      b. Any member who has been subject to investigation (criminal or administrative) by anyone and exonerated of all charges may request legal aid from Lodge 17 to assist with civil actions against their accuser. These requests will go through the same approval process as outlined below.

**Section 2.** Any member wishing to seek legal aid from Lodge 17 will submit the request, in writing, and any supporting documents to the President. The President will then forward the request to the Grievance and Legal Aid Committee.

      a. If the action for which the legal aid is being requested occurred prior to the member becoming a member in good standing, then that request will be denied.

**Section 3.** The Grievance and Legal Aid Committee will meet within three (3) working days of the receipt of the request to review the request and supporting documents.

      a. The Committee will review the request to ensure that it meets the requirements set out in Section 1.

      b. The Committee will determine if the requesting member is covered by any form of legal aid insurance.

      c.      The Committee may ask the requesting member to appear before it to explain the request.

**Section 4.**      The Grievance and Legal Aid Committee will forward its findings and its recommendations to the Board of Directors within two (2) working days of its meeting.

      a.      The Chairman of the Committee may request a delay in forwarding the Committee's decision. This request will be made to the Lodge President. If the President finds that it is in the best interest of the Lodge to do so, then he may grant this request. He will then set a new time table for the recommendation to be forwarded to the Board of Directors.

**Section 5.**      The Board of Directors will meet within three (3) working days of receiving the request and recommendations from the Committee to review the request and the recommendations of the Committee.

**Section 6.**      If the member requesting legal aid is found to be covered by legal aid insurance which will cover all or part of the cost of the action, the Board of Directors will instruct the member to utilize that insurance prior to receiving aid from Lodge 17.

**Section 7.**      If a member finds that the legal aid insurance they have will not cover all of the cost of their legal action, then that member may resubmit a request for legal aid to cover the cost that the insurance will not pay. This request will be handled as outlined in these By-Laws.

**Section 8.**      The President has the authority to authorize the use of an F.O.P. attorney in cases of extreme emergency (i.e., officer involved shootings). However, after the emergency has passed, the Board of Directors will make a determination as to whether the continued use of an F.O.P. attorney is necessary.

**Section 9.**      A majority of a quorum of the general membership of any general membership meeting may override the decision of the President or the Board of Directors concerning any request for legal aid.

**Section 10.**      Except for instances falling under Section 8, no member shall allege, indicate or promise that Lodge 17 will assume any payments nor shall Lodge 17 pay or promise to pay any legal aid unless specifically and directly authorized by the Board of Directors in writing, signed by both the President and Secretary of Lodge 17, under the Lodge Seal.

**Section 11.**      The Little Rock FOP shall limit financial assistance to a member requesting legal aid to $500.00 when:

    a.   the member elected not to purchase the National FOP Legal Defense Insurance, regardless of whether the insurance would have covered the event for which the member is requesting legal aid.

# ARTICLE 17 - MONETARY LOANS

**Section 1.**    All requests for monetary loans from members of Lodge 17 must be made in the following manner, when a member, as a result of the performance of police duty receives disciplinary action:

    a.   The member must first submit the request, all relative facts and the amount requested to the Lodge 17 Executive Board of Directors in Writing.

    b.   The Board of Directors for Lodge 17 may then consider the request and make their recommendations.

**Section 2.**    All requests for monetary loans will be heard at the next General Membership meeting, regardless if it is a regular or special meeting. Requests will not be heard unless they are in written form and have followed the provisions of Section 1.

**Section 3.**    Monetary loans for any purpose other than for loss of pay as a result of disciplinary action, while a member was acting in his official capacity, will not be granted.

**Section 4.**    Monetary loans to cover pay losses shall be based on the member's net pay for the period of the disciplinary action. The maximum allowable loan shall be for one-thousand dollars ($1,000.00).

**Section 5.**    Members that are granted monetary loans from Lodge 17 must agree to sign a promissory note to pay back the loan. The promissory note must be signed by the requesting member, the President of Lodge 17, and the Secretary of Lodge 17, under Lodge Seal, prior to the loan being made.

**Section 6.**    The Lodge 17 Board of Directors will designate the amount of time the member has to pay back the monetary loan. The maximum allowable time will not exceed eighteen (18) months.

**Section 7.**    In cases of emergency, where time is of great importance and waiting for a General Membership meeting could cause great hardship on the requesting member, direct appeal to the President of Lodge 17, in writing, may be accepted. The President, after getting a favorable vote from the Board of Directors, may grant a monetary loan for a maximum of one-thousand dollars ($1,000.00).

# ARTICLE 18 - CATASTROPHIC INCIDENT FUND

**Section 1.** Purpose: Whereas in the past, disbursements from this fund have been handled as a form of supplemental medical insurance and the Board should have better guidelines to administer this fund**.** The purpose and objective of this fund is to provide active members a source of relief when they are faced with hardship due to their own or immediate family member's catastrophic event, life threatening illness, or life threatening injury. While it is the intent of the fund to help our brothers/sisters in need, it should not be considered a supplemental insurance policy.

**Section 2.** **Eligibility:** Dues paying members of the LRFOP are eligible to participate in the Catastrophic Incident Fund. This includes both active members (currently employed) and retired (active dues paying).   Members must have paid into the fund for six months prior to filing a claim.

**Section 3.** **Enrollment:** Active members should submit a payroll deduction authorization form to the lodge Secretary.  Active Retired members should pay the assessment with their dues payment.

**Section 4.** **Definitions:**

Active member:   An active member is a dues paying member as defined by these Constitution and By-Laws as "active" or "retired".

Qualified Member:   Any active member of the F.O.P. who has been contributing to the fund for six (6) months prior to catastrophic incident.

Dependent:   Any person who is a qualified member's spouse, child, stepchild, or who may be claimed as a dependent on the qualified member's federal and state income tax return.

Incident:   A catastrophic event or catastrophic injury or illness as defined below.

Catastrophic event:   Catastrophic events include but are not limited to:  mass flood, fire, tornado, earthquake, and severe storm, where the incident leads to substantial destruction of property.

Catastrophic illness or injury:   A catastrophic illness or injury is defined as an illness, impairment, or physical condition that a licensed physician certifies as terminal or life threatening.  This also includes incidents such as violent crime, severe accident, or death.

Board of Directors:   The Board of Directors is defined as a majority of the Little Rock FOP Executive Board.

**Section 5.** **Application Process:** Any qualified member who wishes to receive assistance from the Catastrophic Incident Fund will submit a completed Catastrophic Incident Claim Form to the Catastrophic Incident Fund Committee.  The committee will ensure that the applicant is a qualified active member.  All medical certification forms will be screened by a doctor for verification. This doctor may request further documentation.  The doctor will be designated by the President of the LRFOP. In the event of a death of a qualified member or their immediate family member, there is no need to submit a claim form.  In this event, the Executive Board will issue a payment as soon as is practical.

**Section 6.** The committee will meet within five (5) working days to make a determination of whether the request meets the criteria as set out by the Board of Directors.  When a medical screening is required, the committee will meet within five (5)

working days after receiving the medical verification. The committee will then forward the request, their findings, and their recommendations to the Board of Directors.

**Section 7.** The Board of Directors will then make the decision of whether or not to grant the request. The Board of Directors will also decide how much assistance to grant. If practical, this decision will be made at the next scheduled LRFOP Meeting. Under circumstances when it is not practical to wait for the next meeting, the President may operate within the limitations below.

**Section 8.** **Limitations:** Maximum payments from the fund are as follows per incident:

Death = $1000

Catastrophic event = $1000

Catastrophic illness / injury (per person) = $5000

Maximum limitations may be reassessed by the board 12 months following a disbursement from the fund.

**Section 9.** The decision of the Board of Directors concerning a request for assistance from this fund will be final.

# ARTICLE 19 - GRIEVANCES

**Section 1.** The grievance procedure outlined in the Statement of Agreement between the Little Rock Fraternal Order of Police, Lodge #17, and the City of Little Rock shall be followed by employees wishing to file a grievance.

**Section 2.** The members of the Grievance and Legal Aid Committee shall process grievances as outlined in the Statement of Agreement.

**Section 3.** The Grievance and Legal Aid Committee will review a grievance if the employee and/or the Fraternal Order of Police representative are unable to resolve the grievance at the immediate supervisory level (Step 1 of the Grievance Procedure in the Statement of Agreement). In order for the Grievance and Legal Aid Committee to review a grievance, it must be submitted, in writing, on the appropriate form, and it must be submitted within the time limits outlined in the Statement of Agreement.

**Section 4.** If the Grievance and Legal Aid Committee determines that the grievance meets the necessary criteria as outlined in the Statement of Agreement, the employee may proceed with the grievance, following the steps outlined in the Statement of Agreement.

**Section 5.** If the Grievance and Legal Aid Committee determines that the grievance does not meet the necessary criteria as outlined in the Statement of Agreement, the Committee Chairman or his designee shall advise the grievant, in writing, the basis for this determination. The Chairman or his designee shall also advise the grievant that he may appeal this decision to the Fraternal Order of Police, Lodge #17, Executive Board of Directors within five (5) calendar days. The appeal must be submitted to the Little Rock Fraternal Order of Police Executive Board in writing.

**Section 6.**     Upon receipt of a written appeal of the Grievance Committee's decision, the Fraternal Order of Police, Lodge #17 Executive Board shall hold a meeting within five (5) calendar days of receipt of the appeal request.  The Executive Board shall make a final determination as to whether the grievance meets the necessary criteria as outlined in the <u>Statement of Agreement</u>.  (This will be based on a majority vote.)   The grievant employee will be notified, in writing, of the final determination made by the Executive Board members.  If the Executive Board members determine that the necessary criteria has been met, and a grievance does exist, the employee may proceed with the grievance, following the steps outlined in the <u>Statement of Agreement</u>.  If the Executive Board members determine that a grievance does not meet the necessary criteria, and a grievance does not exist, the grievance shall be terminated at this phase.