IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**KEITH HUMPHREY**                                                                                   **PLAINTIFF**

V.                                          4:20CV001158 JM

**ALICE FULK, individually,
CRISTINA PLUMMER, individually,
HAYWARD FINKS, individually,
DUANE FINKS, individually,
REGIANLD PARKS, individually,
LITTLE ROCK FRATERNAL ORDER OF
POLICE, LODGE #17, a non-profit corporation,
RONNIE MORGAN, individually,
ERIK TEMPLE, individually,
KEVIN SIMPSON, individually,
KENNETH HAMBY, individually,
STEVE DODGE, individually,
MICHAEL MCVAY, individually,
CHRIS RINGGOLD, individually,
KYLE HENSON, individually,
TRAVIS CUMMING, individually,
MARK ISON, individually,
JOHN GILCHRIST, individually,
KEVIN SEXSON, individually,
CHARLES STARKS, individually ,
SHELLA ATLAS-EVANS, individually,
MATT MURSKI, individually,
MOTOROLA SOLUTIONS, doing business as
WATCHGUARD, and
RUSS RACOP**                                                                                      **DEFENDANTS**

**ORDER**

On November 18, 2020, Plaintiff Chief Keith Humphrey ("Chief Humphrey") filed his Amended Complaint.  Defendants filed motions to dismiss on November 20, December 1 and December 2, 2020. (Docket #'s 28, 31, 33, and 35).   Pursuant to the Court's Order dated January 12, 2021, Chief Humphrey failed to obtain timely service on Defendants Simpson, Atlas-Evans, Murski, Gilchrist, Racop, Parks and Sexson.  Thereafter, Chief Humphrey filed a motion for

voluntary dismissal of Defendants Atlas-Evans, Murski, Motorola Solutions d/b/a Wachguard, Racop, Simpson, Parks and Sexson. Because the Court had previously found that timely service was not obtained on Defendants Simpson, Atlas-Evans, Murski, Gilchrist, Racop[1], Parks and Sexson, the dismissal of those defendants will be for failure to obtain proper service pursuant to Fed. R. Civ. P. 4. Motorola Solutions d/b/a Watchguard is voluntarily dismissed pursuant to Fed. R. Civ. P. 41.

Chief Humphrey asserts that Gilchrist waived formal service of process and attaches the affidavit of Stacy Lynch. Ms. Lynch's conversation with Gilchrest occurred on January 11, 2021, after the deadline for service had passed. Accordingly, the Court's previous finding that Gilchrest be dismissed for failure to obtain proper service pursuant to Fed. R. Civ. P. 41 stands.

The Court will now consider the arguments raised in the pending motions to dismiss.

<u>Motion to Strike</u>

Starks, Little Rock Fraternal Order of Police, Lodge #17, Morgan, Temple, Hamby, Dodge, McVay, Ringgold, Henson and Cumming ask the Court to strike the Chief Humphrey's Amended Complaint Addendum along with portions of the Amended Complaint pursuant to Fed. R. Civ. P. 12(f). The Eighth Circuit has stated:

> This court has rarely been called upon to interpret Rule 12(f), which states, in pertinent part, that: "Upon motion made by a party ... or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Because the rule is stated in the permissive, however, it has always been understood that the district court enjoys "liberal discretion" thereunder. *Thor Corp. v. Automatic Washer Co.,* 91 F.Supp. 829, 832 (D.C.Iowa 1950). *See also, F.D.I.C. v. Niblo,* 821 F.Supp. 441, 449 (N.D.Tex.1993). Despite this broad discretion however, striking a party's pleadings is an extreme measure, and, as a result,

---

[1] Because Defendant Racop has been dismissed based upon Chief Humphrey's failure to obtain proper service, his motion to dismiss, docket # 33 is DENIED AS MOOT.

> we have previously held that "[m]otions to strike under Fed.R.Civ.P. 12(f) are viewed with disfavor and are infrequently granted." *Lunsford v. United States,* 570 F.2d 221, 229 (8th Cir.1977) (citing 5 Wright & Miller, *Federal Practice and Procedure: Civil* § 1380 at 783 (1969)). *See also, Resolution Trust Corp. v. Gibson,* 829 F.Supp. 1103, 1106 (W.D.Mo.1993); 2 James Wm. Moore et al., *Moore's Federal Practice* § 12.37[1] (3d ed. 2000) ("Courts disfavor the motion to strike, because it 'proposes a drastic remedy.' ").

*Stanbury Law Firm v. I.R.S.,* 221 F.3d 1059, 1063 (8th Cir.2000) (alterations in *Stanbury Law Firm* ).  Here, Chief Humphrey filed a 29 page, 114 paragraph Amended Complaint setting forth 5 causes of action against the various Defendants for First Amendment Retaliation; Equal Protection under the Fifth and Fourteenth Amendments pursuant to 42 U.S.C. §1983; State Law Claim of Abuse of Process; State Law Claims of Defamation and Libel, and Civil Rights Conspiracy.  In addition to the Amended Complaint, Chief Humphrey filed as an Exhibit, an Amended Complaint Addendum ("Addendum") consisting of 76 pages, mostly single spaced, and 371 paragraphs.  The opening paragraph to Chief Humphrey's Addendum states:

> This Addendum is incorporated into Plaintiff's Amended Complaint by reference because it gives support to Plaintiff's allegations and makes his claims more plausible. The following paragraphs of this Addendum are a chronological recitation of many distinct—but interrelated and overlapping—events. This Addendum may be read front-to-back or by citation reference as a companion document to Plaintiff's Amended Complaint.

The Addendum begins with a historical examination of the Little Rock Police Department dating back to 2000.  It chronicles prior tenures of Little Rock Police Chiefs, allegations of wrongdoing committed by Little Rock police officers years before the relevant dates contained in the Amended Complaint and allegations of racial tension within the police department years prior to the relevant time period of Chief Humphrey's Amended Complaint.  The Addendum contains unsupported statements, references to news articles and alleged quotes from various individuals.

It includes allegations of conflict within the Little Rock Police Department years prior to the Chief Humphrey's tenure, narratives describing various political elections and events, allegations of impropriety, sexual harassment and sexual impropriety. The Court finds the Addendum to contain allegations which have no possible relation to the subject matter of the lawsuit, are redundant, immaterial and scandalous. Further, the mere volume of the Addendum certainly fails to comply with Fed. R. Civ. P. 8(a) which requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(d) reinforces Rule 8(a) when it provides "[e]ach allegation must be simple, concise and direct." Fed. R. Civ. P. 8(d)(1). Chief Humphrey's Amended Complaint along with the Addendum are by no means "short and plain" or "simple, concise and direct." Further, the Court finds that the Introduction to Chief Humphrey's Amended Complaint which contains a historical narrative dating back to November, 1858 and the racial inequities which existed in our Country at the time, redundant and immaterial to the allegations in the lawsuit. Although the Introduction may be accurate in its historical recitation, it is immaterial to the allegations contained in the Chief Humphrey's Amended Complaint. For these reasons, the Introduction to the Chief Humphrey's Amended Complaint along with the Addendum to the Amended Complaint will be stricken.

<u>Standard of Review</u>

To survive a Rule 12(b)(6) motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Although "specific facts are not necessary," the plaintiff must allege facts sufficient to "give fair notice of what

the...claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly,* 550 U.S. 544, 555 (2007)).   A plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id.* at 562. This standard "simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." *Id*. at 556. The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim." *Twombly,* 550 U.S. at 556.

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. When considering a Rule 12(b)(6) motion, the Court must assume the factual allegations of the complaint to be true and construe them in favor of the plaintiff. *Neitzke v. Williams*, 490 U.S. 319, 326–27(1989). The Court is not bound to accept as true a legal conclusion couched as a factual allegation. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

<u>Brief Facts</u>

Keith Humphrey was appointed Chief of Police for the City of Little Rock in March 2019.  Prior to his appointment Separate Defendants Fulk and H. Finks had served as Interim Chiefs of Police for the time periods November 17, 2018 to December 17, 2018 and December 18, 2018 to January 18, 2019, respectively.  From May 14 to May 20, 2019, Humphrey put H. Finks in charge of the Little Rock Police Department.  Chief Humphrey claims that by mid-April 2019, it was clear to the Defendants that he would use his discretion as police chief to bring

serious reform to the police department.  Chief Humphrey alleges that the Little Rock Fraternal Order of Police (LRFOP") opposed the reforms he was likely to implement.  In April, 2019, Chief Humphrey claims that Fulk, Plummer, H. Finks, D. Finks, Parks and the other defendants began a conspiratorial campaign of false workplace allegations, phony legal claims, harassment, insubordination and subterfuge designed to frustrate his First Amendment rights and terminate him outright or, at least, severely damage his chosen profession.  Chief Humphrey asserts a conspiratorial campaign lodged against him as evidenced by filing abusive lawsuits, initiating and perpetuating false rumors alleging misconduct committed by Chief Humphrey, a black man, such as the sexual harassment of white women, sabotaging the response to the George Floyd protests, and "other conspiratorial acts".  Chief Humphrey asserts that the abusive lawsuits filed against him were funded, at least in part by the LRFOP.

<u>Count 1: First Amendment Retaliation/*Monell*</u>

Count 1 of Chief Humphrey's Amended Complaint asserts a claim of First Amendment Retaliation against Separate Defendants LRFOP, Fulk and H. Finks.  To prevail on his First Amendment retaliation claim, Chief Humphrey must show: "(1) that he engaged in a constitutionally protected activity; (2) that the defendant took adverse action against him that would chill a person of ordinary firmness from continuing in the activity; and (3) that the adverse action was motivated in part by [the] exercise of his constitutional rights." *Scheffler v. Molin,* 743 F.3d 619, 621 (8th Cir.) *cert. denied,* 574 U.S. 884 (2014).   Chief Humphrey bears the burden of demonstrating that his activity is protected by the First Amendment. *Altonen v. City of Minneapolis,* 487 F.3d 554, 559 (8th Cir.2007). "Whether expressive activity is protected by the First Amendment is a legal question." *Id.* (citing *Schilcher v. Univ. of Ark.,* 387 F.3d 959, 963 (8th Cir.2004)).

6

A public employee's constitutional protections from employer discipline based on the employee's speech are limited to statements the employee makes (1) as a citizen (2) on matters of public concern. *See, Garcetti v. Ceballos*, 547 U.S. 410, 421 (2006)(holding "when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline").

Chief Humphrey alleges that he engaged in protected activity as a private citizen when, prior to his employment with the City of Little Rock, he expressed his policing philosophy. Chief Humphrey contends that the Defendants oppose his policing philosophy and in retaliation engaged in various instances of adverse employment acts in an effort to coerce him to leave his position or otherwise obtain his termination.  However, based upon Chief Humphrey's Amended Complaint, prior to his employment with the City of Little Rock, Chief Humphrey was the Chief of the Norman Oklahoma Police Department. (ECF #23, ¶ 4).  In March 2019 when he was selected by Mayor Scott as the new police chief for the City of Little Rock, Chief Humphrey was "well known for the institutional reforms he brought to the Norman Police Department from which he came." (ECF #23, ¶ 45).  The Amended Complaint clearly establishes that the statements at issue were made by Chief Humphrey while acting as the Chief of Police of Norman, Oklahoma.  Applying *Garcetti*, Chief Humphrey's speech was not protected by the First Amendment because at the time he made the statements which he claims are protected, he was acting as a public employee making statements pursuant to his official duties.

Count II:  Equal Protection under the Fifth and Fourteenth Amendments

Count II of Chief Humphrey's Amended Complaint asserts an Equal Protection claim against Separate Defendants LRFOP, Fulk and H. Finks.  Chief Humphrey alleges that he

suffered an equal protection violation occurring pre-employment when he was speaking as a private citizen on a matter of public concern. Chief Humphrey brings this claim as a "class of one". As the Court explained above, the Chief Humphrey's speech was made as a public employee. The class of one theory of equal protection does not apply. *See, Engquist v. Oregon Dept. of Agri.* 553 U.S. 591 (2008)( class-of-one theory of equal protection has no application in the public employment context.).

### Count V:  Civil Rights Conspiracy

Because Chief Humphrey has not adequately shown any underlying constitutional violations, his civil conspiracy claim must also fail. *Novotny v. Tripp Cty., S.D.,* 664 F.3d 1173, 1180 (8th Cir. 2011)( no §1985 civil conspiracy violation where plaintiff cannot show any underlying constitutional violation).

### Counts III and IV:  State Law claims of Abuse of Process and Defamation/Libel

Having dismissed all federal claims, the Court declines to exercise supplemental jurisdiction over the remaining state law claims.

### Conclusion

For these reasons, Defendants' motions to dismiss (docket #'s 28, 31, and 35) are GRANTED. Defendant Racop's motion to dismiss (docket #33) is DENIED AS MOOT. Plaintiff's motion to strike the LRFOP defendants' reply, (docket # 83) is DENIED. Plaintiff's motion to continue the trial date and to modify the Court's final scheduling order (docket # 90) is DENIED AS MOOT.

IT IS SO ORDERED this 15th day of September, 2021.

James M. Moody Jr.
United States District Judge