**UNITED STATES**
**POSTAL SERVICE**

Mailer: Gill Ragon Owen, P.A.

Date Produced: 11/02/2020

ConnectSuite Inc.:

The following is the delivery information for Certified Mail™/RRE item number 9214 8901 9403 8323 8981 40. Our records indicate that this item was delivered on 10/30/2020 at 11:18 a.m. in LITTLE ROCK, AR 72201. The scanned image of the recipient information is provided below.

Signature of Recipient :    *TWD R+141*

*CV-19*

Address of Recipient :    *400 W Capital 1700*

Thank you for selecting the Postal Service for your mailing needs. If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

This USPS proof of delivery is linked to the customers mail piece information on file as shown below:

MICHAEL J. LAUX
LAUX LAW GROUP
400 W. CAPITOL AVE., STE. 1700
LITTLE ROCK, AR 72201

Customer Reference Number:    C2345122.13339759

Return Reference Number:    4712.8002



2

USPS MAIL PIECE TRACKING NUMBER: 42072201921489019403832389840
MAILING DATE:      10/28/2020
DELIVERED DATE:   10/30/2020
CUSTOM1:

MAIL PIECE DELIVERY INFORMATION:

MICHAEL J. LAUX
LAUX LAW GROUP
400 W. CAPITOL AVE., STE. 1700
LITTLE ROCK, AR 72201

MAIL PIECE TRACKING EVENTS:

| 10/28/2020 17:01 | PRE-SHIPMENT INFO SENT  USPS AWAITS ITEM | LITTLE ROCK,AR 72201 |
| 10/28/2020 22:51 | ORIGIN ACCEPTANCE | LITTLE ROCK,AR 72201 |
| 10/29/2020 00:06 | PROCESSED THROUGH USPS FACILITY | LITTLE ROCK,AR 72231 |
| 10/29/2020 09:48 | DEPART USPS FACILITY | LITTLE ROCK,AR 72231 |
| 10/30/2020 02:56 | PROCESSED THROUGH USPS FACILITY | LITTLE ROCK,AR 72231 |
| 10/30/2020 11:18 | DELIVERED FRONT DESK/RECEPTION/MAIL ROOM | LITTLE ROCK,AR 72201 |

# GILL
# RAGON
# OWEN

ATTORNEYS

GILL RAGON OWEN, P.A.
ATTORNEYS AT LAW
425 WEST CAPITOL AVENUE, SUITE 3800
LITTLE ROCK, ARKANSAS 72201
TELEPHONE 501.376.3800
FACSIMILE 501.372.3359
www.gill-law.com

DEBBY LINTON FERGUSON | ATTORNEY/MEDIATOR
TELEPHONE: 501.801.3861
EMAIL: ferguson@gill-law.com

October 28, 2020

VIA CERTIFIED 9214 8901 9403 8323 8981 40
UNITED STATES MAIL
and EMAIL TO mikelaux@icloud.com

Michael J. Laux
LAUX LAW GROUP
400 W. Capitol Ave., Suite 1700
Little Rock, AR 72201

Re:    Humphrey v. Little Rock Fraternal Order of Police, et Al.
United States District Court for the Eastern District of Arkansas
Civil Action File Number 4:20-cv-1158-JM
**Motion for Sanctions Pursuant to F.R.C.P. Rule 11**

Mr. Laux:

We hope this letter finds you and your client well and healthy in the midst of our pandemic conditions. Unfortunately, we are writing pursuant to Federal Rule of Civil Procedure Rule 11 (hereinafter "Rule 11") to formally demand that you dismiss the pending complaint against our clients with prejudice *instanter*. In accordance with Rule 11, please consider this a good faith effort to avoid further legal fees and expenses that will be necessarily expended by and on behalf of our clients, Little Rock Fraternal Order of Police, Lodge #17 (hereinafter LRFOP), Ronnie Morgan, Erik Temple, Kevin Simpson, Kenneth Hamby, Steve Dodge, Michael McVay, Chris Ringgold, Kyle Henson, Travis Cumming, and Mark Ison, (hereinafter "Board Members & Committee Member"). The facts alleged, the legal claims, and the theories of recovery propounded and advanced in the instant lawsuit are spurious, frivolous, without legal or evidentiary support, and cannot reasonably be claimed to be advanced in a good faith effort to expand the law.

## FEDERAL RULE OF CIVIL PROCEDURE RULE 11

As you are aware, Rule 11 provides for sanctions against parties and their counsel for claims advanced in bad faith, without evidentiary support, or devoid of legal support. We respectfully call your attention to the following section of Rule 11:

If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on

—

October 28, 2020
Page 2

> any attorney, law firm, or party that violated the rule or is responsible for the
> violation. Absent exceptional circumstances, a law firm must be held jointly
> responsible for a violation committed by its partner, associate, or employee.
> FRCP 11(c)(1).

As will be shown below and in the attached proposed Rule 11 motion as contemplated in
FRCP 11(c)(2), the instant lawsuit is subject to sanction.

> Rule 11 reads, in relevant parts, as follows:
>
> (b) Representations to the Court. By presenting to the court a pleading, written
> motion, or other paper--whether by signing, filing, submitting, or later advocating
> it--*an attorney* or unrepresented party *certifies that to the best of the person's
> knowledge, information, and belief, formed after an inquiry reasonable under the
> circumstances*:
> **(1)** it is *not being presented for any improper purpose, such as to harass, cause
> unnecessary delay, or needlessly increase the cost of litigation;*
> **(2)** *the claims, defenses, and other legal contentions are warranted by existing
> law or by a nonfrivolous argument for extending, modifying, or reversing existing
> law or for establishing new law;*
> **(3)** the *factual contentions have evidentiary support or, if specifically so
> identified, will likely have evidentiary support after a reasonable opportunity for
> further investigation or discovery*; (Emphasis added.)

For the reasons set forth below, it is clear that the instant lawsuit was presented for an improper
purpose, namely to harass and cause unnecessary expenses upon our clients, harass them as they
perform their lawful duties as a fraternal organization and duly serving board members, and to
interfere with the relationship of the LRFOP as the designated bargaining agent with the City of
Little Rock, Arkansas. Further, the legal claims are without merit and contrary to prevailing and
well-established case law, and the factual allegations are baseless.

### THE CLAIMS ADVANCED LACK ANY LEGAL MERIT AND ARE
### CONTRARY TO PREVAILING AND WELL-ESTABLISHED CASE LAW

The claims brought by your client in the Complaint, as well as the basis for the
jurisdiction of this matter in a federal court, rely on the claim that the LRFOP is a state actor.
However, the LRFOP is not a state actor and cannot be held liable under any theory advanced
under 42 U.S.C. §1983 or 42 U.S.C. §1985 as it cannot act under color of state law. *West v.
Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988); *see also Carlson v. Roetzel &
Andress*, 552 F.3d 648, 650 (8th Cir. 2008). Plaintiff makes allegations against LRFOP, Board
Members & Committee Member in their private and individual capacities. It is axiomatic that
said individuals are not acting and cannot act in their official capacities as government officials
when their roles are clearly defined, as alleged in the Complaint, as board members[1] of a not for
profit, private, fraternal organization organized and functioning pursuant to Internal Revenue

---

[1] Although the Complaint names our individual citizen clients as board members of the LRFOP, one named
defendant we represent is not a member of the LRFOP Board.

October 28, 2020
Page 3

Code 501(c)(8)[23]. Any allegation that the Board Members & Committee Member were acting in some sort of official, state capacity would be frivolous as it is clear that the LRFOP is a private fraternal organization, not a state actor. *Stodghill v. Service Employees Intern'tl Union, Local 50, AFL-CIO, CLC*, 192 F.3d 1159, 1162 (8th Cir. 1999)).

Contrary to your assertion in paragraph 48 of the Complaint, the existence of a collective bargaining agreement between LRFOP and the City of Little Rock does not make LRFOP a state actor. *See Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811 (2009). In Paragraph 48 of the Complaint, you cited to *Chicago Teachers Union Local No. 1 v.* Hudson, 475 U.S. 292, 301, 106 S. Ct. 1066, 1073 (1986). First, this case does not stand for the proposition you stated in the Complaint: "The LRFOP is the exclusive bargaining agent for the City of Little Rock. Therefore, the LRFOP is a state actor, endowed by the state with powers or functions governmental in nature." No fair reading of this case provides support for any such assertion. Further, as cited herein, well-established case law stands for precisely the opposite conclusion. The mere fact that the LRFOP represents police officers does not make the union itself a public actor. *See, e.g., Magee v. Trs. Of the Hamline Univ.*, 957 F. Supp.2d 1047 (Dist. Minn. 2012).

Any argument that the LRFOP is a state actor or is, as alleged in the complaint, "endowed by the state with powers or functions governmental in nature" is spurious. Complaint Para. 48. By its very nature, an "exclusive bargaining agent" occupies a position in direct opposition to the City of Little Rock and performs a wholly private function that is protected by state statute[4]. It is nonsensical to argue that an organization that stands on the opposite side of the bargaining table from a government entity is performing a governmental function. This is further elucidated by the fact that any such negotiations are voluntary. *See City of Fort Smith v. Arkansas State Council No. 38, AFSCME AFL-CIO*, 245 Ark. 409, 412, 433 S.W.2d 153, 155 (1968)(a municipality or other political subdivision is under no duty (which we take to mean a legally enforceable duty) to bargain collectively with its employees about wages, hours, or working conditions.) This adversarial, nongovernmental function is further confirmed in the right of the bargaining agent to bring suit for a violation of any agreement reached with the governmental unit in an adversarial proceeding. *See* Ark. Code Ann. § 11-3-302.[5]

Finally, it is clear that the rights secured through the collective bargaining agreement under Arkansas law are private rights that can be enforced by the union or the individual as a third-party beneficiary of the private contract between the union and the employer who are, logically, opposed on issues central to the employment relationship. *See Andrews v. Victor Metal Prod. Corp.*, 239 Ark. 763, 764, 394 S.W.2d 123, 123 (1965).

---

[2] *See* generally *Nat'l Union v. Marlow*, 74 F. 775, 775 (8th Cir. 1896);
[3] See Paragraph 11 of the Complaint, "At all relevant times, LRFOP was a police union and non-profit organization..."
[4] Freedom of organized labor to bargain collectively and freedom of unorganized labor to bargain individually is declared to be the public policy of the state under Arkansas Constitution, Amendment 34. Ark. Code Ann. § 11-3-301.
[5] "The *power and duty to enforce* this subchapter is *conferred upon and vested in the circuit court* of the county in which any person, group of persons, firm, corporation, unincorporated association, labor organization, or representatives thereof who violate this subchapter, or any part hereof, reside or have a place of business or may be found and served with process." (Emphasis added)

October 28, 2020
Page 4

The law is clear that, absent state action, Plaintiff's claims brought pursuant to 42 U.S.C. §1983 must fail. As the U.S. Supreme Court set out in *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50, 119 S. Ct. 977, 985, 143 L. Ed. 2d 130 (1999), "To state a claim for relief in an action brought under § 1983, respondents must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law. Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful,'" The LRFOP is not a government organization and does not perform a governmental function. Plaintiff's claims fail for lack of state action even in the most beneficial reading of the Complaint. Because Plaintiff has failed to properly allege state action, the Federal District Court lacks subject matter jurisdiction over the instant case, and it is subject to dismissal. *See* F.R.C.P. 12(b)(1).

## PLAINTIFF'S CONSIRACY CLAIMS PURPORTEDLY BROUGHT PURSUANT TO 42 USC §1985(3) FAIL AS A MATTER OF LAW

Plaintiff cannot maintain a civil action against a union and its officials for actions that only a government can be responsible for. *Union Brotherhood of Carpenters & Joiners of America*, Local 610, AFL–CIO v. Scott, 463 U.S. 825 (1983). In *Union Brotherhood*, the U.S. Supreme Court held that § 1985(3) could not remedy private conspiracies by a union and its employees under the First Amendment because the Amendment's protections were limited to government actors. As to the allegations that the LRFOP and the Board Members participated in efforts by LRFOP members to speak out against the Plaintiff, bring lawsuits to preserve and assert their rights, and supported those efforts, such activities are part and parcel of the activities of every labor organization.

Further, the U.S. Supreme Court held that a class-of-one theory under the Equal Protection Clause of the 14th Amendment does not apply in the public employment context. *Engquist v. Oregon Dept. of Agriculture*, 553 U.S. 591 (2008). Therefore, Plaintiff's claims in this regard must fail as well.

## PLAINTIFF'S FIRST AMENDMENT CLAIMS FAIL AS A MATTER OF LAW

Assuming *arguendo* that Plaintiff's "policing philosophy" constitutes speech under the First Amendment to the United States Constitution, which our clients categorically deny, Plaintiff made such statements in his capacity as the chief of police. As such, his statements are not protected free speech. *See Garcetti v. Ceballos*, 547 U.S. 410, 126 S.Ct. 1951(2006).

As stated *infra*, the LRFOP is not a state actor. Further, the Defendant Board Members are sued as "private citizen(s)" and no allegation has been put forth that they were acting in their official capacities as police officers. Further, Plaintiff is the chief of police, commander and final policy maker for the City of Little Rock Police Department. Even if the Board Members were acting in their official capacities, which these defendants deny, they had no ability to a effectuate *any* change in Plaintiff's employment[6].

---

[6] This argument underlies another fatal flaw in Plaintiff's lawsuit. The LRFOP and the Board Members & Committee Member have and had no authority over Plaintiff and have no ability to effect any change in his employment with the City of Little Rock.

October 28, 2020
Page 5

## PLAINTIFF'S CLAIMS VIOLATE ARKANSAS LAW BY ATTEMPTING TO LIMIT THE RIGHTS OF PRIVATE CITIZENS AND ENTITIES IN VIOLATION OF THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE II §6 OF THE CONSTITUTION OF THE STATE OF ARKANSAS

Contrary to Plaintiff's position as the duly appointed chief of police of the City of Little Rock, the LRFOP and Defendant Board Members are private citizens. To the extent that Plaintiff seeks to silence or hamper their efforts to publicly and privately criticize his official actions and conduct, the Complaint is subject to dismissal and Plaintiff is subject to a counterclaim under both the First Amendment of the U.S. Constitution as well as Ark. Code Ann. § 16-53-501, commonly known as the "Citizen Participation in Government Act." Any criticism of the Plaintiff, whether made publicly or privately, is protected under Arkansas law.

"Privileged communication" also includes:

(i) All expressions of opinion or criticisms in regard to any legislative, executive, or judicial proceeding, or other proceeding authorized by a state, regional, county, or municipal government; and
(ii) All criticisms of the official acts of any and all public officers. Ark. Code Ann. § 16-63-503.

As a public figure, a public official, the final policymaker, and the highest-ranking member of the City of Little Rock Police Department, Plaintiff's actions are subject to critique, criticism, objection, and even ridicule. Such speech is protected under Federal and Arkansas law as valid exercises of free speech. The Arkansas legislature, recognizing that litigation could be used to infringe upon those rights to free speech through intimidation, harassment, and expense, specifically set out to protect such speech from infringement through lawsuits by providing immunity from such civil actions. *See* Ark. Code Ann. § 16-63-504. The Plaintiff's Complaint violates the protections afforded our clients under that statute.

## THE BOARD MEMBERS & COMMITTEE MEMBER ARE ENTITLED TO IMMUNITY UNDER ARKANSAS LAW FOR THEIR ACTIONS AS ALLEGED IN THE COMPLAINT

Plaintiff alleges intermittently in the Complaint that the Board Members & Committee Member engaged in activities in their individual capacities as well as members of the board of directors of the LRFOP, an organization that is duly organized and operating as a not for profit entity in Arkansas. The actions by the Board Members & Committee Member described in the Complaint are actions taken by those individuals in their roles within the LRFOP. Arkansas law provides protections to individuals acting on behalf of a nonprofit organization. Ark. Code Ann. § 4-33-830 provides that "A director is not liable to the corporation, any member, or any other person for any action taken or not taken as a director, if the director acted in compliance with this section." As such, there can be no dispute that the Board Members & Committee Member are entitled to immunity from civil suit for said activities.

October 28, 2020
Page 6

## PLAINTIFF'S CLAIMS LACK SUBSTANTIAL EVIDENCE AND CONTAIN FALSEHOODS

Plaintiff's claims, specifically those contained in Count IV, are false. First, LRFOP does not maintain a "blog" of any type. Second, any public statements by LRFOP, the Board Members & Committee Member concerning the Plaintiff's activities were matters of public concern ie: allegations of improper or immoral conduct and misuse of city equipment. *Sexton v. Martin*, 210 F.3d 905, 910 (8th Cir. 2000)("...speech concerning potential misconduct by public officers is a matter of public concern.") Therefore, any such statements are protected by the First Amendment to the United States Constitution.

## DEMAND FOR DISMISSAL INSTANTER

For the reasons set forth herein, Defendant LRFOP and Board Members & Committee Member hereby demand that Plaintiff dismiss the instant action with prejudice. Attached please find a Motion for Sanctions Pursuant to Federal Rule of Civil Procedure Rule 11 drafted and served consistent with FRCP Rule 11(c)(1)&(2). Plaintiff shall have 21 (twenty-one) days to dismiss this action with prejudice. Should Plaintiff fail to do so, our clients will file the attached motion and seek any and all remedies and sanctions available under law against Plaintiff and his counsel.

My co-counsel and I take no pleasure in drafting or sending this letter or the attached motion. However, we are forced to do so in order to protect our clients. Chief Humphrey may indeed feel slighted and his feelings may in fact have been bruised by criticism of his actions, words, and policies. However, criticism is part and parcel of every leadership role. We are sincerely hopeful that you and your client will take full advantage of this singular opportunity to avoid sanctions.

As always, we remain available to discuss the matters raised herein.

Sincerely,

Chad Cumming &
Debby Linton Ferguson
Gill Ragon Owen, P.A.

Lance J. LoRusso
LoRusso Law Firm, P.C.

Copy:      Clients
Enclosure:      Motion for Sanctions Pursuant to Federal Rule of Civil Procedure Rule 11
                And Brief in Support

## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

**KEITH HUMPHREY**                                        **PLAINTIFF**

**v.**                    **CASE NO. 4:20-CV-1158-JM**

**ALICE FULK, individually,**                           **DEFENDANTS**
**CRISTINA PLUMMER, individually,**
**HAYWARD FINKS, individually,**
**DUANE FINKS, individually,**
**REGINALD PARKS, individually,**
**LITTLE ROCK FRATERNAL ORDER OF**
**POLICE, LODGE #17, a non-profit corporation,**
**RONNIE MORGAN, individually,**
**ERIK TEMPLE, individually,**
**KEVIN SIMPSON, individually,**
**KENNETH HAMBY, individually,**
**STEVE DODGE, individually,**
**MICHAEL MCVAY, individually,**
**CHRIS RINGGOLD, individually,**
**KYLE HENSON, individually,**
**TRAVIS CUMMING, individually,**
**MARK ISON, individually,**
**JOHN GILCHRIST, individually,**
**KEVIN SEXSON, individually,**
**CHARLES STARKS, individually,**
**SHELLA ATLAS-EVANS, individually,**
**MATT MURSKI,**
**MOTOROLA SOLUTIONS d/b/a**
**WATCHGUARD, and**
**RUSS RACOP**

## MOTION FOR SANCTIONS PURSUANT TO
## RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE

Come now  Defendants, LITTLE ROCK FRATERNAL ORDER OF POLICE, LODGE #17

("LRFOP), a non-profit corporation; RONNIE MORGAN, individually; ERIK TEMPLE,

individually; KEVIN SIMPSON, individually; KENNETH HAMBY, individually; STEVE DODGE,

individually; MICHAEL MCVAY, individually; CHRIS RINGGOLD, individually; KYLE HENSON,

individually; TRAVIS CUMMING, individually; MARK ISON, individually; and JOHN GILCHRIST, individually; (herein collectively after "LRFOP, Board and Committee Members"), who appear by and through their counsel, and who hereby move the Court for an order imposing sanctions, including attorneys' fees and costs, against the Plaintiff KEITH HUMPHREY and his counsel for advancing claims that, in violation of Fed. R. Civ. P. Rule 11, (1) are presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) are not warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; and (3) do not have evidentiary support.

This Motion is made pursuant to Rule 11 of the Federal Rules of Civil Procedure. This Motion is based upon the accompanying Brief in Support.

WHEREFORE, Defendants, LRFOP, Board and Committee Members pray that the Court grant them sanctions, including attorneys' fees and costs, against the Plaintiff and his Counsel.

Respectfully,

Chad Cumming &
Debby Linton Ferguson
Gill Ragon Owen
425 West Capitol Ave. Ste. 3800
Little Rock, Arkansas 72201
Phone: (501)376-3800
ferguson@gill-law.com
cumming@gill-law.com


By:_____
Debby Linton Ferguson (Ark. Bar No. 2001146)
Chad Cumming (Ark. Bar No. 2008028)
Attorneys for Defendants LRFOP, Board and Committee Members

2

## CERTIFICATE OF SERVICE

I hereby certify that on October _____, 2020, I electronically filed a true and correct copy of the foregoing Motion to Dismiss with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to all the registered users:

Michael J. Laux
Laux Law Group
400 W. Capitol Ave., Ste. 1700
Little Rock, AR 72201
501-242-0750
mlaux@lauxlawgroup.com
Attorney for Plaintiff


_____
Debby Linton Ferguson

3

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**KEITH HUMPHREY**                                                        **PLAINTIFF**

**v.**                            **CASE NO. 4:20-CV-1158-JM**

**ALICE FULK, individually,**                                            **DEFENDANTS**
**CRISTINA PLUMMER, individually,**
**HAYWARD FINKS, individually,**
**DUANE FINKS, individually,**
**REGINALD PARKS, individually,**
**LITTLE ROCK FRATERNAL ORDER OF**
**POLICE, LODGE #17, a non-profit corporation,**
**RONNIE MORGAN, individually,**
**ERIK TEMPLE, individually,**
**KEVIN SIMPSON, individually,**
**KENNETH HAMBY, individually,**
**STEVE DODGE, individually,**
**MICHAEL MCVAY, individually,**
**CHRIS RINGGOLD, individually,**
**KYLE HENSON, individually,**
**TRAVIS CUMMING, individually,**
**MARK ISON, individually,**
**JOHN GILCHRIST, individually,**
**KEVIN SEXSON, individually,**
**CHARLES STARKS, individually,**
**SHELLA ATLAS-EVANS, individually,**
**MATT MURSKI,**
**MOTOROLA SOLUTIONS d/b/a**
**WATCHGUARD, and**
**RUSS RACOP**

## DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION MOTION FOR SANCTIONS PURSUANT TO RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE

Come now  Defendants, LITTLE ROCK FRATERNAL ORDER OF POLICE, LODGE #17

("LRFOP), a non-profit corporation; RONNIE MORGAN, individually; ERIK TEMPLE,

individually; KEVIN SIMPSON, individually; KENNETH HAMBY, individually; STEVE DODGE,

1

individually; MICHAEL MCVAY, individually; CHRIS RINGGOLD, individually; KYLE HENSON, individually; TRAVIS CUMMING, individually; MARK ISON, individually; and JOHN GILCHRIST, individually; (herein collectively after "LRFOP, Board and Committee Members"), pursuant to Rule 7(b), appear by and through their counsel, and file their Brief In Support of their Motion For Sanctions Pursuant To Rule 11 Of The Federal Rules Of Civil Procedure filed contemporaneously herewith.

These Defendants hereby move the Court for an order imposing sanctions, including attorneys' fees and costs, against the Plaintiff KEITH HUMPHREY and his counsel for advancing claims that, in violation of Fed. R. Civ. P. Rule 11, (1) are presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;(2) are not warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; and (3) do not have evidentiary support.

## INTRODUCTION

Rule 11 of the Federal Rules of Civil Procedure requires an attorney to bring claims on behalf of a litigant (1) that are not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) that are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; and (3) that have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

The Complaint violates all of these standards set forth in Rule 11. As fully detailed in the Motion to Dismiss submitted by LRFOP and the Board and Committee Members, Plaintiff

2

Keith Humphrey and his counsel Michael J. Laux brought claims against LRFOP and the Board and Committee Members that were not warranted by existing law and did not have evidentiary support. The Complaint makes no argument, nonfrivolous or otherwise, for extending, modifying, or reversing existing law. Further, the Complaint makes no argument for establishing new law. The claims in the Complaint have no evidentiary support. The Plaintiff's Complaint was does not appear to have been filed to pursue the claims mentioned therein, but, instead, to harass the LRFOP and the Board and Committee Members and force them to incur the costs of defending a lawsuit.

The Plaintiff's claims appear calculated to harass and cost LRFOP and the Board and Committee Members both the time and expense of litigating claims as they are not warranted by existing law and are without evidentiary support. Therefore, the Plaintiffs claims are violative of Rule 11 and this Court should grant appropriate Rule 11 sanctions against the Plaintiff Keith Humphrey and his counsel Michael Laux.

### FACTUAL BACKGROUND

The Little Rock Fraternal Order of Police, Lodge #17 ("LRFOP") is a nonprofit corporation formed under the laws of the State of Arkansas. Membership in the LRFOP is voluntary, but the men and women who comprise its membership make up approximately 94% of the officers in the Little Rock Police Department. It is a labor advocacy organization that is recognized as a nonprofit under Section 501(c)(8) of the U.S. Internal Revenue Code. LRFOP advocacy includes negotiation with the City of Little Rock on behalf of all officers (whether they are LRFOP members or not) for an annual contract; seeking input with the Chief of Police and command staff regarding policies and procedures; and providing legal support to officers in disciplinary matters or regarding unfair or illegal treatment by the

Chief of Police or the City.

Ronnie Morgan, Erik Temple, Kevin Simpson, Kenneth Hamby, Steve Dodge, Michael McVay, Chris Ringgold, Kyle Henson, Travis Cumming, Mark Ison, and John Gilchrist (collectively, the "Board and Committee Members") are individual officers who, with the exception of Mark Ison, serve as duly elected Board Members of LRFOP. Mark Ison serves as a committee member on behalf of the LRFOP, but he was erroneously named a Board member in the Plaintiff's Complaint.

Keith Humphrey (the "Plaintiff") is the Chief of Police for the Little Rock Police Department. He was hired in March, 2019. During the Plaintiff's tenure as Chief of Police, as it has with every previous Chief of Police, the LRFOP has performed its duties as an advocate for the officers in the LRPD through the advocacy methods described above.

On September 30, 2020, the Plaintiff filed his Complaint with this Court, seeking the claims described therein against the LRFOP and against the Board and Committee Members in their individual capacities. The only LRFOP members named as defendants were those identified in the Complaint as board members of the LRFOP. Board and Committee Members were not properly served with the Complaint under the requirements set forth in Fed. R. Civ. P. 4 and Local Rule 4.1,

## ARGUMENT

### A. Rule 11 Standard

Fed. R. Civ. P. 11 ("Rule 11") imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well-grounded in fact, legally tenable, and not interposed for any improper purpose. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393, 110 S. Ct. 2447, 2454 (1990). An attorney

4

who signs the paper without such a substantiated belief "shall" be penalized by "an appropriate sanction." *Id.* To constitute a "reasonable inquiry," the Plaintiff's prefiling investigation must uncover a factual basis for the plaintiff's allegations, as well as a legal basis. *Coonts v. Potts,* 316 F.3d 745, 753 (8th Cir. 2003). A district court applies an "objective reasonableness standard" to determine whether a reasonable and competent attorney would believe in the merit of an argument. *Miller v. Bittner,* 985 F.2d 935, 939 (8th Cir. 1993).

Federal Rule of Civil Procedure 11(b)(1) specifically requires that, when an attorney presents a pleading to the court, he or she must certify that pleading is not being presented "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." *Adams v. USAA Cas. Ins. Co.,* 863 F.3d 1069, 1076 (8th Cir. 2017). Rule 11's main purpose "is to deter baseless filings." *Id.* at 1077. Under a Rule 11 motion, the question is whether the attorney's conduct, 'viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court.'" *Perkins v. Spivey,* 911 F.2d 22, 36 (8th Cir. 1990).

**B.    Plaintiff's Claims Have No Basis in Law.**

The Plaintiff has brought numerous claims that are not warranted by existing law, and the Plaintiff did not make any argument (frivolous or otherwise) for extending, modifying, or reversing existing law or for establishing new law. This constitutes a failure by the Plaintiff and his counsel to meet the requirements of Rule 11.

1.    The Plaintiff's Section 1983 & Section 1985 claims must be brought against a state actor.

The Plaintiff has brought claims against the LRFOP, and the Board and Committee Members under 42 U.S.C. §1983 ("Section 1983") and 42 U.S.C. §1985 ("Section 1985") that

cannot be brought against the LRFOP or the Board and Committee Members because they are not state actors. Count I of the Complaint is a claim of "First Amendment Retaliation" under Section 1983. Count II of the Complaint is a Section 1983 claim of violations of the Plaintiff's equal protection rights under the Fifth and Fourteenth Amendments of the U.S. Constitution. Count V of the Complaint is a Section 1985 civil rights conspiracy claim. None of these claims has any basis in law because each such claim must be brought against a state actor. The Complaint does not name the City of Little Rock as a defendant in his suit.

LRFOP is a nonprofit corporation organized under Arkansas law and operating as a fraternal organization organized and functioning pursuant to Internal Revenue Code 501(c)(8). Plaintiff makes the following convoluted attempts to claim LRFOP's duties to its members qualify the nonprofit as a "state actor," but these arguments have no basis in law.

In Count I of the Complaint, the Plaintiff argues that the LRFOP is "the exclusive bargaining agent for the City of Little Rock" and that it is therefore "a state actor, endowed by the state with powers or functions governmental in nature." *See*, Complaint ¶48. However, the LRFOP is not a state actor and cannot be held liable under any theory advanced under 42 U.S.C. §1983 or 42 U.S.C. §1985 as it cannot act under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988); *see also Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008).

The Complaint argues, without legal support, that the LRFOP is an agent of some kind <u>for</u> the City of Little Rock. The LRFOP does not bargain <u>for</u> the city, it bargains <u>against</u> the city. As an "exclusive bargaining agent", the LRFOP occupies a position in direct opposition to the City of Little Rock and performs a wholly private function that is protected by state statute. It is nonsensical to argue that an organization that stands on the opposite side of the

6

bargaining table from a government entity is performing a governmental function. This is further elucidated by the fact that any such negotiations are voluntary. *See City of Fort Smith v. Arkansas State Council No. 38, AFSCME AFL-CIO*, 245 Ark. 409, 412, 433 S.W.2d 153, 155 (1968)(a municipality or other political subdivision is under no duty (which we take to mean a legally enforceable duty) to bargain collectively with its employees about wages, hours, or working conditions.) This adversarial, nongovernmental function is further confirmed in the right of the bargaining agent to bring suit for a violation of any agreement reached with the governmental unit in an adversarial proceeding. *See* Ark. Code Ann. § 11-3-302.

The Plaintiff also makes Section 1983 & Section 1985 claims against the Board Members & Committee Member in their private and individual capacities. It is axiomatic that said individuals are not acting and cannot act in their official capacities as government officials when their roles are clearly defined, as alleged in the Complaint, as board members of a not for profit, private, fraternal organization. Any allegation that the Board Members & Committee Member were acting in some sort of official, state capacity would be frivolous as it is clear that the LRFOP is a private fraternal organization, not a state actor. *Stodghill v. Service Employees Intern'tl Union, Local 50, AFL-CIO, CLC*, 192 F.3d 1159, 1162 (8th Cir. 1999)).

Finally, it is clear that the rights secured through the collective bargaining agreement under Arkansas law are private rights that can be enforced by the LRFOP or an individual member as a third-party beneficiary of the private contract between the LRFOP and the employer city who are, logically, opposed on issues central to the employment relationship. *See Andrews v. Victor Metal Prod. Corp.*, 239 Ark. 763, 764, 394 S.W.2d 123, 123 (1965).

Because Plaintiff's claims under Section 1983 and Section 1985 have not been

brought against state actors, Plaintiff's claims against LRFOP and the Board and Committee Members do not meet Rule 11's standard that the claims are warranted by existing law. As the U.S. Supreme Court set out in *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50, 119 S. Ct. 977, 985, 143 L. Ed. 2d 130 (1999), "To state a claim for relief in an action brought under § 1983, respondents must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." The LRFOP is not a government organization and does not perform a governmental function. The Board and Committee Members serve in that private nonprofit organization, and they have been sued by the Plaintiff in that capacity. The Plaintiff's claims therefore fail to meet the standards of Rule 11.

2. The Plaintiff's Section 1985 claim of a civil rights conspiracy fails to plead an underlying legal claim.

The Plaintiff's claim of a Section 1985 civil rights conspiracy is not warranted by existing law because there is no there is no underlying civil rights claim brought in the Complaint that could be brought against a non-state actor. A Section 1985 claim requires the Plaintiff to allege that an independent federal right has been infringed because Section 1985 is a statute which provides a remedy but grants no substantive stand-alone rights. *Federer v. Gephardt*, 363 F.3d 754, 758 (8th Cir. 2004). Without a civil rights violation, the Plaintiff cannot claim there is a conspiracy to violate his civil rights.

Here, all civil rights claims alleged in the Plaintiff's Complaint require a state actor. The Plaintiff cannot maintain a civil action against a union and its officials for actions that only a government can be responsible for. *Union Brotherhood of Carpenters & Joiners of America, Local 610, AFL–CIO v. Scott*, 463 U.S. 825 (1983). Because none of the civil rights

8

claims within the Complaint could be brought against LRFOP or the Board and Committee Members, the Complaint fails to meet the Rule 11 requirement that it be warranted by existing law.

3. <u>Plaintiff's First Amendment claims are not supported by the First Amendment or Applicable law.</u>

The Plaintiff's First Amendment claims also fail to meet Rule 11's requirement that such a claim be warranted by law because it does not the fundamental legal requirements of a First Amendment claim. Plaintiff claims that his "policing philosophy" constitutes protected speech that LRFOP violated by its "decision to take adverse employment action against him." Complaint, ¶ 52.  However, Plaintiff's "Policing Philosophy" is not Protected Speech. The Plaintiff's "policing philosophy" and his attempts to implement that philosophy as policy are words stated and actions taken by the Plaintiff in his capacity as the chief of police. As such, his statements are not protected free speech. *See Garcetti v. Ceballos*, 547 U.S. 410, 126 S.Ct. 1951(2006). Because no free speech right has been infringed, the Plaintiff's First Amendment claims fail as a matter of law.

Furthermore, the Plaintiff's Complaint fails to plead any actions by LRFOP or the Board and Committee Members that constitute a violation of a First Amendment right under the law. The LRFOP and the Board and Committee Members have a right to criticize the Plaintiff's policing philosophy, whether it is enacted as policy or not. The LRFOP and the Board Members have disagreed with the Plaintiff publicly, which is their right. The LRFOP supported individual members who brought lawsuits in order to preserve and assert those individual members' rights, not to suppress the Plaintiff's ability to express his "policing philosophy." Those were not "adverse employment actions" by the LRFOP, those actions are

9

legitimate, legal actions taken by every labor organization. None of those activities could be seen as a violation of the Plaintiff's First Amendment rights under any claim warranted by law.

The Plaintiff's Complaint fails to plead anything that would constitute protected speech under a First Amendment claim warranted by the law. The Complaint also fails to plead any actions taken by either the LRFOP or the Board and Committee Members would constitute a violation of the Plaintiff's First Amendment rights under a claim warranted by law. Therefore, the Plaintiff's First Amendment claims fail to meet the standards set under Rule 11.

    4. <u>Plaintiff's Class of One Theory does not apply in the public employment context</u>.

The Plaintiff's argument that his Equal Protection Clause claim may be brought by a "class of one" is not warranted by law as required by Rule 11 because the "Class Of One Theory" does not apply in the public employment context. The U.S. Supreme Court has made it clear that a class-of-one theory under the Equal Protection Clause of the 14th Amendment does not apply in the public employment context. *Engquist v. Oregon Dept. of Agriculture*, 553 U.S. 591 (2008).

The Plaintiff is the Chief of Police for the City of Little Rock, meaning he is a public employee. Because he is a public employee, he may not bring an Equal Protection claim as a "class of one". This claim is not warranted by law, meaning it does not meet the standards of Rule 11.

**C.   Plaintiff's Claims Lack Evidentiary Support**

The Plaintiff's claims lack evidentiary support, and both Plaintiff and his counsel failed to adequately conduct a reasonable inquiry into the law and facts prior to filing the

Complaint. Although the Plaintiff had adequate time to conduct an investigation, into the factual and legal basis of his allegations, the Complaint fails to meet Rule 11's evidentiary Requirements.

      1.     Plaintiff has brought defamation claims for a nonexistent blog.

The Plaintiff has brought claims of defamation against the LRFOP and against the Board and Committee Members without providing evidentiary support for those claims. The reason for the absence of that evidentiary support is that Plaintiff and his counsel have failed to make a reasonable inquiry into the factual claims. Had they made such an inquiry, they would have realized that no such evidence exists, and the Plaintiff would not have made such a claim against the LRFOP.

Count IV of the Plaintiff's Complaint claims that LRFOP is the "publisher" of a "blog." However, the Plaintiff does not identify such a blog by name, URL, or any other manner. The blog is not identified because the LRFOP does not have a blog. Even if a specific blog existed, Rule 11 required the Plaintiff and his counsel to conduct a reasonable inquiry into its author or publisher. However, to make a defamation claim related to an unidentified, nonexistent blog fails to meet the most basic requirements of Rule 11.

      2.     Plaintiff has brought defamation claims without evidence of any defamatory statements.

The Plaintiff's defamation claims against LRFOP also fail to plead any evidence showing the basic elements of defamation have occurred as required by Rule 11. As Plaintiff notes in Paragraph 69 of the Complaint, a defamation claim requires that a defendant made a defamatory statement that is both false and published. However, Plaintiff fails to provide a single statement that he claims is defamatory. He fails to provide any evidence that such a

11

statement exists, let alone that it has been published.

The Plaintiff had adequate time to conduct a reasonable inquiry necessary to find at least one specific defamatory statement to include in the pleadings, but he did not do so. This fails to meet the requirements of Rule 11.

3.   <u>Plaintiff has failed to provide any evidence supporting his Section 1983 claims.</u>

The Plaintiff's claims that actions taken by LRFOP and the Board and Committee Members violated his First Amendment and Equal Protection rights under Section 1983 are not supported by evidence as required by Rule 11. However, not only has the Plaintiff failed to show that the claimed violations are supported by evidence, it is unclear what those actual violations constituted.

In Count I, the Plaintiff claims that LRFOP "engaged in various instances of adverse employment acts, such as using the legal system to coerce the Plaintiff to leave his position as LRPD Chief of Police." Complaint, ¶53. In violation of Rule 11, the Plaintiff not only fails to provide any evidentiary support for the claims of what "adverse employment acts" constituted, he does not give any sort of description of what those were.

In Count II, the Plaintiff claims that "he is intentionally being treated differently by the LRFOP due to his race." Complaint, ¶ 58. Again, Rule 11 requires the Plaintiff provide evidence that supports this claim. However, the Plaintiff has neither explained how he is "being treated differently" nor provided evidence that supports such a claim.

The Plaintiff makes incredibly serious allegations against LRFOP and the Board and Committee Members. However, the Plaintiff has not only failed to submit claims that are supported by evidence, he has failed to submit claims with enough detail to be valid claims. This is a total failure of the Plaintiff's Rule 11 obligations.

4.      <u>Plaintiff has failed to plead any claim of damages that is supported by evidence</u>.

Another Plaintiff's troubling failure by the Plaintiff to meet his Rule 11 requirements in his Complaint is his failure to provide any evidentiary support for any claim of damages. In all of his claims against LRFOP or the Board and Committee members, Plaintiff has failed to plead any real damages or support with evidence of those. Plaintiff has not been stopped from speaking freely about his policing philosophy. Plaintiff remains the Chief of Police, and neither his duties nor his pay have been negatively affected. Damages are an essential element to these claims, and Rule 11 requires the Plaintiff support a claim of damages with evidence. Plaintiff has not even claimed that essential element, meaning he has failed to meet the Rule 11 requirements.

**D.      Plaintiff's Claims Are for Improper Purpose**

Plaintiff's claims brought before this Court are without legal merit, contrary to prevailing and well-established case law, and without evidentiary support. It is therefore necessary to conclude that these claims were brought, not to pursue legitimate legal claims, but to harass and harm the LRFOP and the Board and Committee Members. Sadly, Plaintiff's Complaint appears to be  a retaliation against the LRFOP and the Board and Committee for providing legal support as a labor organization to its members as they seek legitimate civil claims against their employer.

We note that, included among the advocacy efforts undertaken by LRFOP was legal support in specific lawsuits filed by co-defendants in Pulaski County Circuit Court. The first lawsuit was an appeal by Charles Starks of a decision by the Little Rock Civil Commission to uphold his termination by the Plaintiff. That appeal was Case No. 60CV-19-7042, filed on October 2, 2019, in which the Pulaski Circuit Court overturned Charles Starks' termination.

Three cases remain pending. We ask this Court to take judicial notice of the pendency of the following lawsuits in Pulaski County Circuit Court: (i) Hayward Finks, Duane Finks, and Reginald Parks v. Keith Humphrey and City of Little Rock, Case No. 60CV-20-2718, filed April 22, 2020; (ii) Alice Fulk and Cristina Plummer v. Keith Humphrey and City of Little Rock, Case No. 60CV-20-2799, filed April 29, 2020; and (iii) Charles Starks v. The City of Little Rock, Mayor Frank Scott, individually and in his official capacity as Mayor of Little Rock, Arkansas, Chief Keith Humphrey, individually and in his official capacity as the Chief of Police for the Little Rock Police Department, Case No. CV-60-20-3120, filed May 27, 2020.

Plaintiff's counsel is an experienced attorney who is licensed in both Illinois and Wisconsin. He understands the straightforward requirements of Rule 11 that a claim should be warranted by law and supported by evidence. The failures within the Complaint detailed above are not unintentional omissions. An experienced civil rights attorney knows that claims under Section 1983 and Section 1985 must be brought against state actors. A seasoned litigator understands that a defamation claim must include actual defamatory statements. Any attorney understands that a claim must allege actual facts and show damages.

The failure by Plaintiff and his counsel to meet such basic Rule 11 requirements is too fundamental for the Complaint to be a legitimate pursuit of the claims within it. The errors are too obvious to be an oversight. This Court can conclude that the Complaint is an attack on the LRFOP.

The Plaintiff's Complaint may be an attempt to intimidate LRFOP as it advocates for appropriate policies and procedures. Rather than using this Court for its purpose of seeking justice, Plaintiff appears to be using this Court as a weapon to suppress female officers who

14

are seeking help stopping sexual harassment and to suppress employees who seek redress for improper treatment. This Court is being used to punish LRFOP for defending officers who pursue their legal rights to challenge termination before the Public Service Commission and the Circuit Courts and for advocating for policies that protect officers and the citizens they serve.

The Complaint is  harassing LRFOP and the Board and Committee Members and causing them to needlessly incur the cost of litigation. The Complaint is telling the LRFOP and its members that, if they cross Chief Humphrey, he will accuse them of racism and sue them in federal court. This is an abuse of this Court and a violation of the most fundamental requirements of Rule 11. Further, Plaintiff's actions arguably violate Arkansas law as an improper constriction upon the free speech of these Defendants. See Ark. Code Ann. § 16-63-504 ("Citizen Participation in Government Act.")

<h2 style="text-align:center">CONCLUSION</h2>

Because the Plaintiff and his counsel have brought claims before this Court that are without legal merit, contrary to prevailing and well-established case law, and without evidentiary support, and because the Plaintiff's complaint has been brought to harass, intimidate, and force the LRFOP and the Board and Committee Members to incur the costs of defending this litigation in retaliation for the organization's advocacy, the LRFOP and the Board and Committee Members request this Court impose sanctions against Keith Humphrey and his counsel Michael J. Laux in an amount to be determined by the Court and for costs and fees incurred by the LRFOP and the Board and Committee Members in defending this claim and moving for a motion to dismiss.

15

Respectfully,

Chad Cumming &
Debby Linton Ferguson
Gill Ragon Owen, P.A.
425 West Capitol Ave. Ste. 3800
Little Rock, Arkansas 72201
Phone: (501)376-3800
ferguson@gill-law.com
cumming@gill-law.com


By:_____
Debby Linton Ferguson (Ark. Bar No. 2001146)
Chad Cumming (Ark. Bar No. 2008028)
Attorneys for Defendants LRFOP, Board and
Committee Members


## CERTIFICATE OF SERVICE

I hereby certify that on October _____, 2020, I electronically filed a true and correct copy of the foregoing Brief in Support of Motion for Summary Judgment with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to all the registered users:

Michael J. Laux
Laux Law Group
400 W. Capitol Ave., Ste. 1700
Little Rock, AR 72201
501-242-0750
mlaux@lauxlawgroup.com
Attorney for Plaintiff


_____
Debby Linton Ferguson