IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

KEITH HUMPHREY                                                    PLAINTIFF

v.                          CASE NO. 4:20-CV-1158-JM

ALICE FULK, individually,                                        DEFENDANTS
CRISTINA PLUMMER, individually,
HAYWARD FINKS, individually,
DUANE FINKS, individually,
REGINALD PARKS, individually,
LITTLE ROCK FRATERNAL ORDER OF
POLICE, LODGE #17, a non-profit corporation,
RONNIE MORGAN, individually,
ERIK TEMPLE, individually,
KENNETH HAMBY, individually,
STEVE DODGE, individually,
MICHAEL MCVAY, individually,
CHRIS RINGGOLD, individually,
KYLE HENSON, individually,
TRAVIS CUMMING, individually,
MARK ISON, individually,
JOHN GILCHRIST, individually,
KEVIN SEXSON, individually,
CHARLES STARKS, individually,
SHELLA ATLAS-EVANS, individually,
MATT MURSKI,
MOTOROLA SOLUTIONS d/b/a
WATCHGUARD, and
RUSS RACOP

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION
FOR ATTORNEYS' FEES**

Come now, the Defendants, LITTLE ROCK FRATERNAL ORDER OF POLICE, LODGE #17

("LRFOP"), an Arkansas non-profit corporation; RONNIE MORGAN, individually; ERIK TEMPLE,

individually; KENNETH HAMBY, individually; STEVE DODGE, individually; MICHAEL MCVAY,

individually; CHRIS RINGGOLD, individually; KYLE HENSON, individually; TRAVIS CUMMING,

1

individually; MARK ISON, individually; and JOHN GILCHRIST, individually; (herein collectively after "LRFOP, Board and Committee Members"), who appear by and through their counsel, Gill Ragon Owen, P.A. and LoRusso Law Firm, PC,  and for their Brief in Support of their Defendant's Motion for Attorneys' Fees requesting the Court issue an order requiring the Plaintiff KEITH HUMPHREY ("Humphrey") to pay attorneys' fees and costs to LRFOP, Board and Committee Members and states:

## FACTS

Humphrey filed his Amended Complaint on November 18, 2020, which contained allegations of First Amendment Retaliation pursuant to 42 U.S.C. § 1983; Equal Protection under the Fifth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983; Civil Rights Conspiracy pursuant to 42 U.S.C. § 1985, and Defamation/Libel against LRFOP, Board and Committee Members.

On December 2, 2020, LRFOP, Board and Committee Members filed their Motion to Dismiss and Motion to Strike Plaintiff's Amended Complaint and Brief in Support alleging that each of Humphrey's claims failed as a matter of law.   On September 15, 2021, this Court entered its Order in favor of LRFOP, Board and Committee Members dismissing each and all of Humphrey's claims.

## ARGUMENT

LRFOP, Board and Committee Members timely filed their motion for attorney's fees and expenses of litigation pursuant to Fed. R. Civ. P. 54, 42 U.S.C. § 1988(b), and Local Rule 54.1, LRFOP, Board and Committee Members, as they are the prevailing party in this case.  The Eighth Circuit has held that a prevailing defendant may recover attorney's fees and expenses of

litigation under 42 U.S.C. § 1988 if the plaintiff's claim was "frivolous, unreasonable, or groundless, or . . . the plaintiff continued to litigate after it clearly became so." _Flowers v. Jefferson Hosp. Ass'n_, 49 F.3d 391, 392 (8th Cir. 1995)(citing _Christianburg Garment Co. v. Equal Employment Opportunity Comm'n_, 434 U.S. 412, 422, 98 S. Ct. 694, 54 L. Ed. 2d 648 (1978)). Courts look at the totality of circumstances in the proceeding to determine whether an action is groundless and unreasonable and find an even stronger basis for charging a plaintiff with attorney's fees incurred by the defense if the plaintiff is found to have brought or continued their claim in bad faith. _Brooks v. Cent. Ark. Nursing Ctr._, 31 F. Supp. 2d 1151, 1153 (E.D. Ark. 1999).

## I.      Humphrey's Complaint and Amended Complaint were frivolous, unreasonable, and groundless.

As discussed in the Motion for Sanctions and Brief in Support filed by LRFOP, Board and Committee Members (ECF# 86 and 87) and as detailed in this Court's Order granting Defendants' motions to dismiss (ECF# 91), Humphrey's Complaint and Amended Complaint against LRFOP, Board and Committee Members (ECF# 1 and 23) were frivolous, unreasonable, and groundless. Humphrey's claims alleged had no support in the law, and Humphrey did not argue for a new extension of law. Any research into the merits of Humphrey's allegations prior to the filing of his complaint would have resulted in such a finding. Unfortunately, either such research either did not occur, or worse yet, Humphrey filed his Complaint and Amended Complaint despite knowledge that his claims were not supported by law to harass, annoy, and cause unnecessary expense to LRFOP, Board and Committee Members.

LRFOP, Board and Committee Members ask that this Court take judicial notice of counsel for Plaintiff's bar number and experience as a civil rights attorney based on other

3

federal and state cases.  This case does not involve naïve counsel or a pro se litigant.  Plaintiff and his attorney should know that Plaintiff's Complaint and Amended Complaint, as well as other filings referenced in Section II below, were not based in law or fact, so the only reasonable conclusion is that the suit was brought for inappropriate purposes (i.e. retaliation and to cause defendants to incur expense) and in bad faith.  Thus, Plaintiff's case is frivolous, unreasonable, and groundless.

As a result of this frivolous, unreasonable, and groundless action, LRFOP, Board and Committee Members incurred a total of $48,037.25 in attorneys' fees and expenses in defense of this action, as more specifically stated in the Affidavits of Debby Linton Ferguson attached to the motion filed herewith as Ex. C and the Affidavit of Lance J. LoRusso attached hereto as Ex. D.  Humphrey should now be ordered to pay back those expenses.  LRFOP, Board and Committee Members claim attorney-client privilege and work product for the redactions.

### A.    First Amendment Retaliation

The undisputed facts are found in Humphrey's Amended Complaint.  Prior to his employment with the City of Little Rock, Chief Humphrey was the Chief of the Norman Oklahoma Police Department, and he was well known there for institutional reforms. (ECF# 23, ¶ 4 & ¶ 45).  Thus, the statements Humphrey alleged were protected speech were made by Humphrey while acting as the Chief of Police of Norman, Oklahoma.

Caselaw is clear that speech made while acting as a public employee is not protected by the First Amendment. *Garcetti v. Ceballos*, 547 U.S. 410, 421 (2006).  Humphrey should not have pursued this claim, as his counsel should have been aware of U.S. Supreme Court precedent and should certainly not have continued to pursue this claim after being made

aware of caselaw in LRFOP, Board and Committee Members' Rule 11 letters and draft motions and briefs.

### B.    Equal Protection under the Fifth and Fourteenth Amendment

Again, the undisputed facts are found in Humphrey's Amended Complaint.  Humphrey's claims for violation of Equal Protection under the Fifth and Fourteenth Amendments were brought as a "class of one." (ECF#23, ¶ ¶ 89-92).   However, the law is clear that the "class of one" theory of equal protection does not apply in a public employment context." *See, Engquist v. Oregon Dept. of Agri*. 553 U.S. 591 (2008).

### C.    Civil Rights Conspiracy

As detailed in this Court's Order granting Defendants' motions to dismiss, Humphrey's Civil Rights Conspiracy Claim against LRFOP, Board and Committee Members was frivolous, unreasonable, and groundless.  Because Humphrey failed to adequately allege an underlying constitutional violation, his civil conspiracy claim fails.  *Novotny v. Tripp Cty., S.D.,* 664 F.3d 1173, 1180 (8th Cir. 2011)( no §1985 civil conspiracy violation where plaintiff cannot show any underlying constitutional violation).

### D.    Plaintiff's federal claims were additionally flawed because LRFOP, Board and Committee Members are not state actors.

Although this Court dismissed the federal claims on other grounds, Plaintiff's claims of First Amendment Retaliation pursuant to 42 U.S.C. § 1983; Equal Protection under the Fifth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983; and Civil Rights Conspiracy pursuant to 42 U.S.C. § 1985 would also have failed because there were no allegations against a state actor.  As the U.S. Supreme Court set out in *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40,

49–50 (1999):

> To state a claim for relief in an action brought under § 1983, respondents must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law. Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.

Plaintiff's allegations against LRFOP are contained in paragraphs 11, 30-33, 41-43, 47-50, 55, 68-81, 82-95, 103-110 and 111-114 of his Amended Complaint, along with Ex. 1 paragraphs referenced therein.  In paragraph 11, Plaintiff states, "At all relevant times, LRFOP was a police union and non-profit organization. . ." Knowing that any claim under 42 U.S.C. § 1983 or 42 U.S.C. § 1985 must be against a state actor, Plaintiff attempts the appearance of a proper claim under these statutes by making the conclusory statement that LRFOP was the exclusive bargaining agent for the City of Little Rock.  However, contrary to Plaintiff's assertions, the existence of a collective bargaining agreement between LRFOP and the City of Little Rock does not make LRFOP a state actor subject to an action pursuant to 42 U.S.C. § 1983. *See Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811 (7th Cir. 2009). The United States Supreme Court has held that a civil action cannot be maintained against a union and its officials for actions that only a government can be responsible for. *Union Brotherhood of Carpenters & Joiners of America*, Local 610, AFL–CIO v. Scott, 463 U.S. 825 (1983).  Thus, this would have provided additional grounds for dismissal and additionally makes Humphrey's claims frivolous, unreasonable, and groundless.

### E.    Plaintiff's claims of abuse of process and defamation/libel fail.

Although this Court merely declined to exercise supplemental jurisdiction over Humphrey's state law claims of abuse of process and defamation/libel, those claims would also

6

have failed on their merits. The abuse of process claim would also fail based on the preliminary success past motions to dismiss of the cases LRFOP is alleged to have funded.

Further, LRFOP, Board and Committee Members are entitled to immunity endowed to a nonprofit organization and those acting on behalf of it by A.C.A. § 4-33-830, which provides that "A director is not liable to the corporation, any member, *or any other person* for any action taken or not taken as a director, if the director acted in compliance with this section." (*Emphasis added.*) Plaintiff alleges intermittently in the Amended Complaint that the Board & Committee Members engaged in activities in their individual capacities as well as members of the board of directors of the LRFOP. LRFOP is an organization that is duly organized and operating as a not for profit entity in Arkansas. The actions by the LRFOP, Board Members and Committee Member described in the Amended Complaint are actions taken by those individuals in their roles within the LRFOP, and the individuals taking those actions are entitled to non-profit immunity.

In addition to failing based on non-profit immunity of LRFOP, Board and Committee Member, Plaintiff failed to plead essential elements of defamation/libel, including the specific defamatory statements alleged to have been made by LRFOP, Board and Committee Members, as well as actual damages. Also, public statements by LRFOP, Board and Committee Members concerning the Plaintiff's activities were matters of public concern ie: allegations of improper or immoral conduct and misuse of city equipment. *Sexton v. Martin*, 210 F.3d 905, 910 (8th Cir. 2000) ("…speech concerning potential misconduct by public officers is a matter of public concern.") Therefore, any such statements are protected by the First Amendment to the United States Constitution. To the extent that Plaintiff seeks to silence or hamper their efforts

to publicly and privately criticize his official actions and conduct, the Amended Complaint violates Ark. Code Ann. § 16-63-501, commonly known as the "Citizen Participation in Government Act." Any criticism of the Plaintiff, whether made publicly or privately, is protected under Arkansas law.   Finally, Plaintiff failed to allege actual damages as required by Arkansas law for defamation/libel.

## II.     In the alternative, Humphrey continued to litigate his claim after it clearly became frivolous, unreasonable, and groundless.

In the event the Court determines that Humphrey instituted this action in good faith and based upon a reasonable foundation, this Court should nevertheless award attorneys' fees and expenses because Humphrey continued to litigate his claim after receiving notice that the claim was frivolous, unreasonable, and groundless.   Although the status of the law outlined above should have been known all along by Humphrey and his attorney, they were certainly made aware of the frivolous nature of the claims after receiving Rule 11 letters from LRFOP, Board and Committee Members on October 28, 2020 regarding the original Complaint and again on December 7, 2020 after the Amended Complaint was filed.   (See Ex. A and B attached to the motion filed herewith)

Despite obtaining knowledge that Humphrey's claim was frivolous and groundless, counsel for Humphrey failed to advise and discourage his client from proceeding forward with this action.   Plaintiff's failure to based his claims on supporting statutes or caselaw required research to refute. (See ECF# 1 and 23) The Amended Complaint contained the same inflammatory and irrelevant language, as well as the lengthy Addendum, and both required a motion to strike in addition to a motion to dismiss, as well as briefs. (See ECF# 5-7, 23, 23-1, 35, 38 and 38-1).   Although Humphrey's Amended Complaint failed to remedy the failures of

8

his Complaint, the Amended Complaint required LRFOP, Board and Committee to respond with a second Rule 11 letter (see attached as Ex. B to the Motion for Attorney's Fees) and a second motion to dismiss and brief. (ECF# 23, 35, 38 and 38-1) Plaintiff's Motion for Extension of Time and Request to File an Omnibus Brief exceeded the rules of civil procedure and was outside of what a court would normally accept but required a response. (See ECF# 22 and 24).  Plaintiff's failure to properly serve our clients resulted in many inquiries from clients asking, "is this proper service?" (ECF# 91) We filed a timely response to Plaintiff's Motion for Leave to File Second Amended Complaint, and Plaintiff's failure to properly calculate the deadline required us to respond to Plaintiff's motion to strike our response as untimely. (ECF# 67, 68 and 74) Plaintiff's Notice of Proof of Waiver of Formal Service by Defendant John Gilchrist arguing that Gilchrist waived service lacked any foundation but necessitated a response. (ECF #75 and 76). Further, the baseless claims caused us to draft the motion for sanctions and brief, the Rule 11 letters attached to the motion filed herewith, and this attorney's fees brief and motion filed herewith. (See ECF# 86-87)

The groundless and frivolous nature of Plaintiff and his counsel's actions is confirmed by this Court's Order. (See ECF#91) Of LRFOP, Board and Committee Members' total fee and expenses, $28,116 of that accrued after their first Rule 11 letter was received on October 30, 2020.  After that date, Humphrey's Complaint should have been withdrawn.

### III.    Counsel and Plaintiff Failed to Withdraw Frivolous and Meritless Claims As Required by Federal Rule of Civil Procedure Rule 11.

As outlined *infra*, these Defendants sent counsel for Plaintiff letters and draft motions in compliance with Rule 11 of the F.R.C.P. on October 28 and December 7, 2020.  Said letters and

draft motions were sent via certified United States Mail and received on October 30, 2020 and December 9, respectively.  See Proof of Service Letters and Motions attached as Exhibits A & B to the Motion for Attorney's Fees filed herewith.  After waiting far more than the twenty-one days required by Rule 11(c)(2), these Defendants filed their Rule 11 motion and brief in support on August 26, 2021. (ECF# 86 and 87).  Plaintiff sought and received an extension, with agreement of counsel, through September 23, 2021 for him to respond to said motion.  At the eleventh hour, quite literally, on September 23, 2021, Plaintiff sought an extension of time to respond to the Rule 11 motion for sanctions. (ECF# 92).  This Court denied Plaintiff's request for an extension. (ECF# 95)

These Defendants respectfully remind this Court of the hours required for defense counsel to review and sort through the voluminous Complaint and Amended Complaint.  For example, Plaintiff's "Preamble" and "Complaint Addendum" which are neither sanctioned nor permitted by the F.R.C.P., served no useful purpose in the instant action, and were clearly interposed for the improper purpose of attempting to garner publicity in the press, also contained outrageous and salacious allegations against a class of individuals seemingly to encompass the entire citizenry of the City of Little Rock.  Litigation is a serious business and not the place for pontification.  Further, Rule 11 is premised upon a recognition that opposing counsel and litigants must take every word of every pleading seriously and consider the import of every claim and argument.  The "Preamble" entitled "Introduction-A House Divided," is 436 superfluous words that counsel for these Defendants had to read and interpret in the context of the claims brought forth against our clients.

Further, the "Complaint Addendum," which appears after the Prayer for Relief and *ad damnum* clause, is comprised of *seventy-three* pages of a hodgepodge of drivel containing a patchwork of press clippings, photographs, and unsupported citations presented in a manner befitting a second grade art project. In addition, the "facts" included in this agglomeration pre-date the employment of Plaintiff by the City of Little Rock by nineteen years. Plaintiff and his counsel seemingly set out to lay out a foundation of discrimination and maltreatment of Plaintiff before anyone in the City of Little Rock knew Plaintiff existed. This is the exact type of "improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation" contemplated in F.R.C.P. Rule 11(b)(1).

Plaintiff and his counsel knew, should have known, and counsel's signature on the Complaint and Amended Complaint certify an understanding and acknowledgment that counsel for the Defendants were required to review *every word* of these useless and improper additions to an otherwise baseless set of legal allegations and contentions and parse through them analytically to first determine if they were related to the claims against our clients, figure out if any averments capable of response were contained therein, and then determine if and how to respond in any meaningful manner. Plaintiff and his counsel doubled down and included these improper provisions in the Amended Complaint as well.

Of their total fee, $21,532.50 accrued after their second Rule 11 letter in response to the Amended Complaint was received on December 9, 2020. Humphrey's Amended Complaint should have been dismissed after that date.

Unbelievably, counsel for Plaintiff, upon being questioned by the media following this Court's dismissal of all claims gave every impression that Plaintiff and his counsel intend to

continue pursuing these claims in stating the complaint was dismissed without prejudice, meaning it can be refiled . . . "this cause of action remains entirely viable1."

## **CONCLUSION**

In *Flowers v. Jefferson Hospital Association, Inc.*, No. PB-C-91-140, 1993 U.S. Dist. LEXIS 20992, *5 (E.D. Ark Nov. 29, 1993), Judge Eisele awarded a defendant attorneys' fees in a § 1981 action because the claim was "unreasonable and without foundation."  The same can be said of Humphrey's claim which imposed upon LRFOP, Board and Committee Members the obligation to employ the services of an attorney, file pleadings and submit to litigation that was frivolous, unreasonable, and groundless.  LRFOP, Board and Committee Members prevailed and should be awarded reasonable attorneys' fees and expenses of litigation in the amount of $48,037.25 or an amount that this Court deems just and equitable.

WHEREFORE, Defendants, LRFOP, Board and Committee Members pray that the Court award them their attorneys' fees and costs, against the Plaintiff and his Counsel.


Respectfully,

Chad Cumming &
Debby Linton Ferguson
Gill Ragon Owen, P.A.
425 West Capitol Ave. Ste. 3800
Little Rock, Arkansas 72201
Phone:  (501)376-3800
ferguson@gill-law.com
cumming@gill-law.com

and

---

1 09/16/21 Arkansas Democrat Gazette, "Judge Tosses LR Police Chief's Suit."

Lance LoRusso
LoRusso Law Firm, P.C.
1827 Powers Ferry Rd. SE
Building 8 Ste. 200
Atlanta, GA 30339
Phone: (770) 664-2378
lance@lorussolawfirm.com

By: _/s/ Debby Linton Ferguson_____
Debby Linton Ferguson (Ark. Bar No. 2001146)
Chad Cumming (Ark. Bar No. 2008028)
Attorneys for Defendants LRFOP, Board and
Committee Members

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 29, 2021, I electronically filed a true and correct copy of the foregoing Motion to Dismiss with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to all the registered users including:

Michael J. Laux
Laux Law Group
400 W. Capitol Ave., Ste. 1700
Little Rock, AR 72201
501-242-0750
mlaux@lauxlawgroup.com
Attorney for Plaintiff

_/s/ Debby Linton Ferguson_____
Debby Linton Ferguson