## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

KEITH HUMPHREY,                                                    PLAINTIFF

v.                                    CASE NO. 4:20-CV-1158 JM

ALICE FULK, ET AL.,                                               DEFENDANTS

### PLAINTIFF'S RESPONSE TO MOTION FOR ATTORNEYS' FEES
### FILED BY DEFENDANTS

NOW COMES Plaintiff, KEITH HUMPHREY, and for his Response to the Motion for Attorneys' Fees filed by Defendants, LITTLE ROCK FRATERNAL ORDER OF POLICE LODGE #17 (hereafter "LRFOP"), RONNIE MORGAN, ERIK TEMPLE, KEVIN SIMPSON, KENNETH HAMBY, STEVE DODGE, MICHAEL MCVAY, CHRIS RINGGOLD, KYLE HENSON, TRAVIS CUMMING, MARK ISON, AND JOHN GILCHRIST (hereafter "LRFOP defendants"), states as follows:

### I.      INTRODUCTION AND SUMMARY OF ARGUMENT

The LRFOP defendants have filed a motion for attorneys' fees purportedly pursuant to Fed. R. Civ. P. 54, 42 U.S.C. § 1988(b) and Eastern District of Arkansas Local Rule 54.1.  See Doc. #99 at ¶ 4.  They claim that the claims of Plaintiff, KEITH HUMPHREY (hereafter "PLAINTIFF"), have "no support in the law."  See Doc. #100 at p. 3.  They lambast counsel's research skills, argue PLAINTIFF's allegations "were not based in law or fact," and allege bad faith.  See Doc. #100 at pp. 3-4.  The foundation of their motion—identical to their prior motion to dismiss PLAINTIFF's amended complaint—is that when PLAINTIFF spoke to a crowd gathered friends and community members in Norman, Oklahoma on April 5, 2019, he was the chief of police of the Norman Police Department and, thus, a public figure for whom full First Amendment protections are not available.  See Doc. #100 at pp. 4-5.

However, PLAINTIFF can establish that he was not employed by the Norman Police Department at the time of his post-resignation speech, the philosophy of which was one of the bases for the conduct he claims in his complaint is unconstitutional.  See Keith Humphrey Declaration, attached hereto as <u>Exhibit 1</u>.  Because PLAINTIFF was a *de facto* private citizen at the time of the contested remarks—speech which constituted a matter of public concern and did not involve an employment dispute—there should be no curtailment of his First Amendment protection.  See *Handy-Clay v. City of Memphis*, 695 F.3 531, 539 (6th Cir. 2006).

Furthermore, in Count I of his First Amended Complaint, PLAINTIFF alleged the LRFOP defendants engaged in joint activity with the state, subjecting them to civil liability as though they stood in the shoes of the state.  See Doc. #23 at ¶¶ 47, 73.  Thus, even if the Court were to hold that the LRFOP defendants were not state actors proper, PLAINTIFF's allegations of joint activity reflect the reasonableness of his complaint.  Indeed, PLAINTIFF's counsel enhanced the joint activity allegations in his November 18, 2020 complaint in direct response to an October 28, 2020 letter from LRFOP defendants' counsel which complained that its clients were not state actors.  See October 28, 2020 Correspondence from LRFOP Defense Counsel, attached hereto as <u>Exhibit 2.</u>

Thus, PLAINTIFF can demonstrate that he was not employed as an officer on April 5, 2019—indeed, he was no longer law enforcement certified by the State of Oklahoma on that date—which means he was a private citizen.  See Ex. 1.  Additionally, even if PLAINTIFF were to fail to prove that the LRFOP defendants qualify as a state actor under one of the exceptions, any individual or group—and certainly a police union—can engage in joint activity with the state.   PLAINTIFF makes these points not to relitigate prior rulings but, rather, to evidence his good faith in bringing his non-frivolous lawsuit.

Finally, LRFOP defendants are not prevailing parties.   Orders dismissing lawsuits without prejudice—with rare exception—do not produce prevailing parties on either side of the "v."  This axiom is even more pronounced here, in Arkansas, where the three (3) year statute of limitation for civil actions makes PLAINTIFF's cause viable until at least April 2022.  As stated characteristically well by the Hon. William R. "Billy Roy" Wilson, Jr. in *Day v. Case Credit Corp.*, U.S. Dist. LEXIS 63096 at *10 (E.D. Ark., September 1, 2006), "[u]ntil all the cards have been played, the prevailing party cannot be identified."  Therefore, even if there was bad faith or frivolous litigation on the part of PLAINTIFF—which there was not—LRFOP defendants' motion for attorneys' fees is premature, at best, and should rightfully be denied.  See *id.*

## II.   <u>PROCEDURAL HISTORY</u>

On September 30, 2020, PLAINTIFF filed his complaint at law in which he alleged, inter alia, that the LRFOP defendants were state actors, capable of infringing First Amendment rights. See Doc. #1 at ¶¶ 47-54.  In a single paragraph, PLAINTIFF also alleged alternately that the LRFOP defendants willfully engaged in joint activity with the state, making the union subject to constitutional liability.  See Doc. #1 at ¶ 49.  On October 28, 2020, the LRFOP defendants filed a motion to dismiss PLAINTIFF's complaint.  See Doc. #6-7.  In the motion, the LRFOP defendants assert that they are not state actors but the submission is silent regarding alleged joint activity.  See Doc. #6 at pp. 10-13.

On October 28, 2020, the date they filed their motion, counsel for LRFOP defendants sent a Rule 11 letter to PLAINTIFF's counsel threatening to file a motion for sanctions if PLAINTIFF did not voluntarily dismiss his case.  See Ex. 2.  Like the motion the focus was purely on whether the LRFOP defendants are bona fide state actors.  See Ex. 2 at p. 2. Inaccurately, the lawyers wrote:

3

> The claims brought by your client in the Complaint, as well as the basis for the jurisdiction of this matter in a federal court, rely on the claim that the *LRFOP*[1] *is a state actor*.  However, the LRFOP is not a state actor and cannot be held liable under any theory advanced under 42 U.S.C. § 1983 or 42 U.S.C. § 1985 as it cannot act under color of state law.  See Ex. 2 at p. 2 (emphasis added).

Assuming *arguendo*, that certain of PLAINTIFF's initial complaint allegations were infirm insofar as he would be unable to prove the LRFOP defendants are state actors, and further that said allegations constitute a frivolous filing, PLAINTIFF's complaint is nonetheless ensconced in good faith by virtue of his alternate pleading of joint activity with the state.  See Doc. #1 ¶ 49.

In response to the LRFOP defendants' motion to dismiss, PLAINTIFF filed an amended complaint on November 18, 2020.  See Doc. #23.  In this complaint, PLAINTIFF sued Defendants, ALICE FULK and HAYWARD FINKS, in their official capacities.  See Doc. #23 at ¶¶ 6, 8.  While not subscribing to the sentiments of LRFOP defendants' October 28 letter wholesale, PLAINTIFF's counsel nonetheless acknowledged it and added factual allegations regarding joint activity, *inter alia*, to the amendment.  See Doc. #23 at ¶¶ 6, 8, 47, 73.  His amended and clarified joint activity allegations were pled as follows:

> 47. On April 16, 2019, PLAINTIFF decided to meet with a group of citizens protesting a recent police-involved shooting of a black motorist committed by STARKS. See Ex. 1 at ¶¶ 145-146. This community-oriented act by PLAINTIFF confirmed to FULK, H. FINKS and other defendants that PLAINTIFF intended to follow through on the statements he made as a private citizen, *prior* to becoming LRPD chief of police. Moreover, PLAINTIFF's decision to meet with protesters suggested to FULK, H. FINKS and other defendants that PLAINTIFF would terminate STARKS for the shooting, which would signify a philosophical shift within the department antithetical to the interests of the LRFOP and the other defendants. The LRFOP and the other defendants prefer the lax

---

[1] For this reason, acknowledged by the LRFOP defendants and counsel, PLAINTIFF asserts that the non-LRFOP officer defendants do not even have standing to bring this motion and their attorneys' fees are not properly submitted to the Court.

leadership they enjoyed for years prior to PLAINTIFF's arrival, one which allowed police misconduct to go virtually unchecked. See Ex. 1 at ¶¶ 46-48, 52, 55-61, 67-76, 85, 89-90.

*****

73. Alternately, the LRFOP was a willful participant in joint action with the state—namely, FULK, H. FINKS, STARKS and others. The joint action among and between these defendants is shown in the following ways:

    a) Orchestrating frivolous lawsuits with BURKS;

    b) Funding the frivolous lawsuits brought by BURKS;

    c) Making false media announcements and coordinating media campaigns against PLAINTIFF;

    d) Attempting to solicit individuals to make false claims of sexual harassment against PLAINTIFF; and

    e) Other conspiratorial acts.  See Doc. #23 at ¶ 73.

On December 2, 2020, the LRFOP defendants filed a motion to dismiss PLAINTIFF's amended complaint.  See Doc. #35, 38.  This motion was nearly identical to the first, however, in a mere single paragraph the LRFOP did address PLAINTIFF's joint activity allegations this time.  See Doc. #38 at p. 13.  Their argument was conclusory and without citation: "Not only is there no state action by LRFOP or the Board and Committee Members in these 'joint actions,' there is no logic in the plaintiff's argument."  See Doc. #38 at p. 13.  The LRFOP defendants' attention to PLAINTIFF's First Amendment claim was equally scant and conclusory: "…Plaintiff made such statements in his capacity as the chief of police."  See Doc. #38 at p. 14.

Five days after they filed their second motion to dismiss, counsel for LRFOP defendants sent a second Rule 11 letter.  See December 7, 2020 Correspondence from LRFOP Defense Counsel, attached hereto as Exhibit 3.   Again disregarding the recently added joint activity allegations, counsel admonished PLAINTIFF's counsel stating that he was still in violation of

Rule 11.  See Ex. 3 at p. 1.  The LRFOP defendants wrote "Although you filed an Amended Complaint with the Court on November 18, 2020, you have not remedied those deficiencies." See Ex. 3 at p. 1.   The LRFOP defendants' December 2 letter makes no mention of PLAINTIFF's joint activity allegations or why such allegations would be frivolous, spurious or otherwise infirm.  See Ex. 3.

On February 2, 2021, PLAINTIFF responded to the motion to dismiss filed by LRFOP defendants.   See Doc. #78.   In his response, PLAINTIFF painstakingly detailed all of the changes and additions to his amended complaint.  See Doc. #78 at fn 1.  Sizable among the amendments were allegations further substantiating PLAINTIFF's joint activity claims against LRFOP defendants, including the naming of Defendants FULK and FINKS in their official capacities. See Doc. #38 at fn 1 pp. 4-6.

On August 26, 2021, the LRFOP filed their motion for sanctions pursuant to Rule 11. See Doc. #87.  For the first time in this motion the LRFOP defendant address PLAINTIFF's joint activity allegations but the arguments made do not begin to cover the entirety of the allegations. See Doc. #87.   They make the specious argument—in a Rule 11 motion for sanctions—that because Defendants FULK and FINKS sued PLAINTIFF in their individual capacities, they cannot be considered state actors, nor be sued in their official capacities.  See Doc. #87 at pp. 10-11.  They seem to say that because their clients "have denied these allegations of 'joint activity'" PLAINTIFF's lawsuit fails to state a claim.  See Doc. #87 at 10.

On September 15, 2021, the Court granted LRFOP defendants' motion to dismiss. See Doc. #91.   Per the Court's order, it found that "based upon Chief Humphrey's Amended Complaint, prior to his employment with the City of Little Rock, Chief Humphrey was the Chief of the Norman Oklahoma Police Department."  See Doc. #91 at p. 7.  The Court noted that

PLAINTIFF was well known for his institutional reforms and found that he was acting as the Norman chief of police when he gave his April 5, 2019 remarks.  See Doc. #91 at p. 7.

Applying *Garcetti*, the Court determined that PLAINTIFF's speech was not protected because when he made the statements on April 5 he was acting as a public employee making statements pursuant to his official duties.  See Doc. #91 at p. 7.  Because PLAINTIFF was a public employee, he could not make a viable First Amendment claim and, thus, the Court dismissed his other federal counts because there was no constitutional violation to which they could still be tethered.  See Doc. #91 at pp. 7-8.  The Court declined to exercise supplemental jurisdiction over PLAINTIFF's state law claims and dismissed his federal lawsuit without prejudice.  See Doc. #91 at p. 8.

On September 29, 2021, the LRFOP defendants filed a motion against PLAINTIFF, seeking attorneys' fees as the prevailing party to the lawsuit per Fed. R. Civ. P. 54, 42 U.S.C. § 1988(b) and Local Rule 54.1.  See Doc. #99, 100.  In the motion, they claim that PLAINTIFF's complaint and amended complaint were frivolous, unreasonable and groundless and that he continued to litigate his claim after it clearly became frivolous, unreasonable and groundless. See Doc. #100 at pp. 3, 8.  The LRFOP defendants submit to the Court that PLAINTIFF's counsel's acknowledgement that PLAINTIFF's claim remains viable represents a thumbing of the nose or some other type of defiance.  See Doc. #100 at pp. 11-12.  This is of course not true.

### III.   ARGUMENTS

#### A.  PLAINTIFF'S COMPLAINTS WERE BROUGHT IN GOOD FAITH

PLAINTIFF was not employed by Norman Police Department when he gave his April 5, 2019 remarks.  See Ex. 1.  His last day working as a Norman police officer was April 3, 2019. See Ex. 1.  On April 5, 2019, he gave a farewell speech to a group of folks where he discussed

his feelings on various social topics which comprise his policing philosophy.  See Ex. 1.  He did

not have possession of his firearm or any firearm on April 5, 2019. See Ex. 1.   PLAINTIFF's

firearm had been engraved by colleagues and given back to him as a gift.  See Ex. 1.

PLAINTIFF was not wearing his Norman Police Department badge on April 5, 2019 or

any badge.  He was dressed in a sports coats and khaki trousers. See Ex. 1.   By April 5, 2019, he

was no longer commissioned as a peace officer in the State of Oklahoma.  See Ex. 1.   His first

day as a police officer with the Little Rock Police Department was April 15, 2019.  See Ex. 1.

On April 5, 2019, there was an interim chief of police, Kevin Foster, for the Norman Police

Department.  See Ex. 1.  He was appointed on April 3, 2019.  See Ex. 1.  PLAINTIFF pled in

good faith that he was a private citizen.

Private parties, like the LRFOP defendants, may be deemed to have acted under color of

law in two circumstances: when they conspire with state officials, and when they willfully

engage in joint activity with a state or its agents.  See *Adickes v. S.H. Kress & Co.*, 398 U.S. 144,

152 (1970) (quoting *United States v. Price*, 383 U.S. 787, 794 (1966)); see also *Lugar v.

Edmondson Oil Co.*, 457 U.S. 922, 939 n.21 (1982).  This is what PLAINTIFF has pled.  See

Doc. #23 at ¶¶ 47, 73.  PLAINTIFF pled in good faith that the LRFOP defendants engaged in

joint activity with the state.

B.  THE LRFOP DEFENDANTS ARE NOT PREVAILING PARTIES

The Eighth Circuit has held that "[w]here an action is dismissed without prejudice, there

is no 'prevailing party,' and thus, neither party is entitled to seek an award of attorney fees."

*SnugglyCat, Inc. v. Opfer Commc'ns, Inc.*, 953 F.3d 522, 527 (8th Cir. 2020); see also *United

States v. Thirty-Two Thousand Eight Hundred Twenty Dollars & Fifty-Six Cents ($32,820.56) in

United States Currency*, 838 F.3d 930, 936-7 (8th Cir. 2016)("The district court's dismissal

without prejudice did not materially alter the legal relationship of the parties."); *Advantage Media, LLC, v. City of Hopkins, Minn.*, 511 F.3d 833, 837 (8th Cir. 2008)(considering issue of fees under 42 U.S.C. § 1983).

The Court's September 15, 2021 dismissal order was without prejudice.  See Doc. #91. Therefore, even if the LRFOP defendants' motion had merit—which it does not—it is brought prematurely because there is no prevailing party at this time.  Lastly, PLAINTIFF's counsel's comment evinces a confidence in his client's claim and an intent not to abandon it.  See *Motor Control Specialties, Inc. v. Lab. And Indus. Rel. Comm'n*, 323 S.W.2d 843, 854 (Mo. Ct. App. 2010)("A litigant may be the prevailing party even if he obtains a dismissal without prejudice of the cause against him *when the plaintiff abandons the claim* and the litigant thereby receives a benefit." (emphasis added)).  Lastly, the LRFOP officer defendants have no standing to petition for fees under PLAINTIFF's First Amendment Count.

IV.   **CONCLUSION**

The LRFOP defendants have let loose on PLAINTIFF's complaints, calling them a superfluous pontification of hodge podge and an inane, disjointed jumble of second grade art and histrionics.  See Doc. #6 at pp. 5-7; see Doc. #100 at pp. 10-11.  PLAINTIFF disagrees but, regardless of the quality of PLAINTIFF's grammar and syntax, or lack thereof, it seems clear that his complaint was brought in good faith and he is undeserving of sanctions.

WHEREFORE, Plaintiff, KEITH HUMPHREY, respectfully requests that this Honorable Court deny the Motion for Attorneys' Fees filed by Defendants, LITTLE ROCK FRATERNAL ORDER OF POLICE LODGE #17, RONNIE MORGAN, ERIK TEMPLE, KENNETH HAMBY, STEVE DODGE, MICHAEL MCVAY, CHRIS RINGGOLD, KYLE HENSON,

TRAVIS CUMMING, MARK ISON, AND JOHN GILCHRIST and any other remedies the Court deems appropriate.

> Respectfully submitted,
>
> Michael J. Laux
> Michael J. Laux
> E. Dist. Arkansas Bar No. 6278834
> 400 W. Capitol Avenue, Suite 1700
> Little Rock, AR 72201
> Telephone: (501) 242-0750
> Facsimile: (501) 372-3482
> E-mail: mlaux@lauxlawgroup.com;
>         mikelaux@icloud.com