

GILL RAGON OWEN, P.A.
ATTORNEYS AT LAW
425 WEST CAPITOL AVENUE, SUITE 3800
LITTLE ROCK, ARKANSAS 72201
TELEPHONE 501.376.3800
FACSIMILE 501.372.3359
www.gill-law.com

DEBBY LINTON FERGUSON | ATTORNEY/MEDIATOR
TELEPHONE: 501.801.3861
EMAIL: ferguson@gill-law.com

October 28, 2020

VIA CERTIFIED 9214 8901 9403 8323 8981 40
UNITED STATES MAIL
and EMAIL TO mikelaux@icloud.com

Michael J. Laux
LAUX LAW GROUP
400 W. Capitol Ave., Suite 1700
Little Rock, AR 72201

      Re: Humphrey v. Little Rock Fraternal Order of Police, et Al.
        United States District Court for the Eastern District of Arkansas
        Civil Action File Number 4:20-cv-1158-JM
        **Motion for Sanctions Pursuant to F.R.C.P. Rule 11**

Mr. Laux:

  We hope this letter finds you and your client well and healthy in the midst of our pandemic conditions. Unfortunately, we are writing pursuant to Federal Rule of Civil Procedure Rule 11 (hereinafter "Rule 11") to formally demand that you dismiss the pending complaint against our clients with prejudice *instanter*. In accordance with Rule 11, please consider this a good faith effort to avoid further legal fees and expenses that will be necessarily expended by and on behalf of our clients, Little Rock Fraternal Order of Police, Lodge #17 (hereinafter LRFOP), Ronnie Morgan, Erik Temple, Kevin Simpson, Kenneth Hamby, Steve Dodge, Michael McVay, Chris Ringgold, Kyle Henson, Travis Cumming, and Mark Ison, (hereinafter "Board Members & Committee Member"). The facts alleged, the legal claims, and the theories of recovery propounded and advanced in the instant lawsuit are spurious, frivolous, without legal or evidentiary support, and cannot reasonably be claimed to be advanced in a good faith effort to expand the law.

      **FEDERAL RULE OF CIVIL PROCEDURE RULE 11**

  As you are aware, Rule 11 provides for sanctions against parties and their counsel for claims advanced in bad faith, without evidentiary support, or devoid of legal support. We respectfully call your attention to the following section of Rule 11:

> If, after notice and a reasonable opportunity to respond, the court determines that
> Rule 11(b) has been violated, the court may impose an appropriate sanction on

October 28, 2020
Page 2

> any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee. FRCP 11(c)(1).

As will be shown below and in the attached proposed Rule 11 motion as contemplated in FRCP 11(c)(2), the instant lawsuit is subject to sanction.

> Rule 11 reads, in relevant parts, as follows:
>
> (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--*an attorney* or unrepresented party *certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances*:
> **(1)** it is *not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;*
> **(2)** *the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;*
> **(3)** the *factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery*; (Emphasis added.)

For the reasons set forth below, it is clear that the instant lawsuit was presented for an improper purpose, namely to harass and cause unnecessary expenses upon our clients, harass them as they perform their lawful duties as a fraternal organization and duly serving board members, and to interfere with the relationship of the LRFOP as the designated bargaining agent with the City of Little Rock, Arkansas. Further, the legal claims are without merit and contrary to prevailing and well-established case law, and the factual allegations are baseless.

### THE CLAIMS ADVANCED LACK ANY LEGAL MERIT AND ARE CONTRARY TO PREVAILING AND WELL-ESTABLISHED CASE LAW

The claims brought by your client in the Complaint, as well as the basis for the jurisdiction of this matter in a federal court, rely on the claim that the LRFOP is a state actor. However, the LRFOP is not a state actor and cannot be held liable under any theory advanced under 42 U.S.C. §1983 or 42 U.S.C. §1985 as it cannot act under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988); *see also Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008). Plaintiff makes allegations against LRFOP, Board Members & Committee Member in their private and individual capacities. It is axiomatic that said individuals are not acting and cannot act in their official capacities as government officials when their roles are clearly defined, as alleged in the Complaint, as board members[1] of a not for profit, private, fraternal organization organized and functioning pursuant to Internal Revenue

---

[1] Although the Complaint names our individual citizen clients as board members of the LRFOP, one named defendant we represent is not a member of the LRFOP Board.

Code 501(c)(8)[2][3]. Any allegation that the Board Members & Committee Member were acting in some sort of official, state capacity would be frivolous as it is clear that the LRFOP is a private fraternal organization, not a state actor. *Stodghill v. Service Employees Intern'tl Union, Local 50, AFL-CIO, CLC*, 192 F.3d 1159, 1162 (8th Cir. 1999)).

Contrary to your assertion in paragraph 48 of the Complaint, the existence of a collective bargaining agreement between LRFOP and the City of Little Rock does not make LRFOP a state actor. *See Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811 (2009). In Paragraph 48 of the Complaint, you cited to *Chicago Teachers Union Local No. 1 v.* Hudson, 475 U.S. 292, 301, 106 S. Ct. 1066, 1073 (1986). First, this case does not stand for the proposition you stated in the Complaint: "The LRFOP is the exclusive bargaining agent for the City of Little Rock. Therefore, the LRFOP is a state actor, endowed by the state with powers or functions governmental in nature." No fair reading of this case provides support for any such assertion. Further, as cited herein, well-established case law stands for precisely the opposite conclusion. The mere fact that the LRFOP represents police officers does not make the union itself a public actor. *See, e.g., Magee v. Trs. Of the Hamline Univ.*, 957 F. Supp.2d 1047 (Dist. Minn. 2012).

Any argument that the LRFOP is a state actor or is, as alleged in the complaint, "endowed by the state with powers or functions governmental in nature" is spurious. Complaint Para. 48. By its very nature, an "exclusive bargaining agent" occupies a position in direct opposition to the City of Little Rock and performs a wholly private function that is protected by state statute[4]. It is nonsensical to argue that an organization that stands on the opposite side of the bargaining table from a government entity is performing a governmental function. This is further elucidated by the fact that any such negotiations are voluntary. *See City of Fort Smith v. Arkansas State Council No. 38, AFSCME AFL-CIO*, 245 Ark. 409, 412, 433 S.W.2d 153, 155 (1968)(a municipality or other political subdivision is under no duty (which we take to mean a legally enforceable duty) to bargain collectively with its employees about wages, hours, or working conditions.) This adversarial, nongovernmental function is further confirmed in the right of the bargaining agent to bring suit for a violation of any agreement reached with the governmental unit in an adversarial proceeding. *See* Ark. Code Ann. § 11-3-302.[5]

Finally, it is clear that the rights secured through the collective bargaining agreement under Arkansas law are private rights that can be enforced by the union or the individual as a third-party beneficiary of the private contract between the union and the employer who are, logically, opposed on issues central to the employment relationship. *See Andrews v. Victor Metal Prod. Corp.*, 239 Ark. 763, 764, 394 S.W.2d 123, 123 (1965).

---

[2] *See* generally *Nat'l Union v. Marlow*, 74 F. 775, 775 (8th Cir. 1896);
[3] See Paragraph 11 of the Complaint, "At all relevant times, LRFOP was a police union and non-profit organization…"
[4] Freedom of organized labor to bargain collectively and freedom of unorganized labor to bargain individually is declared to be the public policy of the state under Arkansas Constitution, Amendment 34. Ark. Code Ann. § 11-3-301.
[5] "The *power and duty to enforce* this subchapter is *conferred upon and vested in the circuit court* of the county in which any person, group of persons, firm, corporation, unincorporated association, labor organization, or representatives thereof who violate this subchapter, or any part hereof, reside or have a place of business or may be found and served with process." (Emphasis added)

October 28, 2020
Page 4

The law is clear that, absent state action, Plaintiff's claims brought pursuant to 42 U.S.C. §1983 must fail. As the U.S. Supreme Court set out in *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50, 119 S. Ct. 977, 985, 143 L. Ed. 2d 130 (1999), "To state a claim for relief in an action brought under § 1983, respondents must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law. Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful,'" The LRFOP is not a government organization and does not perform a governmental function. Plaintiff's claims fail for lack of state action even in the most beneficial reading of the Complaint. Because Plaintiff has failed to properly allege state action, the Federal District Court lacks subject matter jurisdiction over the instant case, and it is subject to dismissal. *See* F.R.C.P. 12(b)(1).

### PLAINTIFF'S CONSIRACY CLAIMS PURPORTEDLY BROUGHT PURSUANT TO 42 USC §1985(3) FAIL AS A MATTER OF LAW

Plaintiff cannot maintain a civil action against a union and its officials for actions that only a government can be responsible for. *Union Brotherhood of Carpenters & Joiners of America*, Local 610, AFL–CIO v. Scott, 463 U.S. 825 (1983). In *Union Brotherhood*, the U.S. Supreme Court held that § 1985(3) could not remedy private conspiracies by a union and its employees under the First Amendment because the Amendment's protections were limited to government actors. As to the allegations that the LRFOP and the Board Members participated in efforts by LRFOP members to speak out against the Plaintiff, bring lawsuits to preserve and assert their rights, and supported those efforts, such activities are part and parcel of the activities of every labor organization.

Further, the U.S. Supreme Court held that a class-of-one theory under the Equal Protection Clause of the 14th Amendment does not apply in the public employment context. *Engquist v. Oregon Dept. of Agriculture*, 553 U.S. 591 (2008). Therefore, Plaintiff's claims in this regard must fail as well.

### PLAINTIFF'S FIRST AMENDMENT CLAIMS FAIL AS A MATTER OF LAW

Assuming *arguendo* that Plaintiff's "policing philosophy" constitutes speech under the First Amendment to the United States Constitution, which our clients categorically deny, Plaintiff made such statements in his capacity as the chief of police. As such, his statements are not protected free speech. *See Garcetti v. Ceballos*, 547 U.S. 410, 126 S.Ct. 1951(2006).

As stated *infra*, the LRFOP is not a state actor. Further, the Defendant Board Members are sued as "private citizen(s)" and no allegation has been put forth that they were acting in their official capacities as police officers. Further, Plaintiff is the chief of police, commander and final policy maker for the City of Little Rock Police Department. Even if the Board Members were acting in their official capacities, which these defendants deny, they had no ability to a effectuate *any* change in Plaintiff's employment[6].

---

[6] This argument underlies another fatal flaw in Plaintiff's lawsuit. The LRFOP and the Board Members & Committee Member have and had no authority over Plaintiff and have no ability to effect any change in his employment with the City of Little Rock.

October 28, 2020
Page 5

### PLAINTIFF'S CLAIMS VIOLATE ARKANSAS LAW BY ATTEMPTING TO LIMIT THE RIGHTS OF PRIVATE CITIZENS AND ENTITIES IN VIOLATION OF THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE II §6 OF THE CONSTITUTION OF THE STATE OF ARKANSAS

Contrary to Plaintiff's position as the duly appointed chief of police of the City of Little Rock, the LRFOP and Defendant Board Members are private citizens. To the extent that Plaintiff seeks to silence or hamper their efforts to publicly and privately criticize his official actions and conduct, the Complaint is subject to dismissal and Plaintiff is subject to a counterclaim under both the First Amendment of the U.S. Constitution as well as Ark. Code Ann. § 16-53-501, commonly known as the "Citizen Participation in Government Act." Any criticism of the Plaintiff, whether made publicly or privately, is protected under Arkansas law.

"Privileged communication" also includes:

(i) All expressions of opinion or criticisms in regard to any legislative, executive, or judicial proceeding, or other proceeding authorized by a state, regional, county, or municipal government; and
(ii) All criticisms of the official acts of any and all public officers. Ark. Code Ann. § 16-63-503.

As a public figure, a public official, the final policymaker, and the highest-ranking member of the City of Little Rock Police Department, Plaintiff's actions are subject to critique, criticism, objection, and even ridicule. Such speech is protected under Federal and Arkansas law as valid exercises of free speech. The Arkansas legislature, recognizing that litigation could be used to infringe upon those rights to free speech through intimidation, harassment, and expense, specifically set out to protect such speech from infringement through lawsuits by providing immunity from such civil actions. *See* Ark. Code Ann. § 16-63-504. The Plaintiff's Complaint violates the protections afforded our clients under that statute.

### THE BOARD MEMBERS & COMMITTEE MEMBER ARE ENTITLED TO IMMUNITY UNDER ARKANSAS LAW FOR THEIR ACTIONS AS ALLEGED IN THE COMPLAINT

Plaintiff alleges intermittently in the Complaint that the Board Members & Committee Member engaged in activities in their individual capacities as well as members of the board of directors of the LRFOP, an organization that is duly organized and operating as a not for profit entity in Arkansas. The actions by the Board Members & Committee Member described in the Complaint are actions taken by those individuals in their roles within the LRFOP. Arkansas law provides protections to individuals acting on behalf of a nonprofit organization. Ark. Code Ann. § 4-33-830 provides that "A director is not liable to the corporation, any member, or any other person for any action taken or not taken as a director, if the director acted in compliance with this section." As such, there can be no dispute that the Board Members & Committee Member are entitled to immunity from civil suit for said activities.

### PLAINTIFF'S CLAIMS LACK SUBSTANTIAL EVIDENCE AND CONTAIN FALSEHOODS

Plaintiff's claims, specifically those contained in Count IV, are false. First, LRFOP does not maintain a "blog" of any type. Second, any public statements by LRFOP, the Board Members & Committee Member concerning the Plaintiff's activities were matters of public concern ie: allegations of improper or immoral conduct and misuse of city equipment. *Sexton v. Martin*, 210 F.3d 905, 910 (8th Cir. 2000)("…speech concerning potential misconduct by public officers is a matter of public concern.") Therefore, any such statements are protected by the First Amendment to the United States Constitution.

### DEMAND FOR DISMISSAL INSTANTER

For the reasons set forth herein, Defendant LRFOP and Board Members & Committee Member hereby demand that Plaintiff dismiss the instant action with prejudice. Attached please find a Motion for Sanctions Pursuant to Federal Rule of Civil Procedure Rule 11 drafted and served consistent with FRCP Rule 11(c)(1)&(2). Plaintiff shall have 21 (twenty-one) days to dismiss this action with prejudice. Should Plaintiff fail to do so, our clients will file the attached motion and seek any and all remedies and sanctions available under law against Plaintiff and his counsel.

My co-counsel and I take no pleasure in drafting or sending this letter or the attached motion. However, we are forced to do so in order to protect our clients. Chief Humphrey may indeed feel slighted and his feelings may in fact have been bruised by criticism of his actions, words, and policies. However, criticism is part and parcel of every leadership role. We are sincerely hopeful that you and your client will take full advantage of this singular opportunity to avoid sanctions.

As always, we remain available to discuss the matters raised herein.

Sincerely,

Chad Cumming &
Debby Linton Ferguson
Gill Ragon Owen, P.A.

Lance J. LoRusso
LoRusso Law Firm, P.C.

Copy:       Clients
Enclosure:  Motion for Sanctions Pursuant to Federal Rule of Civil Procedure Rule 11
            And Brief in Support