

GILL
RAGON
OWEN

A T T O R N E Y S

GILL RAGON OWEN, P.A.
ATTORNEYS AT LAW
425 WEST CAPITOL AVENUE, SUITE 3800
LITTLE ROCK, ARKANSAS 72201
TELEPHONE 501.376.3800
FACSIMILE 501.372.3359
www.gill-law.com

CHAD CUMMING | ATTORNEY
TELEPHONE: 501.801.3831
EMAIL: cumming@gill-law.com

December 7th, 2020

Michael J. Laux
Laux Law Group
400 W. Capitol Ave., Suite 1700
Little Rock, AR 72201

Sent via certified U.S. Mail
Sent via email to mikelaux@icloud.com

Re:   Humphrey v. Little Rock Fraternal Order of Police, et Al.
      United States District Court for the Eastern District of Arkansas
      Civil Action File Number 4:20-cv-1158-JM
      **Motion for Sanctions Pursuant to F.R.C.P. Rule 11**

Mr. Laux:

Pursuant to Federal Rule of Civil Procedure Rule 11 (hereinafter "Rule 11"), we demand that you dismiss the pending complaint against our clients with prejudice *instanter*. In accordance with Rule 11, please consider this a good faith effort to avoid further legal fees and expenses that will be necessarily expended by and on behalf of our clients, Little Rock Fraternal Order of Police, Lodge #17 (hereinafter "LRFOP"), Ronnie Morgan, Erik Temple, Kevin Simpson, Kenneth Hamby, Steve Dodge, Michael McVay, Chris Ringgold, Kyle Henson, Travis Cumming, and Mark Ison, (hereinafter "LRFOP Members").

As we previously explained in our Rule 11 letter to you dated October 28th, 2020, the claims you have brought under your client's original Complaint filed on September 30, 2020 do not meet the requirements of Rule 11. Although you filed an Amended Complaint with the Court on November 18, 2020, you have not remedied those deficiencies.

The claims, defenses, and other legal contentions in the Amended Complaint are not warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law. Despite sufficient time and opportunity to conduct a thorough review of the facts in your client's case, the factual contentions in the Amended Complaint do not have evidentiary support. For further discussion of these failings, please refer to the enclosed Motion for Sanctions Pursuant to Federal Rule of Civil Procedure Rule 11 as well as the Brief in support of that motion. As you'll see, because the deficiencies

1

remain intact from the original Complaint, the arguments in this amended Rule 11 Motion are essentially the same as those raised in the original Rule 11 Motion.

The deficiencies in your client's claims and the persistence in pursuing them without remedying those deficiencies have led us to conclude that the Plaintiff's purpose is not to pursue his actual claims. The Amended Complaint and this litigation have been presented to the Court for an improper purpose, specifically to harass, cause unnecessary delay, or needlessly increase the cost of litigation to our clients. Your client's case appears to be a retaliation against the LRFOP and the LRFOP Members for their advocacy efforts on behalf of Little Rock police officers.

Furthermore, your repeated efforts to seek leave to amend your client's Amended Complaint yet again and force our clients and other co-defendants to respond to yet another complaint is an improper expansion of the proceedings. This is particularly true because, in response to the original motions to dismiss and Rule 11 letter, you were granted an additional two weeks to amend the original Complaint.

Pursuant to Federal Rule of Civil Procedure Rule 11, Plaintiff has 21 (twenty-one) days to dismiss this action with prejudice. Should Plaintiff fail to do so, our clients will file the attached motion and seek any and all remedies and sanctions available under law against Plaintiff and his counsel.

We look forward to your prompt, appropriate response to this letter and its enclosures.

Kind Regards,

Chad Cumming &
Debby Linton Ferguson
Gill Ragon Owen

Lance J. LoRusso
LoRusso Law Firm, P.C.

Copy:  Clients

Enclosures:   Motion for Sanctions Pursuant to Federal Rule of Civil Procedure Rule 11 and Brief in Support

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**KEITH HUMPHREY**                                           **PLAINTIFF**

v.                                    CASE NO. 4:20-CV-1158-JM

**ALICE FULK, individually,**                              **DEFENDANTS**
**CRISTINA PLUMMER, individually,**
**HAYWARD FINKS, individually,**
**DUANE FINKS, individually,**
**REGINALD PARKS, individually,**
**LITTLE ROCK FRATERNAL ORDER OF**
**POLICE, LODGE #17, a non-profit corporation,**
**RONNIE MORGAN, individually,**
**ERIK TEMPLE, individually,**
**KEVIN SIMPSON, individually,**
**KENNETH HAMBY, individually,**
**STEVE DODGE, individually,**
**MICHAEL MCVAY, individually,**
**CHRIS RINGGOLD, individually,**
**KYLE HENSON, individually,**
**TRAVIS CUMMING, individually,**
**MARK ISON, individually,**
**JOHN GILCHRIST, individually,**
**KEVIN SEXSON, individually,**
**CHARLES STARKS, individually,**
**SHELLA ATLAS-EVANS, individually,**
**MATT MURSKI,**
**MOTOROLA SOLUTIONS d/b/a**
**WATCHGUARD, and**
**RUSS RACOP**

## MOTION FOR SANCTIONS PURSUANT TO
## RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE

Come now, the Defendants, LITTLE ROCK FRATERNAL ORDER OF POLICE, LODGE #17

("LRFOP"), an Arkansas non-profit corporation; RONNIE MORGAN, individually; ERIK TEMPLE,

individually; KEVIN SIMPSON, individually; KENNETH HAMBY, individually; STEVE DODGE,

1

individually; MICHAEL MCVAY, individually;  CHRIS RINGGOLD, individually; KYLE HENSON,

individually; TRAVIS CUMMING, individually; MARK ISON, individually; and JOHN GILCHRIST,

individually; (herein collectively after "LRFOP, Board and Committee Members"), who appear

by and through their counsel, and who hereby move the Court for an order imposing sanctions,

including attorneys' fees and costs, against the Plaintiff KEITH HUMPHREY and his counsel for

advancing claims that, in violation of Fed. R. Civ. P. Rule 11, (1) are presented for an improper

purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of

litigation;(2) are not warranted by existing law or by a nonfrivolous argument for extending,

modifying, or reversing existing law or for establishing new law; and (3) do not have

evidentiary support.

 This Motion is made pursuant to Rule 11 of the Federal Rules of Civil Procedure and is

based upon the accompanying Brief in Support. In compliance with Rule 11, a draft of this

Motion was submitted to Plaintiff and his counsel with a letter summarizing the claims raised

herein on December 7, 2020. Despite multiple attempts by LRFOP and the Board and

Committee Members to petition Plaintiff and his counsel to comply with Rule 11 and remedy

the violations listed above, they have failed to do so.

 WHEREFORE, Defendants, LRFOP, Board and Committee Members pray that the Court

grant them sanctions, including attorneys' fees and costs, against the Plaintiff and his Counsel.

      Respectfully,

      Chad Cumming &
      Debby Linton Ferguson
      Gill Ragon Owen, P.A.
      425 West Capitol Ave. Ste. 3800
      Little Rock, Arkansas 72201
      Phone: (501)376-3800
      ferguson@gill-law.com

      2

cumming@gill-law.com

and

Lance LoRusso
LoRusso Law Firm, P.C.
1827 Powers Ferry Rd. SE
Building 8 Ste. 200
Atlanta, GA 30339
Phone: (770) 664-2378
lance@lorussolawfirm.com


By:_____
             Debby Linton Ferguson (Ark. Bar No.
2001146)
Chad Cumming (Ark. Bar No. 2008028)

Attorneys for Defendants LRFOP, Board and
Committee Members

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 7th, 2020, I electronically filed a true and correct copy of the foregoing Motion to Dismiss with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to all the registered users:

Michael J. Laux
Laux Law Group
400 W. Capitol Ave., Ste. 1700
Little Rock, AR 72201
501-242-0750
mlaux@lauxlawgroup.com
Attorney for Plaintiff


_____
Debby Linton Ferguson

3

## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

**KEITH HUMPHREY**                                                          **PLAINTIFF**

**v.**                              **CASE NO. 4:20-CV-1158-JM**

**ALICE FULK, individually,**                                              **DEFENDANTS**
**CRISTINA PLUMMER, individually,**
**HAYWARD FINKS, individually,**
**DUANE FINKS, individually,**
**REGINALD PARKS, individually,**
**LITTLE ROCK FRATERNAL ORDER OF**
**POLICE, LODGE #17, a non-profit corporation,**
**RONNIE MORGAN, individually,**
**ERIK TEMPLE, individually,**
**KEVIN SIMPSON, individually,**
**KENNETH HAMBY, individually,**
**STEVE DODGE, individually,**
**MICHAEL MCVAY, individually,**
**CHRIS RINGGOLD, individually,**
**KYLE HENSON, individually,**
**TRAVIS CUMMING, individually,**
**MARK ISON, individually,**
**JOHN GILCHRIST, individually,**
**KEVIN SEXSON, individually,**
**CHARLES STARKS, individually,**
**SHELLA ATLAS-EVANS, individually,**
**MATT MURSKI,**
**MOTOROLA SOLUTIONS d/b/a**
**WATCHGUARD, and**
**RUSS RACOP**

### DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION
### MOTION FOR SANCTIONS PURSUANT TO
### RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE

Come now, the Defendants, LITTLE ROCK FRATERNAL ORDER OF POLICE, LODGE

#17 ("LRFOP"), an Arkansas non-profit corporation; RONNIE MORGAN, individually; ERIK

TEMPLE, individually; KEVIN SIMPSON, individually; KENNETH HAMBY, individually;

1

STEVE DODGE, individually; MICHAEL MCVAY, individually; CHRIS RINGGOLD, individually; KYLE HENSON, individually; TRAVIS CUMMING, individually; MARK ISON, individually; and JOHN GILCHRIST, individually; (herein collectively after "LRFOP Board and Committee Members"), pursuant to Rule 7(b), appear by and through their attorneys Gill Ragon Owen, P.A. and LoRusso Law Firm, P.C., and file their Brief In Support of their Motion For Sanctions Pursuant To Rule 11 Of The Federal Rules Of Civil Procedure filed contemporaneously herewith.

These Defendants hereby move the Court for an order imposing sanctions, including attorneys' fees and costs, against the Plaintiff KEITH HUMPHREY and his counsel for advancing claims that, in violation of Fed. R. Civ. P. Rule 11, (1) are presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;(2) are not warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; and (3) do not have evidentiary support.

## INTRODUCTION

Rule 11 of the Federal Rules of Civil Procedure requires an attorney to bring claims on behalf of a litigant (1) that are not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) that are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; and (3) that have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

The Amended Complaint violates all of these standards set forth in Rule 11. As stated

2

in the Motion to Dismiss submitted by LRFOP and the Board and Committee Members, Plaintiff Keith Humphrey and his counsel Michael J. Laux brought claims against LRFOP and the Board and Committee Members that were not warranted by existing law and did not have evidentiary support. The Amended Complaint makes no argument, nonfrivolous or otherwise, for extending, modifying, or reversing existing law. Further, the Amended Complaint makes no argument for establishing new law. Despite sufficient time to conduct a reasonable inquiry, the claims in the Amended Complaint do not have evidentiary support.

The Plaintiff's Complaint does not appear to have been filed to pursue the claims mentioned therein. Instead, the Plaintiff's claims appear calculated to harass and cost LRFOP and the Board and Committee Members both the time and expense of litigating claims as they are not warranted by existing law and are without evidentiary support. Therefore, the Plaintiffs claims are violative of Rule 11 and this Court should grant appropriate Rule 11 sanctions against the Plaintiff Keith Humphrey and his counsel Michael Laux.

## FACTUAL BACKGROUND

The Little Rock Fraternal Order of Police, Lodge #17 ("LRFOP") is a nonprofit corporation formed under the laws of the State of Arkansas. Membership in the LRFOP is voluntary, but the men and women who comprise its membership make up approximately 94% of the officers in the Little Rock Police Department. It is a labor advocacy organization that is recognized as a nonprofit under Section 501(c)(8) of the U.S. Internal Revenue Code. LRFOP advocacy includes negotiation with the City of Little Rock on behalf of all officers (whether they are LRFOP members or not) for an annual contract; providing input to the Chief of Police and command staff regarding policies and procedures; and providing legal

support to officers in disciplinary matters or regarding unfair or illegal treatment by the Chief of Police or the City.

Ronnie Morgan, Erik Temple, Kevin Simpson, Kenneth Hamby, Steve Dodge, Michael McVay, Chris Ringgold, Kyle Henson, Travis Cumming, Mark Ison, and John Gilchrist (collectively, the "Board and Committee Members") are individual officers who, with the exception of Mark Ison, serve as duly elected Board Members of LRFOP. Mark Ison serves as a committee member on behalf of the LRFOP, but he was erroneously named a Board member in the Plaintiff's Complaint.

Keith Humphrey (the "Plaintiff") is the Chief of Police for the Little Rock Police Department. He was hired in March, 2019. During the Plaintiff's tenure as Chief of Police, as it has with every previous Chief of Police, the LRFOP has performed its duties as an advocate for the officers in the LRPD through the advocacy methods described above. The only LRFOP members named as defendants were those identified in the Amended Complaint as board members of the LRFOP.

On September 30, 2020, the Plaintiff filed his Complaint with this Court, seeking the claims described therein against the LRFOP and against the Board and Committee Members in their individual capacities. LRFOP and the Board and Committee Members were not properly served with the Amended Complaint under the requirements set forth in Fed. R. Civ. P. 4 and Local Rule 4.1.

LRFOP Board and Committee Members filed a Motion to Dismiss and Motion to Strike the Plaintiff's Complaint on October 28th, 2020, and, in compliance with Rule 11, these defendants also submitted to Plaintiff and his counsel a draft copy of a Rule 11 Motion and a letter summarizing the claims raised therein. In response to these motions and letters, as

4

well as other motions filed by co-defendants, Plaintiff filed an Amended Complaint with the Court on November 18, 2020. Another draft Rule 11 Motion and letter summarizing the claims raised therein were sent to Plaintiff and his counsel on December 2, 2020. Despite multiple attempts by LRFOP and the Board and Committee Members to petition Plaintiff and his counsel to comply with Rule 11, they have failed to do so.

## ARGUMENT

### A.   Rule 11 Standard

Fed. R. Civ. P. 11 ("Rule 11") imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well-grounded in fact, legally tenable, and not interposed for any improper purpose. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393, 110 S. Ct. 2447, 2454 (1990). An attorney who signs the paper without such a substantiated belief "shall" be penalized by "an appropriate sanction." *Id.* To constitute a "reasonable inquiry," the Plaintiff's prefiling investigation must uncover a factual basis for the plaintiff's allegations, as well as a legal basis. *Coonts v. Potts*, 316 F.3d 745, 753 (8th Cir. 2003). A district court applies an "objective reasonableness standard" to determine whether a reasonable and competent attorney would believe in the merit of an argument. *Miller v. Bittner*, 985 F.2d 935, 939 (8th Cir. 1993).

Federal Rule of Civil Procedure 11(b)(1) specifically requires that, when an attorney presents a pleading to the court, he or she must certify that pleading is not being presented "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." *Adams v. USAA Cas. Ins. Co.*, 863 F.3d 1069, 1076 (8th Cir. 2017). Rule 11's main purpose "is to deter baseless filings." *Id.* at 1077. Under a Rule 11 motion, the question is whether the attorney's conduct, 'viewed objectively, manifests either

intentional or reckless disregard of the attorney's duties to the court.'" *Perkins v. Spivey*, 911 F.2d 22, 36 (8th Cir. 1990).

**B.    Plaintiff's Claims Have No Basis in Law.**

The Plaintiff has brought numerous claims that are not warranted by existing law, and the Plaintiff did not make any argument (frivolous or otherwise) for extending, modifying, or reversing existing law or for establishing new law. This constitutes a failure by the Plaintiff and his counsel to meet the requirements of Rule 11.

1.    <u>The Plaintiff Made Numerous Claims without Citation to Statute, Case Law, Regulation, or Other Authority</u>.

The Plaintiff's Amended Complaint fails one of the most fundamental requirements of Rule 11 by failing to properly cite any existing law. On at least nine different occasions, Plaintiff makes a vague attempt at arguing how his claims are warranted by existing law without citing any statute, case law, or other authority. These include the following:

(a) -    Par. 75: Elements for a Section 1983 claim of retaliation by govt actor;

(b) -    Par. 78: Definition of an adverse employment action;

(c) -    Par. 84: Claiming that formally "private" acts may becoming so entwined with governmental policies as to constitute state action in a Section 1983 claim;

(d) -    Par. 85: An interpretation of the Equal Protection Clause of the U.S. Constitution to mean that "the government treat all similarly situated people alike;"

(e) -    Par. 86: Elements of a claim for an equal protection violation;

(f) -    Par. 91: Requirements for a "class of one" claim;

6

(g) -    Par. 97: Elements of abuse of process, presumably under Arkansas state law;

(h) -    Par. 99: Test of whether an abuse of process has occurred; and

(i) -    Par. 104: Elements of defamation.

In each case, there is no citation of any sort of legal authority to support the supposed law that Plaintiff asks this Court to apply to this case. These repeated failures in Plaintiff's Amended Complaint to cite how his claims are warranted by existing law do a disservice to this Court and leave the defendants the difficult task of determining how, if at all, to respond to claims that have no legal authority. These repeated failings are violations of the most basic requirements of Rule 11.

2.  <u>The Plaintiff's Section 1983 & Section 1985 claims must be brought against a state actor</u>.

The Plaintiff has brought claims against the LRFOP, and the Board and Committee Members under 42 U.S.C. §1983 ("Section 1983") and 42 U.S.C. §1985 ("Section 1985") that cannot be brought against these defendants because they are not state actors.  Count I of the Amended Complaint is a claim of "First Amendment Retaliation" under Section 1983. Count II of the Amended Complaint is a Section 1983 claim of violations of the Plaintiff's equal protection rights under the Fifth and Fourteenth Amendments of the U.S. Constitution.  Count V of the Amended Complaint is a Section 1985 civil rights conspiracy claim. None of these claims has any basis in law because each such claim must be brought against a state actor. The Amended Complaint does not name the City of Little Rock or any other state actor as a defendant in his suit.

Citing *Chicago Teachers Union Local No. 1 v. Hudson*, 475 U.S. 292, 301, 106 S.Ct. 1066,

1073 (1986), Plaintiff argues in Paragraph 72 of the Amended Complaint that LRFOP is the "exclusive bargaining agent for the City of Little Rock" and, therefore, "a state actor, endowed with powers or functions governmental in nature. However, Chicago Teachers Union does not make such a legal conclusion. In *Chi. Teachers Union*, the plaintiffs were non-union member teachers who objected to the school district—a state actor—deducting from those non-union member teachers' salaries, compensation paid to the union for that union's negotiation of all teachers' contracts. *Chi. Teachers Union*, 475 U.S. at 297-98. The Supreme Court made no determination that the union's functions constituted state action in that case; it looked at the constitutionality of the agreement between the union and the state actor, the school district. Not only is the current Plaintiff's case distinct from those of the plaintiffs in *Chi. Teachers Union*, the law and the facts in that case are completely inapplicable. The Plaintiff is not a member of the LRFOP, nor does the LRFOP have any power over his contract, pay, or even job duties. The Plaintiff's argument that the LRFOP is a state actor therefore is not supported by law. LRFOP is a nonprofit corporation organized under Arkansas law and operating as a fraternal organization organized and functioning pursuant to Internal Revenue Code 501(c)(8). Plaintiff makes the following convoluted attempts to claim LRFOP's duties to its members qualify the nonprofit as a "state actor," but these arguments have no basis in law.

In Count I of the Amended Complaint, the Plaintiff argues that the LRFOP is "the exclusive bargaining agent for the City of Little Rock" and that it is therefore "a state actor, endowed by the state with powers or functions governmental in nature." *See*, Complaint ¶48. However, the LRFOP is not a state actor and cannot be held liable under any theory advanced under 42 U.S.C. §1983 or 42 U.S.C. §1985 as it cannot act under color of state law. *West v.*

8

*Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988); *see also Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008).

The Amended Complaint argues, without legal support, that the LRFOP is an agent of some kind <u>for</u> the City of Little Rock. However, the LRFOP does not bargain <u>for</u> the city; it bargains <u>against</u> the city. As an "exclusive bargaining agent", the LRFOP occupies a position in direct opposition to the City of Little Rock and performs a wholly private function that is protected by state statute. It is nonsensical to argue that an organization that stands on the opposite side of the bargaining table from a government entity is performing a governmental function. This is further elucidated by the fact that any such negotiations are voluntary. *See City of Fort Smith v. Arkansas State Council No. 38, AFSCME AFL-CIO*, 245 Ark. 409, 412, 433 S.W.2d 153, 155 (1968)(a municipality or other political subdivision is under no duty (which we take to mean a legally enforceable duty) to bargain collectively with its employees about wages, hours, or working conditions.) This adversarial, nongovernmental function is further confirmed in the right of the bargaining agent to bring suit for a violation of any agreement reached with the governmental unit in an adversarial proceeding. *See* Ark. Code Ann. § 11-3-302.

The Plaintiff also makes Section 1983 & Section 1985 claims against the Board Members & Committee Member in their private and individual capacities. It is axiomatic that said individuals are not acting and cannot act in their official capacities as government officials when their roles are clearly defined, as alleged in the Amended Complaint, as board members of a not for profit, private, fraternal organization. Any allegation that the Board Members & Committee Member were acting in some sort of official, state capacity would be frivolous as it is clear that the LRFOP is a private fraternal organization, not a state actor.

9

*Stodghill v. Service Employees Intern'tl Union, Local 50, AFL-CIO, CLC*, 192 F.3d 1159, 1162 (8th Cir. 1999)).

Further, is clear that the rights secured through the collective bargaining agreement under Arkansas law are private rights that can be enforced by the LRFOP or an individual member as a third-party beneficiary of the private contract between the LRFOP and the employer city who are, logically, opposed on issues central to the employment relationship. *See Andrews v. Victor Metal Prod. Corp.*, 239 Ark. 763, 764, 394 S.W.2d 123, 123 (1965).

The Plaintiff makes an alternative argument that LRFOP was "a willful participant in joint action with the state—namely, FULK, H. FINKS, STARKS, and others." *See* Amended Complaint, ¶ 73. The Plaintiff then lists the following "joint actions."

a) Orchestrating frivolous lawsuits with BURKS;

b) Funding the frivolous lawsuits brought by BURKS;

c) Making false media announcements and coordinating media campaigns against PLAINTIFF;

d) Attempting to solicit individuals to make false claims of sexual harassment against PLAINTIFF; and

e) Other conspiratorial acts. *Id.*

LRFOP, Board and Committee Members deny these allegations of "joint actions," but even if Plaintiff's description of these actions was accurate, his argument still does not support an allegation of joint actions between LRFOP, Board and Committee Members with the state. The lawsuits filed on behalf of the co-defendants Fulk, Finks, Starks and others mentioned vaguely in (a) and (b) above are in their individual capacities, and the City of Little Rock—the state actor—is a codefendant in those cases. The LRFOP media announcements

10

and media campaigns are not coordinated with the City of Little Rock but are attempts to speak to the City of Little Rock on behalf of LRFOP members. Any efforts by LRFOP to support its members who have or might have claims of sexual harassment against the Plaintiff are not joint actions with the City; that state actor would most likely be a co-defendant with the Plaintiff in such an action. Not only is there no state action by LRFOP or the Board and Committee Members in these "joint actions," there is no logic in the Plaintiff's argument. Therefore, the plaintiff's claim of state action is not supported by law.

Because Plaintiff's claims under Section 1983 and Section 1985 have not been brought against state actors, Plaintiff's claims against LRFOP and the Board and Committee Members do not meet Rule 11's standard that the claims are warranted by existing law.  As the U.S. Supreme Court set out in *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50, 119 S. Ct. 977, 985, 143 L. Ed. 2d 130 (1999), "To state a claim for relief in an action brought under § 1983, respondents must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." The LRFOP is not a government organization and does not perform a governmental function. The Board and Committee Members serve in that private nonprofit organization, and they have been sued by the Plaintiff in that capacity. The Plaintiff's claims therefore fail to meet the standards of Rule 11.

3. <u>The Plaintiff's Section 1985 claim of a civil rights conspiracy fails to plead an underlying legal claim.</u>

The Plaintiff's claim of a Section 1985 civil rights conspiracy is not warranted by existing law because there is no there is no underlying civil rights claim brought in the Amended Complaint that could be brought against a non-state actor.  The Amended

Complaint attempts to remedy omissions in the original Complaint by at least citing 42 USC 1985(3) when Plaintiff wrote the following:

> In order to show a civil rights conspiracy under 42 U.S.C. § 1985(3), plaintiffs must prove: (1) the defendants conspired, (2) with the intent to deprive them, either directly or indirectly, of equal protection of the laws, or equal privileges and immunities under the laws, (3) an act in furtherance of the conspiracy, and (4)...they were deprived of exercising any right or privilege of a citizen of the United States. Amended Complaint, ¶ 112.

However, this reference in the Amended Complaint to Section 1985 not only fails to remedy the fact that Plaintiff's claim of a Section 1985 conspiracy is not warranted by law, it highlights that deficiency. Section 1985 requires a Plaintiff to show how the Defendants deprived the Plaintiff "of equal protection of the laws, or equal privileges and immunities under the laws." *See* Amended Complaint, ¶ 112, summarizing 42 USC 1985(3). This means the Plaintiff must allege that an independent federal right has been infringed because Section 1985 is a statute which provides a remedy but grants no substantive stand-alone rights. *Federer v. Gephardt*, 363 F.3d 754, 758 (8th Cir. 2004). Without a civil rights violation, the Plaintiff cannot claim there is a conspiracy to violate his civil rights.

Here, all the claims alleged in the Plaintiff's Amended Complaint that LRFOP and the Board and Committee Members violated Plaintiff's civil rights are Section 1983 claims that require a state actor. The Plaintiff cannot maintain a civil action against a union and its officials for actions that only a government can be responsible for. *Union Brotherhood of Carpenters & Joiners of America, Local 610, AFL–CIO v. Scott*, 463 U.S. 825 (1983). Because none of the civil rights claims within the Amended Complaint could be brought against

12

LRFOP or the Board and Committee Members, the Amended Complaint fails to meet the Rule 11 requirement that it be warranted by existing law.

    4.  <u>Plaintiff's First Amendment claims are not supported by the First Amendment or Applicable law.</u>

The Plaintiff's First Amendment claims also fail to meet Rule 11's requirement that such a claim be warranted by law because it does include not the fundamental legal requirements of a First Amendment claim. As stated infra, the LRFOP is not a state actor. However, even if LRFOP had been a state actor, LRFOP had no ability to a effectuate any change in Plaintiff's employment. In fact, its actions have not changed Plaintiff's employment

Plaintiff claims that his "policing philosophy" constitutes protected speech that LRFOP violated by its "decision to take adverse employment action against him." Complaint, ¶ 52. However, Plaintiff's "Policing Philosophy" is not Protected Speech. The Plaintiff's "policing philosophy" and his attempts to implement that philosophy as policy are words stated and actions taken by the Plaintiff in his capacity as the chief of police. Plaintiff attempts to work around this weakness in his case by alleging that he made statements as a private citizen prior to his hire date with LRPD.  However, at the time of those statements by Plaintiff, Plaintiff was the chief of police in Norman, Oklahoma and thus, still not a private citizen. As a public policy maker with any police department, his statements about policing are not protected free speech. See Garcetti v. Ceballos, 547 U.S. 410 (2006).

Furthermore, the Plaintiff's Complaint fails to plead any actions by LRFOP or the Board and Committee Members that constitute a violation of a First Amendment right under the law. The LRFOP and the Board and Committee Members have a right to publicly criticize and disagree with the Plaintiff's policing philosophy, whether it is enacted as policy or not

and whether it is expressed before, during, or after the Plaintiff's tenure as Chief of Police. The LRFOP and the Board Members have disagreed with the Plaintiff publicly, which is their right.

Furthermore, the LRFOP has supported individual members who brought lawsuits in order to preserve and assert those individual members' rights, not to suppress the Plaintiff's ability to express his "policing philosophy." Those were not "adverse employment actions" by the LRFOP, those actions are legitimate, legal actions taken by every labor organization. None of those activities could be seen as a violation of the Plaintiff's First Amendment rights under any claim warranted by law.

The Plaintiff's Complaint fails to plead anything that would constitute protected speech under a First Amendment claim warranted by the law. The Amended Complaint also fails to plead any actions taken by either the LRFOP or the Board and Committee Members would constitute a violation of the Plaintiff's First Amendment rights under a claim warranted by law. Therefore, the Plaintiff's First Amendment claims fail to meet the standards set under Rule 11.

5.   <u>Plaintiff's Class of One Theory does not apply in the public employment context.</u>

The Plaintiff's argument that his Equal Protection Clause claim may be brought by a "class of one" is not warranted by law as required by Rule 11 because the "Class Of One Theory" does not apply in the public employment context. The U.S. Supreme Court has made it clear that a class-of-one theory under the Equal Protection Clause of the 14th Amendment does not apply in the public employment context. *Engquist v. Oregon Dept. of Agriculture*, 553 U.S. 591 (2008).

The Plaintiff is the Chief of Police for the City of Little Rock, meaning he is a public

14

employee. Because he is a public employee, he may not bring an Equal Protection claim as a "class of one". This claim is not warranted by law, meaning it does not meet the standards of Rule 11.

## C.      Plaintiff's Claims Lack Evidentiary Support

The Plaintiff's claims lack evidentiary support, and both Plaintiff and his counsel failed to adequately conduct a reasonable inquiry into the law and facts prior to filing the Amended Complaint. Although the Plaintiff had adequate time to conduct an investigation, into the factual and legal basis of his allegations, the Amended Complaint fails to meet Rule 11's evidentiary Requirements.

### 1.      <u>Plaintiff has brought a defamation claim without alleging specific statements by defendants.</u>

The Plaintiff has brought claims of defamation against the LRFOP and against the Board and Committee Members without providing evidentiary support for those claims. The reason for the absence of that evidentiary support is that Plaintiff and his counsel have failed to make a reasonable inquiry into the factual claims. Had they made such an inquiry, they would have realized that no such evidence exists, and the Plaintiff would not have made such a claim against the LRFOP.

Plaintiff's allegations of defamation/libel against LRFOP, Board and Committee Members are contained in paragraphs 70-74 of the Amended Complaint. However, the Amended Complaint fails to state with any specificity what false statements LRFOP, Board and Committee Members were allegedly made. Also, Count IV of the Plaintiff's Complaint claims that LRFOP is the "publisher" of a "blog." However, the Plaintiff does not identify such a blog by name, URL, or any other manner.

As Plaintiff notes in Paragraph 69 of the Amended Complaint, a defamation claim requires that a defendant made a defamatory statement that is both false and published. However, Plaintiff fails to provide any specific statement by LRFOP or any of the Board of Committee Members that he claims is defamatory. He also fails to provide any evidence of when or how such statements were published. The Plaintiff had adequate time to conduct a reasonable inquiry necessary to find at least one specific defamatory statement that had been published to include in the pleadings, but he did not do so. This fails to meet the requirements of Rule 11.

3.      Plaintiff has failed to provide any evidence supporting his Section 1983 claims.

The Plaintiff's claims that actions taken by LRFOP and the Board and Committee Members violated his First Amendment and Equal Protection rights under Section 1983 are not supported by evidence as required by Rule 11. However, not only has the Plaintiff failed to show that the claimed violations are supported by evidence, it is unclear what those actual violations constituted.

In Count I, the Plaintiff claims that LRFOP committed acts constituting a claim under Section 1983 through "the rank insubordination and systematic undermining of the authority of Chief Johnson which was conceived by LRFOP nearly twenty years ago, the LRFOP has a well-defined history of violently opposing reform measures sought to be implemented by the department." Amended Complaint, ¶69. He also claims LRFOP and certain Board Members engaged in "conspiratorial conduct" and used "the legal system to coerce Plaintiff to leave his position as LRPD Chief of Police. Setting aside the nonsensical reference to the Plaintiff's predecessor Chief Johnson, the Plaintiff fails to give any specific description of what "rank insubordination", "systematic undermining of authority", and

16

"conspiratorial conduct" constituted, nor does he provide any evidentiary support for that claim.

Furthermore, Plaintiff provides no evidence that any litigation filed by any party had any purpose of than to pursue the claims sought in the applicable pleadings. The only "support" for such an assertion is a quote by City of Little Rock Attorney Tom Carpenter saying the lawsuit appears to have political goals. *See* Amended Complaint, ¶ 54. However, even that assertion is without evidentiary support because the memorandum is not provided, nor there any indication what Mr. Carpenter used to make such a determination. Furthermore, because Mr. Carpenter is counsel to the City of Little Rock in those lawsuits, his analysis of the case must be viewed in light of the fact that he and his co-counsel are defending those cases.

In Count II, the Plaintiff claims that "he is intentionally being treated differently by the LRFOP due to his race." Complaint, ¶ 58. Again, Rule 11 requires the Plaintiff provide evidence that supports this claim. However, the Plaintiff has neither explained how he is "being treated differently" nor provided evidence that supports such a claim.

Furthermore, the Plaintiff makes frequent references to his predecessor Chief Johnson's supposed disputes with LRFOP as evidence of a history of racism by that organization. *See*, e.g., Amended Complaint ¶¶ 78, 88, claiming that LRFOP has a history of conflict with African American chiefs of police but not with white chiefs. However, the Plaintiff's Amended Complaint provides evidence that refutes that very claim by acknowledging the LRFOP had a less contentious working relationship with his immediate predecessor Chief Buckner, who is an African American as well. *See* e.g., Amended Complaint, Exhibit 1, ¶ 38, noting that Chief Buckner was hired with strong support by LRFOP. Although

17

LRFOP and the Board and Committee Members dispute the accuracy, tone, and admissibility of much of the contents of the Complaint's Exhibit 1, which was written by Plaintiff's counsel, they do not dispute that LRFOP and Chief Buckner had a mostly positive working relationship.

The Plaintiff makes incredibly serious allegations against LRFOP and the Board and Committee Members. However, the Plaintiff has not only failed to submit claims that are supported by evidence, he has failed to submit claims with enough detail to be valid claims. This is a total failure of the Plaintiff's Rule 11 obligations.

        4.     <u>Plaintiff has failed to plead any claim of damages that is supported by evidence</u>.

Another troubling failure by the Plaintiff to meet his Rule 11 requirements in his Complaint is his failure to provide any evidentiary support for any claim of damages. In all of his claims against LRFOP or the Board and Committee members, Plaintiff has failed to plead or support with evidence any real damages. Plaintiff has not been stopped from speaking freely about his policing philosophy. Plaintiff remains the Chief of Police, and neither his duties nor his pay have been negatively affected. Damages are an essential element to these claims, and Rule 11 requires the Plaintiff support a claim of damages with evidence. Plaintiff has not even claimed that essential element, meaning he has failed to meet the Rule 11 requirements.

**D.**    **Plaintiff's Claims Are for Improper Purpose**

Plaintiff's claims in the Amended Complaint are without legal merit, are contrary to prevailing and well-established case law, and are without evidentiary support. It is therefore necessary to conclude that these claims were brought, not to pursue legitimate legal claims, but to harass and harm the LRFOP and the Board and Committee Members. Plaintiff's

Amended Complaint appears to be a retaliation against the LRFOP and the Board and Committee for providing advocacy for policies in the interests of LRPD officers and the city they serve, as well as advocacy and support as a labor organization on behalf of its members as they seek better working conditions and legitimate civil claims against their employer.

We note that, included among the advocacy efforts undertaken by LRFOP was legal support in specific lawsuits filed by co-defendants in Pulaski County Circuit Court. The first lawsuit was an appeal by Charles Starks of a decision by the Little Rock Civil Commission to uphold his termination by the Plaintiff. That appeal was Case No. 60CV-19-7042, filed on October 2, 2019, in which the Pulaski Circuit Court overturned Charles Starks' termination. Three cases remain pending. We ask this Court to take judicial notice of the pendency of the following lawsuits in Pulaski County Circuit Court: (i) Hayward Finks, Duane Finks, and Reginald Parks v. Keith Humphrey and City of Little Rock, Case No. 60CV-20-2718, filed April 22, 2020; (ii) Alice Fulk and Cristina Plummer v. Keith Humphrey and City of Little Rock, Case No. 60CV-20-2799, filed April 29, 2020; and (iii) Charles Starks v. The City of Little Rock, Mayor Frank Scott, individually and in his official capacity as Mayor of Little Rock, Arkansas, Chief Keith Humphrey, individually and in his official capacity as the Chief of Police for the Little Rock Police Department, Case No. CV-60-20-3120, filed May 27, 2020.

Plaintiff has portrayed these cases as "abusive," "frivolous", "baseless," "vexatious," "abusive," and otherwise filed for reasons other than the claims sought. *See*, Amended Complaint, ¶¶ 51-55, 73,  100, 113. However, it should be noted that each case remains pending and is in the discovery phase. Such adjectives hardly apply to cases that have survived motions to dismiss and are proceeding forward with discovery.

Plaintiff's counsel is an experienced attorney who is licensed in both Illinois and

Wisconsin. He understands the straightforward requirements of Rule 11 that a claim should be warranted by law and supported by evidence. The failures within the Amended Complaint detailed above are not unintentional omissions. An experienced civil rights attorney knows that claims under Section 1983 and Section 1985 must be brought against state actors. A seasoned litigator understands that a defamation claim must include actual defamatory statements. Any attorney understands that a claim must allege actual facts and show damages.

The failure by Plaintiff and his counsel to meet such basic Rule 11 requirements is too fundamental for the Amended Complaint to be a legitimate pursuit of the claims within it. The errors are too obvious to be an oversight. This Court can conclude that the Amended Complaint is simply an attack on the LRFOP.

The Plaintiff's Complaint is an attempt to intimidate and punish LRFOP as it advocates for appropriate policies and procedures. Rather than using this Court for its purpose—seeking justice—Plaintiff appears to be using this Court as a weapon to suppress female officers who are seeking help stopping sexual harassment and to suppress employees who seek redress for improper treatment. This Court is being used to punish LRFOP for defending officers who pursue their legal rights to challenge termination before the Public Service Commission and the Circuit Courts. This Court is being used to attack LRFOP for disagreeing with the Plaintiff publicly while it advocates for policies that protect officers and the citizens they serve.

Furthermore, the Plaintiff's attempts to use this Court to punish and intimidate LRFOP for its actions creates a dangerous public policy landmine. As a labor organization, LRFOP has an obligation to advocate for its members. It advocates on behalf of public

20

employees who, without that advocacy and organization, would be at a significant power disparity with their employer, the City of Little Rock.

The Amended Complaint is harassing LRFOP and the Board and Committee Members and causing them to needlessly incur the cost of litigation. The Amended Complaint is telling the LRFOP and its members that, if they cross Chief Humphrey, he will accuse them of racism and sue them in federal court. This is an abuse of this Court and a violation of the most fundamental requirements of Rule 11. Further, Plaintiff's actions arguably violate Arkansas law as an improper constriction upon the free speech of these Defendants. See Ark. Code Ann. § 16-63-504 ("Citizen Participation in Government Act.")

## CONCLUSION

Because the Plaintiff and his counsel have brought claims before this Court that are without legal merit, contrary to prevailing and well-established case law, and without evidentiary support, and because the Plaintiff's complaint has been brought to harass, intimidate, and force the LRFOP and the Board and Committee Members to incur the costs of defending this litigation in retaliation for the organization's advocacy, the LRFOP and the Board and Committee Members request this Court impose sanctions against Keith Humphrey and his counsel Michael J. Laux in an amount to be determined by the Court and for costs and fees incurred by the LRFOP and the Board and Committee Members in defending this claim and moving for a motion to dismiss.

Respectfully,

Chad Cumming &
Debby Linton Ferguson
Gill Ragon Owen, P.A.
425 West Capitol Ave. Ste. 3800
Little Rock, Arkansas 72201

21

Phone: (501)376-3800
ferguson@gill-law.com
cumming@gill-law.com

and

Lance LoRusso
LoRusso Law Firm, P.C.
1827 Powers Ferry Rd. SE
Building 8 Ste. 200
Atlanta, GA 30339
Phone: (770) 664-2378
lance@lorussolawfirm.com


By:_____
Debby Linton Ferguson (Ark. Bar No. 2001146)
Chad Cumming (Ark. Bar No. 2008028)
Attorneys for Defendants LRFOP, Board and
Committee Members

## CERTIFICATE OF SERVICE

I hereby certify that on December 7th, 2020, I electronically filed a true and correct copy of the foregoing Brief in Support of Motion for Summary Judgment with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to all the registered users:

Michael J. Laux
Laux Law Group
400 W. Capitol Ave., Ste. 1700
Little Rock, AR 72201
501-242-0750
mlaux@lauxlawgroup.com
Attorney for Plaintiff


_____
Debby Linton Ferguson

22