**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**KEITH HUMPHREY**                                                                                          **PLAINTIFF**

**v.**                                        **CASE NO. 4:20-CV-1158-JM**

**ALICE FULK, individually,**                                                                        **DEFENDANTS**
**CRISTINA PLUMMER, individually,**
**HAYWARD FINKS, individually,**
**DUANE FINKS, individually,**
**REGINALD PARKS, individually,**
**LITTLE ROCK FRATERNAL ORDER OF**
**POLICE, LODGE #17, a non-profit corporation,**
**RONNIE MORGAN, individually,**
**ERIK TEMPLE, individually,**
**KENNETH HAMBY, individually,**
**STEVE DODGE, individually,**
**MICHAEL MCVAY, individually,**
**CHRIS RINGGOLD, individually,**
**KYLE HENSON, individually,**
**TRAVIS CUMMING, individually,**
**MARK ISON, individually,**
**JOHN GILCHRIST, individually,**
**KEVIN SEXSON, individually,**
**CHARLES STARKS, individually,**
**SHELLA ATLAS-EVANS, individually,**
**MATT MURSKI,**
**MOTOROLA SOLUTIONS d/b/a**
**WATCHGUARD, and**
**RUSS RACOP**

**REPLY TO PLAINTIFF'S RESPONSE TO
MOTION FOR ATTORNEYS' FEES FILED BY DEFENDANTS**

Come now, the Defendants, LITTLE ROCK FRATERNAL ORDER OF POLICE, LODGE #17

("LRFOP), an Arkansas non-profit corporation; RONNIE MORGAN, individually; ERIK TEMPLE,

individually; KENNETH HAMBY, individually; STEVE DODGE, individually; MICHAEL MCVAY,

individually; CHRIS RINGGOLD, individually; KYLE HENSON, individually; TRAVIS CUMMING,

1

individually; MARK ISON, individually; and JOHN GILCHRIST, individually; (herein collectively after "LRFOP, Board and Committee Members"), who appear by and through their counsel, Gill Ragon Owen, P.A. and LoRusso Law Firm, PC, and for their Reply to Plaintiff's Response to Motion for Attorneys' Fees Filed by Defendants requesting the Court issue an order requiring the Plaintiff KEITH HUMPHREY ("Humphrey") to pay attorneys' fees and costs to LRFOP, Board and Committee Members and states:

## BACKGROUND

Humphrey filed his Amended Complaint on November 18, 2020, which contained allegations of First Amendment Retaliation pursuant to 42 U.S.C. § 1983; Equal Protection under the Fifth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983; Civil Rights Conspiracy pursuant to 42 U.S.C. § 1985, and Defamation/Libel against LRFOP, Board and Committee Members. On December 2, 2020, LRFOP, Board and Committee Members filed their Motion to Dismiss and Motion to Strike Plaintiff's Amended Complaint and Brief in Support alleging that each of Humphrey's claims failed as a matter of law. LRFOP, Board and Committee Members filed their motion for sanctions and brief in support on August 26, 2021; to date, Plaintiff has not filed a response. On September 15, 2021, this Court entered its Order dismissing each and all of Humphrey's claims.

On September 27, 2021, Plaintiff filed a motion for leave to file declaration of Humphrey on September 27, 2021, in which Humphrey attempted to add facts alleging he was a private citizen when making statements; this Court denied Plaintiff's motion for leave to file Humphrey's declaration. Defendants LRFOP, Board and Committee filed their motion for attorneys' fees and brief on September 29, 2021. Plaintiff responded to the motion for

attorney's fees on October 14, 2021, and despite this Court's denial of Plaintiff's request for leave to file Humphrey's declaration, Plaintiff filed the declaration as an exhibit to the response to the motion for attorney's fees. (ECF# 101 and 101-1). Thus, defendants request that this Court strike or disregard the declaration and arguments referencing it accordingly.

**ARGUMENT**

**I.     PLAINTIFF'S CLAIMS REMAIN FRIVOLOUS, UNREASONABLE, AND GROUNDLESS**

Humphrey's response to the motion for attorney's fees does not argue that his Equal Protection under the Fifth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983, Civil Rights Conspiracy pursuant to 42 U.S.C. § 1985, and Defamation/Libel against LRFOP, Board and Committee Members were not frivolous, unreasonable, and groundless. Thus, it appears that Plaintiff concedes that those claims were frivolous, unreasonable, and groundless.

This Court had its choice of reasons for dismissing Plaintiff's Amended Complaint, and specifically his First Amendment Retaliation claim. As discussed in other brief filed by LRFOP, Board and Committee Members, Plaintiff failed to allege facts establishing that LRFOP, Board and Committee Members were state actors or acted jointly with state actors, that Plaintiff's speech was protected, and that Plaintiff experienced any adverse employment action. (ECF #38, 87, and 100). In his response to the attorneys' fees motion, Plaintiff cites *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970) and *Lugar v. Edmondson Oil Co.*, 457 U.S. 922 (1982) arguing that LRFOP, Board and Committee were joint actors with Fulks and Finks who were sued in their official capacities in the Amended Complaint. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970) involved the denial of restaurant services to black persons and an arrest for vagrancy by a police officer present; joint action between the restaurant and the arresting police officer

3

were found. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922 (1982) involved a joint action between a private creditor and a sheriff attaching a debtor's property.  Those cases involve a joint action between a private citizen and police officers acting within the course of their duties as police officers, making arrests and attaching property.  Although Defendants appreciate Plaintiff's citations to law, the facts of those cases are distinguishable from the case at bar.  Fulk and Finks were not acting in their official capacities as state actors in suing Humphrey; they were acting as private, aggrieved citizens.  Merely adding "in their official capacities" to the Amended Complaint did not change the facts that they were not acting in their official capacities in bringing their lawsuits.  The other allegations Plaintiff points to in an attempt to conjure a "joint action" between Defendants and a state actor were likewise unsupported, as Plaintiff stated no specific facts to substantiate his claims that LRFOP, Board or Committee Members made any false media announcements, solicited false claims, or participated in any other conspiratorial acts.

Out of all the flaws in Plaintiff's First Amendment Complaint, this Court chose to dismiss the claim following clear caselaw that speech made while acting as a public employee is not protected by the First Amendment. *Garcetti v. Ceballos*, 547 U.S. 410, 421 (2006).  This Court's dismissal of Plaintiff's First Amendment Retaliation claim, along with his other claims, was based on the facts as alleged in the Amended Complaint. (ECF# 91 at p. 7) Prior to his employment with the City of Little Rock, Chief Humphrey was the Chief of the Norman Oklahoma Police Department and was well known there for institutional reforms; he was selected to be the new Chief of Police of LRPD in March of 2019. (ECF# 23, ¶ 4 & ¶ 45).  The statements Humphrey alleges were protected speech were made during a departure speech

from duties as Chief of Police of Norman, Oklahoma, and Humphrey had already been selected for the position as Chief of Police of LRPD. *Id.* The undisputed facts do not show that he was a private citizen on April 5, 2019; they show he was doubly a public employee on April 5, 2019. Like the Plaintiff in *Garcetti*, it was his status as a *police chief* that Plaintiff sought to use to his advantage to lend weight, credibility, and credibility to his words and that was the reason he was speaking to the group.

In his response, rather than responding to the motion for attorneys' fees, Plaintiff attempts to resurrect his First Amendment Retaliation claim, despite its dismissal, with the Declaration of Keith Humphrey filed as an exhibit. (ECF# 101 and 101-1) If this Court determines to strike or disregard Humphrey's declaration, then this paragraph can also be disregarded. The Declaration of Keith Humphrey is addressed here in case this Court decides to consider it. The declaration details the circumstances surrounding Humphrey's farewell speech as police chief of Norman, Oklahoma on April 5, 2019 in which he discussed his policing philosophy, the alleged "protected speech." (ECF# 101 and 101-1, ¶ 4 ). This Court earlier denied Plaintiff's request for leave to file the Declaration of Keith Humphrey; however, even if this Court considered the facts in the Declaration of Keith Humphrey, the undisputed facts still do not support Plaintiff's claim of First Amendment Retaliation. Regardless of what he was wearing at the April 5, 2019 speech or when his last official day of work for Norman occurred, Humphrey was speaking that day as the outgoing Chief of Police of Norman Oklahoma and in said capacity. *Id.* He was given his firearm with engraving on April 5, 2019 as a gift. (ECF# 101 and 101-1, ¶ 5 ) Further, as of March 2019, he had been selected as the new Chief of Police

of LRPD, so he was also speaking as the incoming Chief of Police of LRPD, clothed with said authority, when discussing his policing philosophy on April 5, 2019. (ECF# 23, ¶ 4 & ¶ 45).

Unlike the case that Plaintiff cited in his response, Humphrey was not speaking as a private citizen on a matter of public concern like public corruption. *Handy-Clay v. City of Memphis,* 695 F.3d 531 (6th Cir. 2006). Humphrey spoke about his policing philosophy using his position as police chief in Norman for credibility, and he would soon be implementing his philosophy at LRPD. The Eighth Circuit has held that a police officer's speech on social media and to a newspaper were not protected speech and that police departments have a significant government interest in regulating speech of officers to maintain morale and instill public confidence. *Henry v. Johnson*, 950 F.3d 1005 (8th Cir. 2020). Humphrey should not have pursued the First Amendment Retaliation claim or other claims, as his counsel should have been aware of United States Supreme Court precedent and should certainly not have continued to pursue this claim after being made aware of caselaw time after time in LRFOP, Board and Committee Members' pleadings and letters.

## II.     DEFENDANTS SHOULD BE AWARDED ATTORNEYS' FEES

LRFOP, Board and Committee Members should be awarded attorney's fees and expenses of litigation pursuant to Fed. R. Civ. P. 54, 42 U.S.C. § 1988(b), and Local Rule 54.1, as Plaintiff's case has been dismissed and was "frivolous, unreasonable, or groundless" and "plaintiff continued to litigate after it clearly became so." <u>Flowers v. Jefferson Hosp. Ass'n, 49 F.3d 391, 392 (8th Cir. 1995)</u>(citing <u>Christianburg Garment Co. v. Equal Employment Opportunity Comm'n, 434 U.S. 412, 422, 98 S. Ct. 694, 54 L. Ed. 2d 648 (1978))</u>. The standard for the attorneys' fees motion does not require a finding that Plaintiff's claim was brought or

6

continued in bad faith; however, if plaintiff's claims were found to have been brought or continued in bad faith, it would create an even stronger basis for charging a plaintiff with attorneys' fees. *Brooks v. Cent. Ark. Nursing Ctr.*, 31 F. Supp. 2d 1151, 1153 (E.D. Ark. 1999).

As discussed in the brief in support of the motion to dismiss (ECF# 38), brief in support of motion for sanctions (ECF# 87), and brief in support of motion for attorneys' fees (ECF# 100) filed by LRFOP, Board and Committee Members (ECF# 86 and 87) and as detailed in this Court's Order granting Defendants' motions to dismiss (ECF# 91), Humphrey's Complaint and Amended Complaint against LRFOP, Board and Committee Members (ECF# 1 and 23) were frivolous, unreasonable, and groundless. Humphrey's facts did not support the claims alleged, the claims alleged were not supported by law, and Humphrey did not argue for a new extension of law and still does not do so. Humphrey's counsel is an experienced civil rights attorney and should never have brought, or at least, should not have continued Humphrey's claims after counsel was put on notice of the failings of the claims through pleadings filed and Rule 11 letters received. For these reasons, defendants assert that the reasonable conclusion is that the suit was brought for inappropriate purposes (i.e. retaliation and to cause defendants to incur expense) and in bad faith. However, this Court need not find bad faith to award attorney's fees, but merely that Plaintiff's case is frivolous, unreasonable, and groundless.

Plaintiff attempts to lead this Court to conclude that attorneys' fees should not be awarded by citing several cases, but Plaintiffs' cases are inapposite. *SnugglyCat, Inc. v. Opfer Communs., Inc.*, 953 F.3d 522 (8th Cir. 2020) is a Lantham Act case, which has its own "prevailing party" standard for attorneys' fee awarded and is not applicable here. *United States v. Thirty-Two Thousand Eight Hundred Twenty Dollars & Fifty-Six Cents ($32,820.56) in United*

7

*States Currency*, 838 F.3d 930 (8th Cir. 2016) is a Civil Asset Forfeiture Reform Act case, which has its own prevailing party standard for attorney's fee awards that do not apply here.  Plaintiff quotes a statement by the colorful Judge Wilson in *Day v. Case Credit Corp.*, 2007 U.S. Dist. LEXIS 12465 (E.D. Ark. 2007), but that case does not stand for the proposition that an award of attorneys' fees is not appropriate upon a dismissal without prejudice in a § 1988 case. *Day* involved a contract claim and whether the facts of the case gave rise to an implied contract had not been decided at the time of the motion for attorneys' fees.  *Id.* In *Advantage Media, LLC v. City of Hopkins,* 511 F.3d 833 (8th Cir. 2008), attorneys' fees were not awarded to Advantage for prevailing on a preliminary injunction because the City ultimately prevailed in the case. Plaintiff cites *Motor Control Specialties, Inc. v. Lab and Indus. Rel. Comm's*, 323 S.W.3d 843 (Mo. Ct. App. 2010) for the principle that "a litigant may be the prevailing party even if he obtains a dismissal without prejudice of the cause against him with the plaintiff abandons the claim and the litigant thereby receives a benefit."  That case is not precedent here, but it does go on to state that a litigant may also be the prevailing party when he obtains settlement, a voluntary dismissal of a groundless complaint, or a favorable decision on a single issue if the issue is one of significance to the underlying case. *Id.*

On the other hand, the Eastern District of Arkansas awarded attorneys' fees to defendants in a §1988 case in *Flowers v. Jefferson Hosp. Ass'n*, 1993 U.S. Dist. LEXIS 20992 (E.D. Ark. 1993).  The Court found that plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith because a) plaintiff alleged race was a motivating factor but offered no credible support for that belief and b) offered only two unsupported opinions and misleading statistics in support of his case. *Id.*   In *Whitson v.*

*Marriott Hotel Servs.,* 2002 U.S. Dist. LEXIS 22874 (E.D. Mo. 2002), the Court awarded attorneys fees to defendant noting that the court took judicial notice that plaintiff filed other meritless employment discrimination actions in the court, attesting to his penchant for bringing such suits and knowledge of the basic legal principles that apply to this type of lawsuit. LRFOP, Board and Committee Members similarly requests that this Court take note of counsel at bar's similar complaint filings and practices in this case.

In *Ferebee v. Smith*, the United States District Court for the District of South Dakota, a very similar case to the case at bar, the court followed *Flowers* in awarding attorneys' fees pursuant to § 1988 to the defendants because plaintiff's claims were frivolous, unreasonable, and groundless. 2006 U.S. Dist. LEXIS 108289. The *Ferebee* defendants asserted they are all private citizens, and plaintiff knew that. *Id.* Because no evidence existed to point to joint activity between them and any state actors and plaintiff was aware of that, plaintiff's action pursuant to 42 U.S.C. § 1983 "was unsupported by existing law, making the suit unfounded, frivolous, and unreasonable and justifying an award of attorney fees." *Id.* at *4. Likewise, in the case at bar, there is no factual support for the allegations of joint actions between LRFOP, Board, and Committee Members and any state actor, and an attorneys' fee award to defendants is similarly appropriate. Defendants prevailed, as the Amended Complaint was dismissed.

Likewise here, Plaintiff's case has been dismissed, as it lacked factual and legal support. Thus, defendants have prevailed as to Humphrey's Complaint and Amended Complaint. If Plaintiff files a better case later, that will be a separate issue and must be analyzed on its own merits at that time, but that does not change the prevailing status of defendants on the current action.

In addition to this Court's ability to award attorneys' fees pursuant to § 1988, the Court has the inherent power to award attorneys' fees. *Niemeyer v. Store Kraft Mfg. Co.,* 2012 U.S. Dist. LEXIS 92032 (Dist. Neb. 2012). LRFOP, Board and Committee Members request that this Court exercise its inherent power to award attorneys' fees in the alternative if this Court determines it is the more appropriate vehicle for such an award.

## **CONCLUSION**

Humphrey's Complaint and Amended Complaint imposed upon LRFOP, Board and Committee Members the obligation to employ the services of attorneys, file pleadings and submit to litigation that was frivolous, unreasonable, and groundless. LRFOP, Board and Committee Members prevailed and should be awarded reasonable attorneys' fees and expenses of litigation in the amount of $48,037.25 or an amount that this Court deems just and equitable.

WHEREFORE, Defendants, LRFOP, Board and Committee Members pray that the Court award them their attorneys' fees and costs, against the Plaintiff and his Counsel.


Respectfully,

Chad Cumming &
Debby Linton Ferguson
Gill Ragon Owen, P.A.
425 West Capitol Ave. Ste. 3800
Little Rock, Arkansas 72201
Phone: (501)376-3800
ferguson@gill-law.com
cumming@gill-law.com

and

        Lance LoRusso
        LoRusso Law Firm, P.C.
        1827 Powers Ferry Rd. SE
        Building 8 Ste. 200
        Atlanta, GA 30339
        Phone: (770) 664-2378
        lance@lorussolawfirm.com


By:    *Debby Linton Ferguson*
     Debby Linton Ferguson (Ark. Bar No. 2001146)
     Chad Cumming (Ark. Bar No. 2008028)
     Attorneys for Defendants LRFOP, Board and Committee Members

### CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2021, I electronically filed a true and correct copy of the foregoing with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to all the registered users including:

Michael J. Laux
Laux Law Group
400 W. Capitol Ave., Ste. 1700
Little Rock, AR 72201
501-242-0750
mlaux@lauxlawgroup.com
Attorney for Plaintiff

                *Debby Linton Ferguson*
                Debby Linton Ferguson