IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**KEITH HUMPHREY**                                                                 **PLAINTIFF**

V.                                             4:20CV001158 JM

**ALICE FULK, individually,**
**And in her official capacity,**
**CRISTINA PLUMMER, individually,**
**HAYWARD FINKS, individually,**
**And in his official capacity,**
**DUANE FINKS, individually,**
**REGIANLD PARKS, individually,**
**LITTLE ROCK FRATERNAL ORDER OF**
**POLICE, LODGE #17, a non-profit corporation,**
**RONNIE MORGAN, individually,**
**ERIK TEMPLE, individually,**
**KEVIN SIMPSON, individually,**
**KENNETH HAMBY, individually,**
**STEVE DODGE, individually,**
**MICHAEL MCVAY, individually,**
**CHRIS RINGGOLD, individually,**
**KYLE HENSON, individually,**
**TRAVIS CUMMING, individually,**
**MARK ISON, individually,**
**JOHN GILCHRIST, individually,**
**KEVIN SEXSON, individually,**
**CHARLES STARKS, individually,**
**SHELLA ATLAS-EVANS, individually,**
**MATT MURSKI, individually,**
**MOTOROLA SOLUTIONS, doing business as**
**WATCHGUARD, and**
**RUSS RACOP**                                                                     **DEFENDANTS**

## ORDER

Pending are the LRFOP Defendants' ("Defendants") motion for sanctions, docket #86 and motion for attorney fees, docket # 99. Defendants ask that the Court to sanction the Plaintiff and his counsel pursuant to Fed. R. Civ. P. 11 and to award attorney fees in the amount of $48,037.25.

Rule 11 requires all parties who file pleadings, motions and other papers in federal court to ensure "that to the best of the person's knowledge [...] formed after an inquiry reasonable under the circumstances," that the claims and arguments presented "are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law," that the "allegations and other factual contentions have evidentiary support," and that the filing was not made "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b). "[T]he standard under Rule 11 is whether the attorney's conduct, 'viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court.' " *Clark v. United Parcel Serv., Inc.*, 460 F.3d 1004, 1009 (8th Cir. 2006) (quoting *Perkins v. Spivey*, 911 F.2d 22, 36 (8th Cir. 1990)).

This was a close call, however, the court finds that although Plaintiff's claims were ultimately dismissed pursuant to Fed. R. Civ. P. 12(b)(6), the Court does not find that they were frivolously filed, made for improper purpose or filed without reasonable inquiry. Viewing the Plaintiff's attorney's conduct objectively, the Court finds no intentional or reckless disregard of the attorney's duties to the Court. Accordingly, Defendants' motion for sanctions is denied.

"A court may award prevailing defendants attorney's fees under section 1988 only if the plaintiff's claim was 'frivolous, unreasonable, or groundless, or ... the plaintiff continued to litigate after it clearly became so.'" *Flowers v. Jefferson Hosp. Ass'n*, 49 F.3d 391, 392 (8th Cir. 1995) quoting, *Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n,* 434 U.S. 412, 422, 98 S.Ct. 694, 701, 54 L.Ed.2d 648 (1978). Again, although Plaintiff's claims were not meritorious, the Court does not find that Plaintiff's claims were frivolous, unreasonable or groundless. Accordingly, Defendants' motion for attorney fees is denied.

IT IS SO ORDERED this 21st day of April, 2022.

_____
James M. Moody Jr.
United States District Judge

3